**CV 10        2173**

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Eastern District    GARAUFIS, J. |
|---|---|
| Name (under which you were convicted)<br>DENNIS COLON | Docket or Case No.:<br><br>BLOOM, M.J. |
| Place of Confinement<br><br>Clinton Correctional Facility | Prisoner No.:<br><br>06-A-4298 |

| | |
|---|---|
| DENNIS COLON _____        v. | **THOMAS LAVALLEY** |

| The Attorney General of the State of New York<br><br>Andrew Cuomo |
|---|

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are

   challenging:  Kings County Supreme Court located at 360 Adams

   Street, Brooklyn, New York 11201

   (b) Criminal docket or case number (if you know):  2518/03 (Kings County)

2. (a) Date of the judgment of conviction (if you know):  June 8, 2006

   (b) Date of sentencing:  July 20, 2006

3. Length of sentence:  30 years

4. In this case, were you convicted on more than one count or of more than one crime?

   Yes  X   No ____

5. Identify all crimes of which you were convicted and sentenced in this case:

   (1) Burglary in the First Degree, (2) Rape in the First

   Degree, (3) Sexual Abuse in the First Degree, (4) Assault

   in the Second Degree.

2

_____

_____

6. (a) What was your plea? (Check one)

        (1) Not guilty __X__        (3) Nolo contendere (no contest) __

        (2) Guilty __           (4) Insanity __

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another

count or charge, what did you pleas guilty to and what did you plea not guilty to? __

    __Petitioner herein plead not guilty to all charges.__

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    Jury __X__       Judge only __

7. Did you testify at either a pretrial hearing, trial or a post-trial hearing?

    Yes __   No __X__

8. Did you appeal, answer the following: Yes __X__  No ___

(a) Name of Court: __Supreme Court of the State of New York,__
__Appellate Division, Second Judicial Department.__

(b) Docket or case number (if you know): __2006-1095.__

(c) Result: __Conviction affirmed.__

(d) Date of result (if you know): __April 14, 2009__

(e) Citation to the case (if you know): __876 N.Y.S.2d 525__

(f) Grounds raised: __(1) Defendant's right to speedy trial was__

__violated, (2)Trial judge erred in admitting evidence related__

__to the photograph of a knife, (3) Defendant's counsel was__

__constitutionally ineffective, (4) The trial court erred in__

admitting the expert testimony of a midwife, (5) The
sentence was excessive.

9. If you did appeal, answer the following:

(a) Name of Court: New York State Court of Appeals

(b) Docket or case number (if you know): 2518/03

(c) Result: Criminal Leave Application denied

(d) Date of result (if you know): 8/18/09

(e) Citation to the case (if you know): Unknown

(f) Grounds raised: (1) Defendant received ineffective assistance of counsel, (2) Defendant's right to speedy trial was violated, (3) 30 year sentence was harsh and excessive.


(g) Did you seek further review by a higher state court?    Yes __ No X

If yes, answer the following:

(1) Name of Court: Court of appeals highest Court in New York.

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____ .

(h) Did you file a petition for certiorari in the United States Supreme Court?

Yes __ No __X__

If yes, answer the following:

    (1) Docket or case number (if you know): _____ .

    (2) Result: _____ .

    (3) Date of result (if you know): _____ .

    (4) Citation to the case (if you know): _____ .

10. Other than the direct appeals listed above, have you previously filed any other

    petitions, applications, or motions concerning this judgment of conviction in any state

    court?   Yes __ No __X__

11. If your answer to question 10 was "yes," give the following information:

(a)    (1) Name of Court: _____ .

    (2) Docket or case number (if you know): _____ .

    (3) Date of result (if you know): _____ .

    (4) Citation to the case (if you know): _____ .

    (5) Grounds raised: _____

_____

_____

_____

_____

_____ .

5

(6) Did you receive a hearing where evidence was given on your petition,

application, or motion?   Yes __   No X

(7) Result: _____.

(8) Date of Result: _____.

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of Court: _____.

    (2) Docket or case number (if you know): _____.

    (3) Date of result (if you know): _____.

    (4) Citation to the case (if you know): _____.

    (5) Grounds raised: _____

_____

_____

_____

_____

_____.

(6) Did you receive a hearing where evidence was given on your petition,

application, or motion?   Yes __   No X

(7) Result: _____.

(8) Date of Result: _____.

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of Court: _____.

    (2) Docket or case number (if you know): _____.

    (3) Date of result (if you know): _____.

