UNITED STATES DISTRICT COURT                              MJD 3912
EASTERN DISTRICT OF NEW YORK
<u> </u>

 DENNIS COLON,

                          Petitioner,          <u>AFFIDAVIT IN OPPOSITION</u>
                                               <u>TO PETITION FOR A WRIT</u>
             -against-                         <u>OF HABEAS CORPUS</u>

                                               10-cv-2173 (NGG)
THOMAS LAVALLEY, Superintendent of
Clinton Correctional Facility,

                          Respondent.

MORGAN J. DENNEHY affirms as follows:

1.   I am an Assistant District Attorney of counsel to Charles J. Hynes, the District Attorney of Kings County.  I am admitted to practice in New York State and before this Court.

2.   By agreement with the Attorney General of the State of New York, the District Attorney of Kings County will represent the respondents in the above-captioned matter.

3.   This affidavit is submitted in opposition to petitioner's <u>pro</u> <u>se</u> petition for a writ of <u>habeas</u> <u>corpus</u>, dated May 3, 2010.  The following statements are made on information and belief based on the records and files of the Kings County District Attorney's Office.

4.   On March 26, 2003, at 8:00 a.m., Vera Krioutchkova was in her Brooklyn apartment when she received a telephone call from a man who claimed that he was a plumber who had been hired to fix

her pipes.  Krioutchkova was relieved, because she had persistent leaks in her bathroom, and had complained about them to her landlord.  About fifteen minutes later, petitioner (hereinafter "defendant") appeared at the apartment and looked at the leaky pipes.  Defendant said that he would return later that day to make the repairs, and as he was leaving the apartment, he turned around, brandished a knife, threatened to kill Krioutchkova, and brought her to a bedroom.  Defendant threw Krioutchkova on the bed, spread her legs, and put his hand inside her vagina.  Defendant then put his penis inside Krioutchkova's vagina, slapped her in the face, and ejaculated.

While Krioutchkova was being treated at the hospital hours after the rape, defendant left a message on her answering machine saying that he was sorry.  Defendant called a second time about a week later and told Krioutchkova that he loved her body and asked her if she was wearing the same nightgown from the morning of the rape.  The police traced the calls to defendant's apartment and, after his arrest, recovered a knife from defendant's bedroom that Krioutchkova identified as the same one that was used in the attack.  In addition, the police procured a saliva sample from defendant, and the DNA from the sample was the same as the DNA that was extracted from the semen that was present on Krioutchkova's comforter and on a swab from her rape kit.

5.   For these crimes, defendant was charged, under Kings County Indictment Number 2518/2003, with one count each of Rape in the First Degree (N.Y Penal Law § 130.35[1]), Assault in the Second Degree (N.Y Penal Law § 120.05[6]), and Criminal Possession of a Weapon in the Fourth Degree (N.Y Penal Law § 265.01[2]), and two counts each of Burglary in the First Degree (N.Y Penal Law §§ 140.30[2], [3]) and Sexual Abuse in the First Degree (N.Y Penal Law § 130.65[1]).

6.   Defendant was convicted, after a jury trial, of one count each of Rape in the First Degree (N.Y Penal Law § 130.35[1]), Burglary in the First Degree (N.Y Penal Law § 140.30[3]), Assault in the Second Degree (N.Y Penal Law § 120.05[6]), and Sexual Abuse in the First Degree (N.Y Penal Law § 130.65[1]).

7.   On July 20, 2006, defendant was sentenced to concurrent prison terms of twenty-five years for the rape, twenty-five years for the burglary, and five years for the assault, to run consecutively to a five-year prison term for the sexual abuse (Sullivan, J., at trial and sentence).

8.   Defendant applied to the, for permission to appeal from the June 18, 2004 decision and order.  By decision and order dated September 8, 2004, defendant's application was denied (Adams, J.).