(4) Citation to the case (if you know): _____.

(5) Grounds raised: _____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition,

application, or motion?   Yes __   No X

(7) Result: _____.

(8) Date of Result: _____.

(d) Did you appeal to the highest state court having jurisdiction over the action taken on

your petition, application, or motion?

    (1) First petition:    Yes __   No __

    (2) Second petition:    Yes __   No __

    (3) Third petition:    Yes __   No __

(e) If you did not appeal to the highest state court having jurisdiction, explain why you

did not: _____

_____

_____

12. For this petition, state every ground on which you claim you are being held in

    violation of the Constitution, laws, or treaties of the United States. Attach additional

    pages if you have more than four grounds. State the facts supporting each ground.

7

## PETITION GROUNDS

__GROUND ONE__: THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL TRIAL WAS VIOLATED.

(a) **Supporting facts** (*Do not argue or cite law. Just state the specific facts that support your claim.*): The prosecution was not ready for trial within the six month statutory time period of the commencement of the felony action against the petitioner, the prosecutor delyed in turning over the Grand Jury minutes from May 1, 2003 until August 8, 2003, a period of 99 days, the prosecution was unready from May 1, 2003 until August 8, 2003 because its conduct presented an insur-mountable barrier to commencement of trial, a motion was made by defense counsel (**see attached continuation page 8-A**)

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

All state remedies were exhausted!

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes __X__   No __

(2) If you did __not__ raise this issue in your direct appeal, explain why: _____

## Continuation of Ground One - Speedy Trial Issue

The trial judge recognized that the **"McKenna"** standard rendered the People's trial readiness an "empty declaration" insufficient to satisfy the speedy trial statute, (see Decision and Order dated July 26, 2005 at 3).

The trial judge then attempted to carve out an exception to the "McKenna" rule holding that: "the period is not properly charged to the people as they had a motion pending during this period." The motion at issue was by the prosecution, seeking to compel the defendant to give a blood sample, therefore the prosecution was "unready" for trialduring the period of May 1st. through August 8th., any occurrences that would not ordinarily impair an otherwise valid statement of readiness are not relevent and the prosecution should have been charged with this time.

The trial judge erred in charging only 14 days from June 10, 2004 to February 4, 2005; On March 18, 2004 the trial judge directed the Office of the Chief Medical Examiner to perform DNA testing on various items apparently believed to be in the custody of their office. On April 15, 2004 the prosecution advised the Court that the order had been served upon the OCME, subsequently the prosecution advised that these items had been sent back to and apparently retained byt the police, the prosecution did not advise the court of this confusion unitl October 21, 2004, **(see continuation attached hereto as Page 8-B).**

**8-A**

## Continuation of Ground One - Speedy Trial Issue

Thereby stating that the items would be returned to the OCME, (Decision and Memorandum at 3).  The case was adjourned repeatedly due to this delay, finally on February 4, 2005 the items had been transferred to the OCME and the testing had been completed (Decision and Memorandum at 3-4).

The defendant argued below that the full 239 days should have been chargeable to the prosecution, as the delay was caused by the prosecution's failure to ensure that the items for testing were transferred to the OCME, the prosecution countered that the defendant's due process rights were not violated by the lengthy delay, the trial court agreed and charged an arbitrary 14 day period from January 1st. through February 5th. to the prosecution; whereby the petitioner herein alleges and avers that if the 14 day period was chargeable to the prosecution, then the period between October 21, 2004 and January 14, 2005 should have been chargeable to the prosecution as well.

The prosecution conceded that 10 days from April 6, 2003 through April 15 were chargeable to them.  Tallying the 10 days pre-indictment with the 99 days occassioned by the delay in providing Grand Jury minutes, the 86 days due to the delay from October 21st. through January 14th. and the final 14 days charged by the trial judge totals 209 days, more than the maximum six months allowable by New York State statute.  **(see continuation attached hereto as Page 8-C).**

8-B

## Continuation of Ground One - Speedy Trial Issue

The three (3) year delay denied the petitioner his constitutional right to a speedy trial, the overwhelming extent of the three year delay, as well as the reasons for the delay - a prosecution that repeatedly stalled matters by not giving up Grand Jury minutes and by not providing items to the OCME for testing, weigh heavily in the petitioner's favor.  While the second and third factors do not balance towards the petitioner, the trial court erred in finding that the delay did not impair the defense, in light of the foregoing, the defendant's constitional right to a speedy trial was violated and a writ of habeas corpus should be issued and granted.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for

habeas corpus in a state court?   Yes ___   No **X**

(2) If your answer to question (d) (1) is "yes," state:

Type of motion or petition: _____.