3

9.   Defendant appealed from his judgment of conviction to the New York Supreme Court, Appellate Division, Second Department (hereinafter "Appellate Division").  See N.Y. Crim. Proc. Law § 450.10(1).  In his brief, defendant raised the following claims:

1.   Defendant statutory and constitutional right to a speedy trial was violated by the delay between the filing of the felony complaint and the commencement of trial;

2.   The court improperly admitted a photograph of, and testimony about, a knife that was recovered by the police from defendant's bedroom which was identified by the victim as the knife that was used during the rape, because the actual knife was destroyed, and the defense lost the opportunity to have the knife fingerprinted, or to demonstrate that the knife was ornamental;

3.   Defendant's trial counsel was ineffective because counsel told the jury in his opening statement that defendant and the victim had had consensual sex, but counsel failed to adduce any evidence to support that defense;

4.   The court's qualification as an expert witness of Alice Olosunde, the midwife who treated Vera Krioutchkova at the hospital, was erroneous because Olosunde was unqualified; and

5.   Defendant's five-year prison term for the sexual abuse count was improperly imposed consecutively to the other concurrent prison terms because that crime was not a

> separate and distinct act, and
> defendant's aggregate thirty-year
> prison sentence was excessive.

10. By decision and order dated April 14, 2009, the Appellate Division unanimously affirmed defendant's judgment of conviction. People v. Colon, 61 A.D.3d 772, 876 N.Y.S.2d 525 (2d Dep't 2009). The Appellate Division held that defendant was not deprived of his statutory or constitutional right to a speedy trial, and that defendant's claim regarding the admission of evidence concerning the destroyed knife was unpreserved for appellate review and, in any event meritless, because defendant had failed to establish that he was prejudiced by the knife's destruction. Id. The Appellate Division further held that defendant's counsel had provided meaningful representation, and that considering the midwife's training and twenty-seven years of experience, the court properly exercised its discretion in permitting her to provide expert testimony. Id at 772-73, 526-27. Finally, the Appellate Division held that the imposition of consecutive sentences for the rape and the sexual abuse was proper, because each act was separate and distinct, and that defendant's sentence was not excessive. Id.

11. Defendant applied for permission to appeal from the Appellate Division to the New York Court of Appeals. See N.Y. Crim. Proc. Law §§ 450.90, 460.20. By decision and order dated August 18, 2009, a judge of the Court of Appeals denied defendant

permission to appeal further. <u>People v. Colon</u>, 13 N.Y.3d 743, 886 N.Y.S.2d 97 (2009) (Smith, J.).

12. By application dated May 3, 2010, defendant now petitions this Court for a writ of <u>habeas corpus</u>. In his petition, defendant raises the same five claims that he had raised on his direct appeal. <u>See supra</u> at ¶9.

13. In accordance with this Court's June 10, 2010 order to show cause, the following documents are being electronically filed and hard copies are being forwarded to the Court with this affidavit and Memorandum of Law: 1) the Appellate Division briefs; 2) the motions and transcripts related to defendant's speedy trial claim; and 3) and the trial transcript.

14. I certify under penalty of perjury that the foregoing is true and correct.

For the reasons stated in the accompanying Memorandum of Law, defendant's petition for a writ of <u>habeas corpus</u> should be denied.

Dated: Brooklyn, New York
       July 27, 2010


                              Morgan J. Dennehy
                              Assistant District Attorney
                              (718) 250-2515


Dennis Colon

Inmate Number 06-A-4298
Clinton Correctional Facility
PO Box 2001
Dannemora, New York  12929

UNITED STATES DISTRICT COURT                               MJD 3912
EASTERN DISTRICT OF NEW YORK
_____

 DENNIS COLON,

                              Petitioner,

              -against-
                                          10-cv-2173 (NGG)

 THOMAS LAVALLEY, Superintendent of
 Clinton Correctional Facility,

                              Respondent.
_____


MEMORANDUM OF LAW


POINT I

DEFENDANT'S CLAIM REGARDING THE PEOPLE'S
ALLEGED VIOLATION OF NEW YORK CRIMINAL
PROCEDURE LAW § 30.30 DOES NOT RAISE A
FEDERAL QUESTION.   MOREOVER, DEFENDANT WAS
NOT DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO A
SPEEDY TRIAL.