Name and location of the court where the motion or petition was filed: _____

_____

_____.

Docket or case number (if you know): _____.

Date of the court's decision: _____.

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____.

(3) Did you receive a hearing on your motion or petition?  Yes ___  No ___

(4) Did you appeal from the denial of your motion or petition? Yes ___  No ___

(5) If your answer to question (d) (4) is "yes," did you raise this issue in the

appeal?  Yes ___  No ___

(6) If your answer to question (d) (4) is "yes," state:

Name and location of the court where the motion or petition was filed: _____

_____

_____.

Docket or case number (if you know): _____.

Date of the court's decision: _____.

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____.

(7) If your answer to question (d) (4) or question (d) (5) is "no," explain why you
did not raise this issue: _____

_____

_____.

(e) Other remedies: Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

This issue was raised on direct appeal and to the New York
State Court of Appeals.

_____.

**GROUND TWO**:    The trial judge erred in admitting evidence
related to the photograph of a knife.

_____.

(a) **Supporting facts** (*Do not argue or cite law. Just state the specific facts that support
your claim.*): The prosecution improperly destroyed a knife
that had been seized from the petitioner's home.  The defendant
lost the opportunity to have the knife fingerprinted, or
to demonstrate that the knife was ornamental or otherwise

harmless, since the defendant wished to contest the consent
issue, the missing knife affected his defense adversely;
**(see continuation attached hereto as Page 10-A)**

10

## Continuation of Ground two - Picture of Knife Issue

The petitioner herein alleges and avers upon the facts contained in the trial record that when the prosecutor fails to preserve potential evidence the court may fashion an appropriate response to eliminate any prejudice to the defendant while protecting the interests of society, and when the defendant is deprived of potentially valuable material for his affirmative defense as to a charge, and instructions to the jury cannot rectify the prejudice, it would be unfair to subject the defendant to a new trial on the charge, by destroying evidence and showing a picture of a knife to the jury, the petitioner's right to a fair trial was violated.

10-A

_____

_____.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____.

(c) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

Yes **X** No __

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____.

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for

habeas corpus in a state court?   Yes __   No **X**

    (2) If your answer to question (d) (1) is "yes," state:

Type of motion or petition: _____.

Name and location of the court where the motion or petition was filed: _____

_____

_____.

Docket or case number (if you know): _____.

Date of the court's decision: _____.

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition? Yes __   No __

(4) Did you appeal from the denial of your motion or petition? Yes __   No __

(5) If your answer to question (d) (4) is "yes," did you raise this issue in the appeal? Yes __   No __

(6) If your answer to question (d) (4) is "yes," state:

Name and location of the court where the motion or petition was filed: _____

_____**N/A**_____

_____.

Docket or case number (if you know): _____.

Date of the court's decision: _____.

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____.

(7) If your answer to question (d) (4) or question (d) (5) is "no," explain why you did not raise this issue: _____

_____

_____.

(e) Other remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

_____

_____

_____.

**GROUND THREE**: Petitioner's counsel was constitutionally ineffective.

(a) **Supporting facts** (*Do not argue or cite law. Just state the specific facts that support your claim.*): The defense attorney promised, in his opening statement to establish that the "sexual encounter between the complainant and the petitioner was consensual and that the complainant agreed to have sex with him. Defense counsel in no way lived up to that pledge. The defense put on no proof whatsoever to suggest that the encounter was consensual and elicited nothing from the prosecution witnesses tending to demonstrate

**(see continuation attached hereto as Page 13-A).**

(b) If you did not exhaust your state remedies on Ground Three, explain why: Petitioner exhausted all available state remedies concerning this issue.

(c) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes _X_  No __

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

## Continuation of Point Three - Ineffective Counsel

an agreement to have sex on the part of the complaining witness, being that the defense was predicated upon a "consensual sexual encounter."

Defense counsel gratuitously set up the jury for a consent defense and did not deliver; nothing in the record indicates that, for example, witnesses became unavailable in an unforseen manner, or that counsel reconsidered calling witnesses for sound strategic reasons, it was inexcusable to have given the matter so little thought at the outset to have made a promise to prove consent and then totally abandon this defense which adversely affected the petitioner causing prejudice and a violation of the petitioner's sixth amendment right to a fair trial.