As the first ground in support of his habeas corpus

petition, defendant claims that People failed to satisfy their

statutory obligation by commencing the trial within six months as

required by New York Criminal Procedure Law § 30.30.   Defendant

also claims that the delay violated his federal constitutional

right to a speedy trial.   To the extent that defendant is

claiming that the People violated a state statute, that claim

does not present a federal question and can not provide a basis

federal habeas relief.   Moreover, defendant was not denied his federal Sixth Amendment right to a speedy trial.

Because the right to a speedy trial set forth in New York Criminal Procedure Law § 30.30 arises solely from state statutory law, a denial of that right does not violate the Federal Constitution.   Therefore, defendant's claim that he was denied the right to a speedy trial based upon an alleged violation of New York Criminal Procedure Law § 30.30 provides no basis for granting a writ of habeas corpus in this case.   See Collins v. Scully, 878 F. Supp. 452, 461 (E.D.N.Y. 1995) (defendant's claim that he was denied his state statutory right to a speedy trial was not reviewable in a federal habeas proceeding); see generally Mirrer v. Smyley, 703 F. Supp. 10, 11-12 (S.D.N.Y.) (defendant's claim that he was denied his state statutory right to testify in the grand jury was not reviewable in habeas proceeding), aff'd, 876 F.2d 890 (2d Cir.), cert. denied, 493 U.S. 850 (1989); Morrison v. McClellan, 903 F. Supp. 428, 429 (E.D.N.Y. 1995) (defendant's claim that the prosecution violated his state

common-law right to discovery was not reviewable in a federal habeas proceeding).[1]

Moreover, defendant has failed to establish that he was denied his federal constitutional right to a speedy trial. In determining whether a defendant has been deprived of his federal constitutional right to a speedy trial, a court should consider four factors: the length of the delay, the reasons for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972); Rayborn v. Scully, 858 F.2d 84, 89 (2d Cir. 1988), cert. denied, 488 U.S. 1032 (1989).

Here, each factor supports the conclusion that defendant's constitutional right to a speedy trial was not violated. First, even though the three-year delay between the filing of the felony complaint and the commencement of trial is not insignificant, much of the delay was caused by defendant's own request to have evidence tested for DNA, presumably in the hope that the testing would inculpate another perpetrator. See the People's Appellate Division Brief at 10-18. Moreover, defendant was accused of tricking his way into the victim's apartment and violently raping

---

[1] In any event, defendant's claim that the People failed to comply with New York Criminal Procedure Law § 30.30 is meritless. The People had 183 days from the filing of the felony complaint to commence trial. Considering the periods that were excludable under New York Criminal Procedure Law § 30.30(4), the People were

her, and he was at liberty for almost the entire three-year period.   Finally, defendant can not articulate any prejudice suffered as a result of the delay.   Indeed, he has never even alleged any specific prejudice, either in his motion papers below, in his brief on his direct appeal, or in his <u>habeas</u> <u>corpus</u> petition.

Thus, considering all of the aforementioned factors, defendant has not established a violation of his constitutional right to a speedy trial.   <u>See</u> <u>Barker</u>, 407 U.S. at 533-34 (5-year delay did not give rise to a constitutional speedy trial violation).   Accordingly, to the extent that his <u>habeas</u> petition is based upon this claim, the petition should be denied.

---

only responsible for 52 days -- well below the 183 days allowed. <u>See</u> the People's Appellate Division Brief at 10-18.

POINT II

DEFENDANT'S CLAIM REGARDING THE ADMISSION OF
EVIDENCE CONCERNING THE KNIFE THAT WAS USED
DURING THE RAPE IS PROCEDURALLY BARRED AND
MERITLESS.   IN ANY EVENT, ANY ERROR WAS
HARMLESS.