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for

habeas corpus in a state court?   Yes __   No X

    (2) If your answer to question (d) (1) is "yes," state:

Type of motion or petition: _____.

Name and location of the court where the motion or petition was filed: _____

_____N/A_____

_____.

Docket or case number (if you know): _____N/A_____.

Date of the court's decision: _____.

Result (attach a copy of the court's opinion or order, if available): _____

_____N/A_____

_____.

    (3) Did you receive a hearing on your motion or petition?   Yes __   No X

    (4) Did you appeal from the denial of your motion or petition?   Yes __   No X

    (5) If your answer to question (d) (4) is "yes," did you raise this issue in the

appeal?   Yes __   No __

    (6) If your answer to question (d) (4) is "yes," state:

Name and location of the court where the motion or petition was filed: _____

_____N/A_____

_____.

Docket or case number (if you know): _____N/A_____.

Date of the court's decision: _____N/A_____.

Result (attach a copy of the court's opinion or order, if available): _____

_____ N/A _____

_____.

(7) If your answer to question (d) (4) or question (d) (5) is "no," explain why you

did not raise this issue: _____ N/A _____

_____

_____.

(e) Other remedies: Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

_____ No other remedies other than direct appeal of this

Matter

_____.

**GROUND FOUR**:   THE TRIAL COURT ERRED IN ADMITTING THE EXPERT

TESTIMONY OF A MIDWIFE

_____

(a) **Supporting facts** (*Do not argue or cite law. Just state the specific facts that support*

*your claim.*): Nurse Olosunde first received some training in

examining women who have been sexually assaulted in 2002, the

year before the alleged rape occurred in this matter, between

2002 and the date of her testimony, June 6, 2006 she had only

treated about twenty patients whose chief complaint was rape,

**(see continuation attached hereto as Page 15-A).**

## Continuation of Point Four - Testimony of Midwife

this witness  did not testify whether she had ever examined a
patient who had been raped prior to the complaining witness in
this matter.

The midwife in the instant case had minimal credentials,
she (Alice Olosunde) described herself as a "certified nurse midwife"
at Coney Island Hospital; through her career, her responsibilites
have included "gynecology and obstetrics, taking care of women
through pregnancy and delivering their babies at times, she also
helped women with family planning.

Defense counsel objected to the qualification of Nurse Olosunde
as an expert, but the trial court overruled the objection, allowing
the nurse to give an opinion as to the sexual assault examination;
she testified that a bruise, which she observed at the entry
of the vagina was consistent with forseable vaginal sexual penetration,
she also testified that she performed a rape kit on the complaining
witness on March 26, 2003.

On cross examination, she conceded that the one centimeter
bruise she had observed outside the complaining witness' vagina
could happen as a result of forceful and vigorous sex.

The petitioner alleges and avers that the lower court erred
in allowing Nurse Olosunde to express these opinions, she had
minimal credentials, none of her testimony was based upon accurate
medical protocol or scientific fact as required by law, her testimony
prejudiced the petitioner by her opinion that the sex was non-
consensual, thereby requiring a new trial due to the harm and
prejudice the petitioner suffered due to her testimony.

_____

_____ .

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____ .

(c) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes <u>X</u>   No __

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____ N/A _____

_____ .

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for

    habeas corpus in a state court?   Yes __   No <u>X</u>

    (2) If your answer to question (d) (1) is "yes," state:

    Type of motion or petition: _____ .

    Name and location of the court where the motion or petition was filed: _____

_____ N/A _____

_____ .

    Docket or case number (if you know): _____ N/A _____ .

    Date of the court's decision: _____ .

    Result (attach a copy of the court's opinion or order, if available): _____

_____

16

(3) Did you receive a hearing on your motion or petition? Yes __   No _X_

(4) Did you appeal from the denial of your motion or petition? Yes __   No __

(5) If your answer to question (d) (4) is "yes," did you raise this issue in the appeal? Yes __   No __

(6) If your answer to question (d) (4) is "yes," state:

Name and location of the court where the motion or petition was filed: _____

_____ N/A _____

_____.

Docket or case number (if you know): _____.

Date of the court's decision: _____.