As the second ground in support of his habeas petition, defendant claims that the court improperly admitted a photograph of, and testimony about, a knife that was recovered by the police from defendant's bedroom which was identified by the victim as the knife that was used during the rape.  Defendant contends that preclusion of evidence concerning the knife was warranted because the actual knife was destroyed, and the defense was prejudiced by the destruction because "defendant lost the opportunity to have the knife fingerprinted, or to demonstrate that the knife was ornamental or otherwise harmless."  Defendant's habeas petition at Ground Two.  Defendant's claim is procedurally barred from review.  Moreover, the claim is meritless.  In any event, any error was harmless.

Review of defendant's claim, that the court improperly admitted evidence concerning the destroyed knife, is procedurally barred.  A federal court, when reviewing a habeas corpus petition from a state prisoner, cannot consider the merits of a federal constitutional claim when the state court refused to review the merits of the claim on an adequate and independent state ground.

Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991); Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Wainwright v. Sykes, 433 U.S. 72, 81 (1977).  In this case, the Appellate Division, Second Department, denied defendant's evidentiary error claim on the basis of an adequate and independent state ground.

On his direct appeal, defendant raised the same claim concerning the knife that he raises here.  See Defendant's Appellate Division Brief at 9-11.  In their brief to the Appellate Division, the People responded that the claim should not be considered because defendant had not complied with New York State's contemporaneous objection rule, and that, in any event, the claim was meritless.  See the People's Appellate Division Brief at 21-24.  Under New York State's contemporaneous objection rule, in order to preserve a claim of error for appellate review, a party must voice a specific objection to the error "at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same."  C.P.L. § 470.05(2); see People v. Luperon, 85 N.Y.2d 71, 78, 623 N.Y.S.2d 735, 738-39 (1995); People v. Lopez, 71 N.Y.2d 662, 665, 529 N.Y.S.2d 465, 466 (1988).

The Appellate Division, in its decision, found that the claim regarding the admission of evidence concerning the knife was unpreserved for appellate review.  People v. Colon, 61 A.D.3d 772, 876 N.Y.S.2d 525 (2d Dep't 2009).  Thus, the claim was

denied on the procedural ground that defendant had failed to comply with New York State's contemporaneous objection rule.  New York State's contemporaneous objection rule is an adequate and independent state ground for a decision.  Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990); Washington v. LeFevre, 637 F. Supp. 1175, 1176-77 (E.D.N.Y. 1986); see generally Wainwright v. Sykes, 433 U.S. at 85-90.  Thus, because the Appellate Division denied this claim on the basis of an adequate and independent state ground, the claim cannot be reviewed by a federal court in a habeas proceeding.  See Velasquez v. Leonardo, 898 F.2d at 9; Washington v. LeFevre, 637 F. Supp. at 1176-77.

Defendant has not specifically asserted any cause or prejudice that would excuse him from the effect of his procedural default.  See Murray v. Carrier, 477 U.S. 478, 485 (1986).  To establish cause for a procedural default, a state prisoner ordinarily must show "that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule."  Id. at 488.  Here, trial counsel reasonably declined to voice specific objections to the admission of evidence concerning the knife, because as discussed supra, the admission of the evidence was proper.  Indeed, while defendant raises an ineffective assistance of counsel claim (see supra at Point III), he does not allege as an example of the claimed ineffectiveness that counsel had improperly failed to voice a

specific objection to the admission of evidence concerning the knife.

Moreover, defendant's claim is completely meritless. Review of a state court conviction is limited to errors of constitutional magnitude which denied a criminal defendant the right to a fundamentally fair trial. Generally, erroneous evidentiary rulings of a state trial court do not rise to the level of a constitutional deprivation upon which a writ of habeas corpus may be issued. Jenkins v. Bara, 663 F. Supp. 891, 899 (E.D.N.Y. 1987). A writ of habeas corpus may issue on the basis of the erroneous admission or exclusion of evidence only where the error "was so pervasive as to have denied [the state prisoner] a fundamentally fair trial." Id. at 899.