Result (attach a copy of the court's opinion or order, if available): _____

_____ N/A _____

_____.

(7) If your answer to question (d) (4) or question (d) (5) is "no," explain why you did not raise this issue: _____ N/A _____

_____

_____.

(e) Other remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

__ This Ground was raised in petitioner's direct appeal. _____

_____

_____.

17

**POINT FIVE**

THE SENTENCE WAS EXCESSIVE

Facts: The trial judge sentenced the petitioner to thirty (30) years determinate, despite this being the petitioner's first offense, whereby the maximum sentence allowed by law is twenty-five (25) years for each violent B Felony [N.Y. P.L. § 70.02(3)(a)]; which carries a sentence of no less than 8 and one-third nor no more than 25 years, and the petitioner was given an illegal sentence of 30 years making his sentence unconstitutional and violative of the 8th. amendment and 14th. amendment.

The petitioner was sentenced to 25 years for the Rape in the First Degree Charge and the Burglary first degree (concurrent) and an additional consecutive five years for the sex abuse in the first degree charge; concurrent with five years for assault second degree, whereby the sentence was excessive by law and should be reduced in the interests of justice.

17-A

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   Yes X   No __

If your answer is "no," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:    All grounds exhausted

_____

_____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction you challenge in this petition?   Yes __   No X

If "yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinions or orders, if available.    N/A

_____ N/A _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  Yes __  No _X_

If "yes," state the name of the court, the docket or case number, the type of proceeding, and the issues raised. _____ N/A _____

_____

_____

_____

16  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: _____ Unknown at this time _____

    _____

    (b) At arraignment and plea: _____ Unknown at this time _____

    _____

    (c) At trial: _____

    _____

    (d) At sentencing: _____

    _____

(e) On appeal: <u>Wiseman & Hoffman, Attorneys at Law,</u>

<u>460 Park Ave. South, 4th. Floor, N.Y. N.Y. 10016</u> .

(f) In any post-conviction proceeding: <u>N/A</u>

_____.

(g) On appeal from any ruling against you in a post-conviction proceeding:

<u>N/A</u>

_____.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes __ No <u>X</u>

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: <u>N/A</u>

_____

_____

(b) Give the date the other sentence was imposed: _____

<u>N/A</u>

(c) Give the length of the other sentence: <u>N/A</u>

_____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes __ No <u>X</u>

18. **TIMELINESS OF PETITION**:  If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition. <u>Within AEDPA Time Limit</u>

_____   **N/A**   _____

_____

_____

_____

*The antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244 (d) provides in par that:

(1) A one-ear period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of —

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action.

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

      Therefore, petitioner asks that the Court Grant the following relief:

Vacate petitioner's conviction and dismiss indictment, or in the alternative remand to state court for a new trial, or any such other further relief to which petitioner may be entitled.

      I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

_____.

Executed on _____

SWORN TO BEFORE ME THIS **3**
DAY OF **May** **2010**

NOTARY PUBLIC

PATRICK SUMMO
NOTARY PUBLIC, STATE OF NEW YORK
NO.: 01SU6215066
QUALIFIED IN ESSEX COUNTY
COMMISSION EXPIRES _____ 12/21/2013

Signature of Petitioner
**Dennis Colon**
**D.I.N. 06A4298**
**Clinton Correctional Facility**
**P.O. Box 2001**
**Dannemora, New York 129**

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------

DENNIS COLON,                                    **AFFIDAVIT OF SERVICE**

                        Petitioner,


              -against-


THOMAS LAVALLEY, Superintendent of the
Clinton Correctional Facility.
-----------------------------------------


STATE OF NEW YORK )
                  )     ss.:
COUNTY OF CLINTON )


     **DENNIS COLON**, after first being duly sworn, deposes and
says that:

     On the ____ day of _____, 2010 I placed the following
legal documents, consisting of: **Petition For A Writ of Habeas
Corpus pursuant to the provisions of 28 U.S.C. § 2254** into the
hands of employees of the Clinton Correctional Facility, to be
served upon the following party via U.S. Mail Service:

                    Mr. Charles J. Hynes
                Kings County District Attorney
              Rennaissance Plaza - 350 Jay Street
                Brooklyn, New York 11201-2908

Dated: _____
       Clinton County, New York


                              Respectfully yours,

                    /S/ _Dennis Colon_____
                    Dennis Colon - Petitioner Pro Se
                    D.I.N. 06-A-4298
                    Clinton Correctional Facility
                    P.O. Box 2001
                    Dannemora, New York 12929

Sworn to and subscribed before me
this 3 day of May, 2010

_____
        Notary Public

PATRICK SUMMO
NOTARY PUBLIC, STATE OF NEW YORK
NO.: 01SU6215086
QUALIFIED IN ESSEX COUNTY · 12/21/2013
COMMISSION EXPIRES _____