During the prosecutor's direct examination of the victim, Vera Krioutchkova, the prosecutor sought to introduce into evidence a photograph of the knife that was recovered from defendant's bedroom (589).[2] The photograph had been shown to Krioutchkova at the police precinct stationhouse, and she had identified the knife as the same one that had been used by her attacker (Krioutchkova: 587-89). After conducting a brief voir dire, defense counsel objected to the admission of the photograph

---

[2] Parenthetical numbers refer to pages of the trial testimony. Names preceding page numbers identify the witnesses whose testimony is cited.

due to the People's alleged failure to lay a proper foundation, because, according to counsel, Krioutchkova had not recognized the unique design on the knife's handle (presumably because defendant had his hand wrapped around that portion of the knife) and, therefore, did not adequately identify the knife (590-92). The court overruled defense counsel's objection and admitted the photograph of the knife (593).

The admission of evidence concerning the knife was proper, because defendant failed to establish how he was prejudiced by the knife's destruction.  On the contrary, in his summation, defense counsel used the police's destruction of the knife to bolster the defense, because counsel argued that the destruction was an example of incompetence and was a reason why the jury should find reasonable doubt (870).  Thus, because defendant suffered no prejudice, the admission of the evidence concerning the knife was proper.

Defendant claims that he was prejudiced by the destruction of the knife because it deprived him of the ability to check the knife for fingerprints or show that the knife was "ornamental or otherwise harmless."  Defendant's claims are meritless.  First, the results of a fingerprint analysis would have been meaningless because the knife was recovered from defendant's bedroom and there was no question that it belonged to defendant.  Second, even assuming that the knife was "ornamental" or "harmless," the

testimony established that defendant used the knife in a
threatening way making the knife's ability to actually inflict
injury irrelevant.

In any event, any error in the admission of evidence
concerning the knife was harmless in light of the overwhelming
evidence of defendant's guilt.   See Brecht v. Abrahamson, 507
U.S. 619, 653 (1993).   Vera Krioutchkova testified clearly and
consistently about her harrowing ordeal.   She described how
defendant gained entry into her apartment by tricking her into
believing that he was a repairman who had been hired by her
landlord.   Once inside the apartment, defendant pulled out a
knife, threatened to kill Krioutchkova, then violently raped her.
Krioutchkova's testimony was corroborated by the medical
evidence, which was consistent with forcible vaginal intercourse.
In addition, after the rape, defendant called Krioutchkova twice,
and the police obtained the phone records which showed that the
calls had been placed from defendant's apartment.   Finally, the
DNA evidence established that defendant was the rapist, because
DNA from the semen recovered from Krioutchkova's bedspread and
from a swab in the rape kit matched the DNA from the saliva
sample that defendant had provided to the police.   Thus, even
without the admission of evidence concerning the recovered knife,
the verdict would have been the same.

Accordingly, defendant's claim alleging an evidentiary error should be rejected and his <u>habeas</u> <u>corpus</u> petition denied.

<u>POINT III</u>

<u>DEFENDANT'S TRIAL COUNSEL PROVIDED HIM WITH
MEANINGFUL REPRESENTATION</u>.

As the third ground in support of his <u>habeas</u> <u>corpus</u>
petition, defendant claims that his trial counsel provided him
with ineffective assistance.  Specifically, defendant claims that
his counsel's performance was deficient because counsel told the
jury in his opening statement that defendant and the victim had
had consensual sex, but counsel failed to adduce any evidence to
support this defense.   The state court's decision denying
defendant's ineffective assistance of counsel claim was not
contrary to, or an unreasonable application of, clearly
established Federal law.

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and
Effective Death Penalty Act of 1996 (AEDPA), a petition for a
writ of <u>habeas</u> <u>corpus</u> may be granted only if the state court's
adjudication of the prisoner's claim:

> (1) resulted in a decision that was
> contrary to, or involved an unreasonable
> application of, clearly established Federal
> law, as determined by the Supreme Court of
> the United States; or
>
> (2) resulted in a decision that was
> based on an unreasonable determination of the
> facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).

12

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained this standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrived at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13; see Clark v. Stinson, 214 F.3d 315, 321 (2d Cir. 2000) (under AEDPA, state court's ruling must be not only incorrect but also unreasonable), cert. denied, 531 U.S. 1116 (2001).  In this case, the Appellate Division reasonably rejected defendant's ineffective assistance of counsel claim.

The Federal and New York Constitutions both guarantee criminal defendants the right to effective assistance of counsel. U.S. Const., VI Amend; N.Y. Const, art. I, § 6.  Here, the evidence, the law, and the circumstances of this case, viewed together as of the time of representation, establish that defendant received meaningful representation at his trial that did not fall below any objective standard of reasonableness. Defendant has not, and cannot, meet his burden of proving to the

13

contrary.   See Strickland v. Washington, 466 U.S. 668, 669 (1984).

Contrary to defendant's assertion, defendant's attorney, Harlan Greenberg, Esq., effectively advanced the defense of consent -- the only defense that was available to him in light of Vera Krioutchkova's phone records containing defendant's telephone number and the DNA evidence recovered from Krioutchkova and the crime scene.  Counsel previewed the defense in his opening statement (531), then arguing extensively and persuasively during his summation that the Krioutchkova was an unstable and manipulative person who lied about the rape because she had an acrimonious relationship with her landlord and wanted to extract money from him in civil court (865-72).

In support of this argument, counsel referenced portions of his cross-examination of Krioutchkova during which he skillfully elicited from her that: (1) she had previously sued her landlord (Krioutchkova: 619); (2) she had been involved in two car accidents and had sued people in connection with the accidents (Krioutchkova: 624-26); (3) she had admitted in a deposition taken in connection with one of the lawsuits that she had problems remembering things (Krioutchkova: 620-22); (4) at the time of the rape, she was under psychiatric care and taking three different prescription drugs (Krioutchkova: 626-29); and (5) she

14

already had seen a lawyer about suing her landlord for the rape
(Krioutchkova:631-33).

In addition to attacking Krioutchkova's credibility, counsel
recounted the testimony about the attack and the aftermath, and
argued that defendant had not acted like a man who had raped a
woman, but rather more closely resembled a man who had had
consensual sex with a willing partner. Counsel pointed out that
defendant did not seek to hide his identity, and his telephone
call to Krioutchkova was not the act of a guilty man. Moreover,
counsel argued that defendant's cooperation with the police was
strong evidence of his innocence (872-75).

The fact that counsel ultimately was unsuccessful does not
mean that counsel was ineffective. Indeed, counsel had to
contend with significant evidence of defendant's guilt which
seriously undermined his defense. Not only was Krioutchkova
convincing in her consistent testimony about the attack, but the
medical evidence which suggested forcible intercourse and the
recovery of the knife provided significant corroboration of
Krioutchkova's account. Thus, defendant received meaningful
representation because counsel did everything he could, in the
face of this overwhelming evidence, to develop an alternative
theory which would have enabled the jury to acquit defendant of
the charged crimes.

Accordingly, because defendant's counsel provided him with meaningful representation, defendant's ineffective assistance of counsel claim should be rejected and his <u>habeas</u> <u>corpus</u> petition denied.

<u>POINT IV</u>

<u>DEFENDANT'S CLAIM REGARDING THE ADMISSION OF
THE TESTIMONY OF THE EXPERT WITNESS IS
MERITLESS.   IN ANY EVENT, ANY ERROR WAS
HARMLESS</u>.

As the fourth ground in support of his <u>habeas corpus</u> petition, defendant claims that the court's qualification as an expert witness of Alice Olosunde, the midwife who treated Vera Krioutchkova at the hospital, was erroneous because Olosunde was unqualified.  Defendant's claim is meritless.  In any event, any error was harmless.

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petition for a writ of <u>habeas corpus</u> may be granted only if the state court's adjudication of the prisoner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the Supreme Court explained this standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state

17

> court arrived at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13; see Clark v. Stinson, 214 F.3d 315, 321 (2d Cir. 2000) (under AEDPA, state court's ruling must be not only incorrect but also unreasonable), cert. denied, 531 U.S. 1116 (2001). In this case, the Appellate Division reasonably rejected defendant's claim regarding the admission of Olosunde's testimony.

Review of a state court conviction is limited to errors of constitutional magnitude which denied a criminal defendant the right to a fundamentally fair trial. Generally, erroneous evidentiary rulings of a state trial court do not rise to the level of a constitutional deprivation upon which a writ of habeas corpus may be issued. Jenkins v. Bara, 663 F. Supp. 891, 899 (E.D.N.Y. 1987). A writ of habeas corpus may issue on the basis of the erroneous admission or exclusion of evidence only where the error "was so pervasive as to have denied [the state prisoner] a fundamentally fair trial." Id. at 899.

Here, the trial court reasonably exercised its discretion in determining that Olosunde possessed the requisite skill, training, education, knowledge, or experience to render reliable medical opinions. Before asking the court to qualify Olosunde as an expert, the prosecutor elicited from her the following credentials:

(1) she received a Bachelor of Science Degree from Long Island University and a Master of Arts Degree in teaching of nursing and a Master of Science Degree in midwifery from Columbia University;

(2) she completed an internship at Downstate Medical Center;

(3) from 1979 through 1984, she worked at the University of Medicine and Dentistry in New Jersey, where she taught midwifery for five years;

(4) she worked as a midwife at the Columbia University Family Care Center where she provided care for women through pregnancy, including delivering their babies;

(5) she was licensed and certified in New York State as a nurse practitioner in 1990, and was board certified as a midwife;

(6) from 1988 to 1991, she worked at Coney Island Hospital as a certified nurse midwife providing OB-GYN care;

(7) she then worked at St. Mary's Hospital as chief midwife performing the same OB-GYN care;

(8) she received training for sexual assault forensic examination in 2002, and was certified by New York State as an expert in the field of nurse midwifery and sexual

assault forensic examination;

(9) she presently is the director of midwife services at Coney Island Hospital, where she had worked since 1994 (for twelve years). Her duties as the midwife director include training and supervising the other midwives and attending to patients; and

(10) since 2002, she has examined approximately twenty rape victims.

(Olosunde: 803-08).

In light of the fact that, at the time of the trial, Olosunde had been a nurse practitioner and a midwife for twenty-seven years, and considering her high academic achievement and applicable training, certification, and recent experience in sexual assault forensic examination, the trial court properly concluded that Olosunde was qualified to render reliable opinions about the results of her examination of Krioutchkova.

In support of his claim, defendant cited to one case when the claim was originally presented on his direct appeal -- United States v. Withorn, 204 F.3d 790 (8th Cir. 2000). Defendant's Appellate Division Brief at 15-16. However, as defendant pointed out, Withorn held that the midwife witness was properly qualified as an expert. Defendant sought to distinguish Withorn by claiming that the midwife in that case was more qualified than the midwife in this case. Defendant is wrong. The witness here had more than five times the amount of experience in midwifery than the witness in Withorn, and their training on and experience

with sexual assault forensic examination appears nearly identical.  Thus, <u>Withorn</u> fatally undermines defendant's claim.

In any event, any error in qualifying Olosunde as an expert and admitting her opinion that the bruise on Krioutchkova vagina was consistent with forcible or rough intercourse was harmless in light of the other overwhelming evidence of defendant's guilt. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 653 (1993); <u>see</u> <u>supra</u> at 10.

Accordingly, defendant's claim should be rejected and his <u>habeas</u> <u>corpus</u> petition denied..

<u>POINT V</u>

<u>DEFENDANT'S CLAIM THAT HIS SENTENCE IS EXCESSIVE FAILS TO RAISE A FEDERAL QUESTION. IN ANY EVENT, THE CLAIM IS MERITLESS.</u>

As the fifth and final ground in support of his <u>habeas corpus</u> petition, defendant claims that his sentence was excessive.  This claim fails to raise a federal question.  In any event, defendant's sentence was proper.

Defendant's contention that his sentence was excessive fails to present a federal question because "[m]atters relating to sentencing and service of sentence are governed by state and, accordingly, are not cognizable in a habeas corpus proceeding." <u>Glucksman v. Birns</u>, 398 F. Supp. 1343, 1352 (S.D.N.Y. 1975). Indeed, the Second Circuit has held that "no federal constitutional issue is presented where . . . the sentence is within the range proscribed by state law." <u>White v. Keane</u>, 969 F.2d 1381, 1383-84 (2d Cir. 1992).  Here, the sentence was within the range proscribed by New York law.  Accordingly, defendant fails to present a federal question, and this Court should not review his claim.  <u>See</u> 28 U.S.C. § 2254(a); <u>Wainright v. Goode</u>, 464 U.S. 78, 83-84 (1983); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

In any event, defendant's sentence of thirty years is completely appropriate considering the severity of defendant's crime.  In the instant case, defendant was convicted upon

22

overwhelming evidence as provided by the victim, the telephone records, and the DNA evidence. The victim recounted how defendant had tricked his way into her apartment, convincing her that he was hired to make a repair. Defendant then pulled out a knife, threatened to kill the victim, and dragged her to a bedroom where he slapped her in the face and violently raped her. After ejaculating, defendant told the victim to take a shower, then left. This violent and selfish act, which undoubtedly had a profound and lifelong effect on the unsuspecting victim, warranted the severe sentence that was imposed.

As the sole ground in support of his claim that his sentence should be reduced, defendant claims that he is entitled to a sentence reduction because this rape conviction was his first criminal conviction. However, this fact, while relevant, does not entitle defendant to a lesser sentence.

Finally, to the extent that defendant claims that the imposition of a consecutive sentence for the sexual assault count was unauthorized because that crime was not a separate and distinct act, defendant's claim is meritless. New York Penal Law § 70.25(2) states that "when more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences, except if one

23

or more of such sentences is for a violation of section 270.20 of this chapter, must run concurrently."

Here, defendant committed two sexual acts upon Vera Krioutchkova by means of forcible compulsion. The first act involved defendant's insertion of his hand in Krioutchkova's vagina. After committing this act, there was a pause in the attack, and defendant complied with Krioutchkova's request to wash his hands (a hopeful ploy on Krioutchkova's part to enable an escape attempt). At this point, the first-degree sexual abuse was complete. Defendant then returned to the bed and forcibly inserted his penis in Krioutchkova's vagina -- a separate act that warranted the imposition of a consecutive sentence.

Accordingly, defendant's challenge to his sentence should be rejected and his <u>habeas corpus</u> petition denied.

<u>CONCLUSION</u>

<u>FOR THE AFOREMENTIONED REASONS, DEFENDANT'S
PETITION FOR A WRIT OF HABEAS CORPUS SHOULD
BE DENIED</u>.


Dated:  Brooklyn, New York
        July 27, 2010


                          Respectfully submitted,



                          CHARLES J. HYNES
                          District Attorney
                          Kings County




LEONARD JOBLOVE
MORGAN J. DENNEHY
Assistant District Attorneys
      of Counsel

Certificate of Service

I hereby certify that on July 27, 2010, the foregoing document was filed with the Clerk of the Court and served upon the following party in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service:


Dennis Colon
Inmate Number 06-A-4298
Clinton Correctional Facility
PO Box 2001
Dannemora, New York  12929



Morgan J. Dennehy
Assistant District Attorney
Office of the Kings County
District Attorney

350 Jay Street
Brooklyn, New York  11201
(718) 250-2515