<u>Colon v. LaValley</u>
<u>10-cv-2173 (NGG)</u>
<u>EXHIBIT C</u>

The records relevant to defendant's speedy trial claim

**OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY**

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

**CHARLES J. HYNES**
*District Attorney*

**Morgan J. Dennehy**
**Assistant District Attorney**

December 16, 2008

Mr. James Edward Pelzer
Clerk's Office
Supreme Court of the State of New York
Appellate Division, Second Department
45 Monroe Place
Brooklyn, New York  11201

Re:    <u>People v. Denis Colon</u>
         Kings County Ind. No. 2518/2003
         Appellate Division Number 2006-7319

Dear Mr. Pelzer:

I recently filed Respondent's Brief in the above-case.  Defendant's counsel has raised a claim alleging a speedy trial violation.  To assist the Court, I am enclosing a copy of the motion papers filed by the parties below, the lower court's written decision and order denying the motion, and the relevant minutes of the various adjourn dates.

If you need anything further, please let me know.

Sincerely,

Morgan J. Dennehy
Assistant District Attorney
(718) 250-2515

cc:  Wayne B. Wiseman, Esq.
     Wiseman & Hoffmann
     450 7th Avenue, Suite 1400
     New York, N.Y.  10123

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 3
------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

                                                        MOTION  TO DISMISS
                                                         C.P.L § 30.30

                  -against-

                                                      Indictment No.: 2518/2003

DENNIS COLON,
                  Defendant
------------------------------------------------------------------X

PERSONS:

            PLEASE TAKE NOTICE, that upon the annexed affirmation of HARLAN

GREENBERG, duly sworn to May 16, 2005, and upon all the paper proceedings filed or had

herein to date, the undersigned will move this Court, Part 3, thereof, to be held at 360 Adams

Street, New York, New York, on May 16, 2005, at 9:30 a.m., or as soon thereafter as counsel can

be heard.

          1.      For an Order, pursuant to Section 210.20(g) of the Criminal Procedure

Law, dismissing the charges on the grounds that the defendant, has been denied his right to a

speedy trial as guaranteed by Section 30.30 of the Criminal Procedure Law, Section 30.20 of the

Criminal Procedure Law, and the Sixth Amendment to the United States Constitution.

          2.      In the alternative, for an order, pursuant to Section 210.45 of the Criminal

Procedure Law, granting a hearing to make findings of fact essential to the determination of this

motion.

3.   For such other and further relief as seems just and proper to this Court.

Dated:  NEW YORK, NEW YORK
        May 16, 2005

                                        YOURS, etc.

                                        _____
                                        HARLAN GREENBERG, ESQ.
                                        ATTORNEY FOR DEFENDANT
                                        20 VESEY STREET, SUITE 1406
                                        NEW YORK, New York 10007
                                        212-9640503

TO:   CHARLES HYNES
      District Attorney
      Kings County

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KING: PART 3
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

                                           **AFFIRMATION**

         -against-

                               Indictment No.: 2518/2003

DENNIS COLON,

                 Defendant
-------------------------------------------------------------------X

        HARLAN GREENBERG, an attorney duly admitted to practice law in the State

of New York, attorney for the defendant affirms under penalty of perjury as follows:

        1.     I the attorney for the defendant, Dennis Colon and am therefore, familiar

with the facts and circumstances of this case and the proceedings had herein.

        2.     This affirmation is made in support of the defendant's Motion to Dismiss

pursuant to C.P.L. §210.20(g) and the following statements are true unless stated to be on

information and belief, such belief based on the Court papers and discussions with the office of

the District Attorney and the Defendant.

## STATEMENT OF FACTS

        3.     The critical period of time at issue herein is time from December 12, 2003

and April 8, 2005. On October 18, 2003, the People served and filed DNA test results which

showed a positive identification for Defendant's DNA which was taken via vaginal and anal

3

swabs from complainant.   Defense counsel inquired whether any analysis was done on other items (duvet cover, dishtowel, and "dunkin donuts" napkin) which were recovered from complainant's apartment and were alleged to possess semen or other DNA matter.  The People indicated that those items were not tested.

4.    Defendant requested that the aforementioned items be tested and further requested to have the items tested by an independent laboratory.  On January 22, 2004, the People indicated that they wanted to have the items tested under their control and would submit the items for further testing with the Medical Examiners Office.   On March 8, 2004, the People indicated that the Medical Examiners Officer refused to perform the tests.  Defense Counsel again requested to have the items tested by an independent laboratory.  In the alternative, an Order was signed by the Court directing the Medical Examiners Office to perform tests on said items.  The Order was duly served upon the Medical Examiners Office, by Defendant, on March 19, 2004.

5.    On October 21, 2004, more than Six (6) months after service of the Court Order upon the Medical Examiners Office, the People informed the Court that the DNA analysis had not yet been performed because the Medical Examiners Office did not have, nor had  they ever have the items which the tests were to be performed upon.  The People errantly, incorrectly, and negligently believed that the items were actually in the possession Medical Examiners office.  However, the items were not.  The District Attorneys Office further informed the Court,  that from the time that they volunteered to have their experts perform the tests, the items where in the possession of the Police Department and entirely under their control.  During this period District Attorney's Office  knew or should have known that had possession and control of the items

4

which were to be tested.  There were a number of adjournments for the People to inquire and find

out the status and progress of the tests being performed by the Medical Examiners Office.

Apparently they failed to properly inquire as to the status of the performance of these tests.  The

delay was a direct result of the District Attorney's Office  failure to provide the items to the

Medical Examiners Office, as well as, their reluctance to allow defendant to have the items tested

by an independent laboratory selected by Defendant.    The report was finally turned over on

April 8, 2005.

## COURT APPEARANCES AND PROCEDURES

6.    The defendant was arrested on April 5, 2003 charged with 130.35,140.25,

140.30, amongst other violations of the Penal Law. (Criminal Court Complaint is attached hereto

as EXHIBIT A).  One of those charges being a felony.  The defendant was arraigned on April 6,

2003.  The case was then adjourned for April 11, 2003, pursuant to 180.80 of the Criminal

Procedure Law, The People should be charged 6 DAYS.

7.    That on April 11, 2003,  the People announced that Defendant had been

Indicted.  The case was then adjourned until May 1, 2003, for Supreme Court arraignment.  The

People should be charged 20 DAYS.

8.    That on May 1, 2003, the defendant was arraigned in the Supreme Court

and the case was adjourned until June 19, 2005, for open file discovery. People should be

charged 49 Days

9.    That on June 19,2003, the People failed to turn over open file discovery

and the case was adjourned until July 17, 2003,  The People should be charged 28 Days.

10.     That on July 17, 2003, the People failed to provide the Court with a copy of the Grand Jury minutes for the Court's review.  The case was adjourned until August 7, 2003, for the People to provide a copy of the Grand Jury Minutes. The People should be charged 21 DAYS.

11.     That on August 7, 2003, failed to provide the Court with a copy of the Grand Jury minutes for the Court's review.  The case was adjourned until September 4, 2003, for the People to provide a copy of the Grand Jury Minutes.  The People should be charged 28 DAYS.

12      That on September 4, 2003, the assigned District Attorney was on trial. The case was adjourned to September 17, 2003.  The People should be charged 13 DAYS.

13.     That on September 17, 2003, a Blood Sample Order was signed by the Court so the People could obtain defendant's DNA.  The case was adjourned until October 22, 2003.  The People should be charged 35 DAYS.

14.     That on October 22, 2003, the People filed and served a copy of blood test results.  Defense inquires if other items (duvet cover, dishtowel, and "dunkin donuts" napkin) were tested.  The case was adjourned until November 18, 2003.  The People do not answer ready and should be charged 28 DAYS.

15.     That on November 18, 2003, the People indicated that they did not have information if any further tests were done.  The case was adjourned until December 11, 2003. The People should be charged 0 DAYS.

16.     That on December 11, 2003, The People indicated that no further tests were done and that they wished to have the additional items tested and asked for time to conduct

6

the test. The case was adjourned until January 22, 2004. The People should be charged 0 DAYS.

17. That on January 22, 2004, The People again state that they wish to test the items, since the items were already with the Medical Examiners Office and in their control. Defendant requests to have an independent laboratory conducted the tests. The case was adjourned until February 9, 2004, for People to provide the results of the DNA tests. The People should be charged 0 DAYS.

18. That on February 9, 2004, The People did not have the results of the DNA tests. The case was adjourned until March 8, 2004, for People to provide the results of the DNA tests. The People should be charged 0 DAYS.

19. That on March 8, 2004, The People state that the Medical Examiners Office refused to test the additional item. It is agreed that the Court will Order the tests to be conducted. Defendant provides an Order to the Court The case was adjourned until April 15, 2004, for People to provide the results of the DNA tests. The People should be charged 0 DAYS.

20. That on April 15, 2004, Medical Examiner had been previously served and People indicate that the testing would go forward. The case was adjourned until June 10, 2004. The People should be charged 0 DAYS.

21. That on June 10, 2004, the People did not have the results of the DNA tests. The case was adjourned until July 15, 2004, for People to provide the results of the DNA tests. The People should be charged 35 DAYS.

7

22.    That on July 15, 2004, the People did not have the results of the DNA tests. The case was adjourned until September 16, 2004, for People to provide the results of the DNA tests. The People should be charged 63 DAYS.

23.    That on September16, 2004, the People did not have the results of the DNA tests and Defense Counsel did not appear due to a religious holiday. The case was adjourned until September 23 , 2004, for People to provide the results of the DNA tests. The People should be charged 7 DAYS.

24.    That on September 23 , 2004, the People did not have the results of the DNA tests. The case was adjourned until October 21, 2004, for People to provide the results of the DNA tests. The People should be charged 28 DAYS.

25.    That on October 21, 2004, the People indicated that the tests were not performed by the Medical Examiners Office because they never had possession of the items.  The delay was caused by the District Attorney's failure to turn the items over to the Medical Examiners Office.  They items were at all times in the actual possession of the Police Department which is under the direct control of the District Attorney's Office.   The case was adjourned until December 2, 2004, for People to provide the results of the DNA tests. The People should be charged 42 DAYS.

26.    That on December 2 , 2004, the People did not have the results of the DNA tests. The case was adjourned until January 14, 2005, for People to provide the results of the DNA tests. The People should be charged 43 DAYS.

27.    That on January 14, 2005, the People did not have the results of the DNA tests and Defense counsel had the flu. The case was adjourned until January 21, 2005, for People

8

to provide the results of the DNA tests. The People should be charged 7 DAYS.

28.    That on January 21 , 2005, the People did not have the results of the DNA tests. The Court indicated on the record that the adjournment was chargeable to the People. The case was adjourned until February 4, 2005, for People to provide the results of the DNA tests. The People should be charged 14 DAYS.

29.    That on February 4 ,2005, the People did not have the results of the DNA tests and a new Assistant District Attorney had been assigned to the case. The People were not ready for trial but, defendant consented to the adjournment.   The case was adjourned until February 25, 2005, for plea negotiations and for the  People to provide the results of the DNA tests. The People should be charged 0 DAYS.

30.    That on February 25, 2005, defendant requests and adjournment to file a pre pleading memorandum and for the  People to provide the results of the DNA tests.  The case is adjourned until April 8, 2005.  The People should be charged 0 DAYS.

31.    That on April 8, 2005, defendant files a PrePleading Memorandum and the Court adjourns the case for the Judges recommendation as to sentencing and for the People to provide the result of the DNA tests.  The case is adjourned until April 29, 2005.  The People should be charged 0 DAYS.

32.    That on April 29, 2005, the People serve a copy of the DNA test results upon defendant.  Plea discussion are had and court directs people to find out if they will reduce their offer.  The case is adjourned until May 13, 2005.  The People should be charged 0 DAYS.

33.    That on May 13, 2005, the case was adjourned until May 24, 2005, for hearings and trial. The People should be charged 0 Days.

9

34.    That the right to a speedy trial guaranteed by C.P.L. §30.30 is not dependent in any way on whether the defendant has expressed his readiness for trial or whether he can demonstrate prejudice resulting from the delay. <u>People v. Hamilton</u>, 46 N.Y. 2d 932, 415 N.Y.S. 2d 208 (Ct. App. 1979).

35.    C.P.L. §30.20(1) states: " After a criminal action is commenced, the defendant is entitled to a speedy trial."

36.    C.P.L. §30.30(1)(a) provides for dismissal of a felony when the People are not ready for trial within " six months of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a felony."

37.    Since this instant delay is in excess of the 6 months permitted by C.P.L. §30.30(1)(a), the People have the burden of proving that certain periods of time should be excluded. <u>People v. Berkowitz</u>, 50 N.Y.2d 333, 428 N.Y.S. 2d 927 (1980).

38.    The intent of the legislature in passing C.P.L. §30.30 was to assure speedy trial by imposing on the prosecutor an affirmative obligation to answer ready for trial. Here, the District Attorney's office has failed to adhere to this standard.

39.    In addition, the delay in the instant case has violated the defendant's right to due process as guaranteed by the Constitution of New York and the United States as well as his right to a speedy trial under the Sixth and Fourteenth Amendments to the United State Constitution, and C.P.L. §30.30. See <u>People v. Taranovich</u>, 37 N.Y. 2d 442, <u>People v. Blakely</u>, 34 N.Y. 2d 311. The delay herein was not reasonable. The People deemed it more important to control the performance of the tests than to allow defendant's independent laboratory perform the DNA tests. At all times Defendant volunteered to conduct the tests. The People then caused an

10

unreasonable delay because they were under the erroneous belief that the Medical Examiner's

Office was in possession of the items to be tested.  The People's failure to be aware of the

location of the items and subsequent failure to test them in a timely fashion created an undue

unreasonable delay, and has denied defendant his constitutional right to a speedy trial.

40.      Defendant respectfully requests that the indictment be dismissed due the

amount of time which has passed and undue delay caused solely by the People and, thus violated

Defendants federal and state constitutional rights and C.P.L. §210.20(g); or, in the alternative,

defendant requests a hearing pursuant to C.P.L. §210.45 at which time findings of fact that are

determinative of the instant motion may be made.

41.      No previous application for the relief sought herein has been made to any

Court.

WHEREFORE, your affiant respectfully prays that this Court grant relief sought herein

and such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
        May 17, 2005

HARLAN GREENBERG

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: CRIMINAL TERM
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK                          :
                                                            :    <u>AFFIRMATION IN</u>
                                                            :    <u>OPPOSITION TO</u>
                                                            :    <u>MOTION</u>
                                                            :    <u>PURSUANT TO</u>
                -against-                                    :    <u>C.P.L. §30.30</u>
                                                            :
DENNIS COLON,                                               :    Kings County
                                                            :    Indictment Number
                Defendant.                                  :    2518/2003
-------------------------------------------------------------------X

   DEBORAH COHEN, an attorney licensed to practice law in this state and an

Assistant District Attorney in Kings County, affirms the following to be true under the

penalties of perjury:

   1.  I make this affirmation in opposition to the defendant's motion, filed May

24, 2005, for an order dismissing the indictment pursuant to C.P.L. §30.30.

I make this affirmation on information and belief, based on the file of the Kings County

District Attorney's Office and the file of this Court pertaining to this case.

   2.  On March 26, 2003 the defendant forcibly raped Vera Krioutchkova in her

home in Brooklyn, New York.  The defendant entered the victim's apartment claiming he

was the plumber that was there to fix the water leaks.  The defendant threatened the victim

with a knife and forcibly raped her.

   3.  On March 26, 2003 the victim was taken to Coney Island Hospital for

treatment of the sexual assault.  While at the hospital, a sexual assault evidence kit was

collected.

   4.  The defendant was arrested on April 5, 2003 for the Rape of Vera

Krioutchkova and related charges.

5.      On April 6, 2003, the defendant was arraigned on a felony complaint which charged the defendant with Rape in the First Degree (P.L. 130.35-1) and other offenses.

6.      On April 16, 2003, indictment number 2518/03, under which the Grand Jury had charged the defendant with Rape in the First Degree (P.L § 130.35-1), Sexual Abuse in the First Degree (P.L. § 130.65-1), Sexual Misconduct (P.L. § 130.20-1), Burglary in the First Degree (P.L. § 140.30-3), Burglary in the Second Degree (P.L. § 140.25-1c), and Criminal Possession of a Weapon in the Fourth Degree (P.L. § 265.01-2) was filed. The people are charged ten days.

7.      On May 1, 2003, the defendant was arraigned in Supreme Court. The People served the indictment and Voluntary Disclosure Form. The case was adjourned until June 19, 2003 for Grand Jury minutes and Open File Discovery.

8.      On June 19, 2003, the Grand Jury minutes were not available. The case was adjourned until July 17, 2003.

9.      On June 30, 2003, the People served and filed a motion to compel a DNA sample from the defendant. Once a motion is filed the People are not charged during the pendency of the motion.

10.      On July 17, 2003, defense counsel served and filed opposition to the motion to compel the DNA sample. The case was adjourned until August 7, 2003 for decision.

11.      On August 7, 2003, the Grand Jury minutes were not available. The Grand Jury minutes were provided to the Court on August 8, 2003. The case was adjourned until September 4, 2003 for decision.

12.     On September 4, 2003, there was no decision from the Court with respect to the Blood Order.  The case was adjourned until September 17, 2003.

13.     On September 17, 2003, Judge Firetog signed the Blood Order.  The case was adjourned until October 22, 2003.  From May 1, 2003 until September 17, 2003, the case was on for discovery and motion practice and is therefore excludable.

14.     On October 17, 2003, the People faxed defense counsel DNA results showing the defendant as the source of the semen.

15.     On October 22, 2003, the People filed and served a copy of the DNA report.  The case was adjourned until November 18, 2003 for conference.

16.     On November 18, 2003 and on December 11, 2003, the defense wanted the DNA from additional items to be tested because if the DNA from these items was different from the DNA taken from the victim's underwear that matched the defendant's oral swab, the defense believed such testing would exculpate the defendant.  The case was adjourned until January 22, 2004.

17.     On January 22, 2004 the case was adjourned from Part 10 to Part 3 for conference and scheduling until February 9, 2004.

18.     On February 9, 2004, the other items had not been tested yet.  The case was adjourned until March 8, 2004.

19.     From October 22, 2003 to March 8, 2004, there was discussion as to who would test the items that the defendant wanted tested.  It was determined that the OCME should do the testing.

20.     On March 8, 2004, the OCME refused to test the other items.  The People

asked the Court whether it would compel the OCME or have the defense test the property by an accredited laboratory. The Court ordered the OCME to test the property. The case was adjourned until April 15, 2004.

21.    On April 15, 2004, the People were informed that the OCME had received the order to test the items. The case was adjourned until May 10, 2004.

22.    From May 10, 2004 to September 23, 2004, the DNA results from the additional items defense counsel wanted tested were not complete. The People believed the OCME was testing these items. The case was adjourned until October 21, 2004.

23.    On October 21, 2004, the People indicated to the Court that the OCME had not retained the additional items to be tested and had not informed the District Attorney's office or defense counsel or the Court of this fact. The People arranged to have the property taken to the OCME office for testing.

24.    On December 2, 2004, Assistant District Attorney Deborah Cohen was reassigned to this case. The DNA results were not complete but testing was in progress. The case was adjourned until January 14, 2005.

25.    On January 14, 2005, the People were prepared to do Huntley-Wade hearings even though the DNA tests requested by the defense were not complete . The case was adjourned until February 4, 2005.

26.    On February 4, 2005, plea discussions began. The case was adjourned until February 25, 2005 for possible disposition.

27.   On February 25, 2005, defense counsel asked the Court to offer the minimum plea of five years over the People's objection.  The Court requested defense counsel submit a Pre Pleading Investigation report.  The case was adjourned until April 8, 2005.

28.   On April 8, 2005, defense counsel did not have the Pre Pleading Investigation report prepared and the case was adjourned until April 29, 2005 for possible disposition.

29.   On April 29, 2005, the Judge received the Pre Pleading Investigation report and the defense was given a copy of the final DNA report.  The case was adjourned until May 13, 2005 for possible disposition.

30.   On May 13, 2005, a plea offer was discussed.  Defense counsel requests five years.  The Court offered twelve years which defense counsel rejected.  The case was adjourned until May 24, 2005 for hearings and trial.

31.   On May 24, 2005, the People were ready.  Defense counsel served a 30:30 motion.

WHEREFORE, for the reasons set forth above and in the attached Memorandum of Law, the District Attorney of Kings County respectfully requests this Court to deny the defendant's motion to dismiss the indictment pursuant to C.P.L. 30.30.

Dated:       Brooklyn, New York
             June 16, 2005

Respectfully submitted,

Deborah Cohen
Assistant District Attorney
(718) 250-2981

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:     CRIMINAL TERM
-----------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK     :

        -against-           :

                                :

                                :

DENNIS COLON,                :

                         :

                Defendant.       :
-----------------------------------------------------------------X

Kings County
Indictment Number

2518/2003

## MEMORANDUM OF LAW

### THE TIME CHARGEABLE TO THE PEOPLE PURSUANT TO C.P.L. §30.30 DOES NOT EXCEED SIX MONTHS.

A.    <u>Introduction</u>

        The motion to dismiss the indictment pursuant to C.P.L. §30.30 should be denied. The defendant was charged with felonies, and the People therefore had to be ready for trial within six months of chargeable time after April 6, 2003, which is the date on which the felony complaint was filed.  <u>See</u> C.P.L. §1.20(17), 30.30(1)(a); <u>People v. Osgood</u>, 52 N.Y.2d 37, 43 (1980).  The six month period from April 6, 2003 to October 6, 2003, consisted of 183 days, and the statutory limit in this case thus is 183 days of chargeable time.  <u>See People v. Cortes</u>, 80 N.Y.2d 201, 207 n.3 (1992); <u>People v. Allen</u>, 172 A.D.2d 542, 544 (2d Dep't 1991).  No more than 10 days should be properly chargeable to the People.  Therefore, the motion to dismiss the indictment should be denied.

B.    <u>Of the 25 Days from the Filing of the Felony Complaint to the Arraignment on the Indictment (April 6, 2003 to May 1, 2003), 10 Days Are Chargeable to the People.</u>

The 10 days from April 6, 2003, when the felony complaint was filed, to April 16, 2003 when the indictment and statement of readiness were filed are chargeable to the People.

A pre-arraignment statement of readiness is valid when it is possible for a defendant to be arraigned within the statutory six month period. People v. Goss, 87 N.Y.2d 792, 794 (1996). Furthermore, "by declaring readiness at a point when they had done everything required of them to bring the case to trial, the People's statement of readiness tolled the 'speedy trial' clock." People v. Carter, 91 N.Y.2d 795,796 (1988).

C.    From the Arraignment on the Indictment to the Date of The C.P.L.§30.30 Motion (May 1, 2003 to May 24, 2005), No Days Are Chargeable to the People.

The period of time from May 1, 2003, the arraignment on the indictment, to May 24, 2005, the date for the scheduled decision on the motions, are not chargeable to the People.  On May 1, 2003, the defendant was arraigned on the indictment.  Defense counsel wants the people to be charged because there was a delay in providing the Court with the Grand Jury minutes for review.  However, the People are entitled to a reasonable amount of time to produce the Grand Jury minutes and discovery.  Once the people have announced ready, their postreadiness delay in answering discovery motions does not affect their continued readiness, and therefore is not chargeable to the People. People v. Anderson, 66 N.Y.2d 529 (1985); People v. Caussade, 162 A.D.2d 4, (2d Dep't 1990). Further, a reasonable delay attributable to motions is a common exclusion.  C.P.L.§30.30 (4) (a); e.g., People v. Inswood, 180 A.D. 2d 649 (2d Dep't 1992); People v. Brown, 136 A.D. 2d 715 (2d Dep't 1988).

In the present case, while the delay in producing the Grand Jury minutes occurred, the People filed a motion to compel the defendant to provide a blood sample.  Therefore,

even if the Court determined the lateness of the Grand Jury minutes to be unreasonable, by June 30, 2003, there was another motion pending which would stop the chargeable time from accruing. Therefore, the maximum amount of time the People could be charged is 11 days, from June 19, 2003 to June 30, 2003.

There was no decision from the Court with regard to the blood order until September 17, 2003. Therefore, the time between June 30, 2003 and September 17, 2003 is excludable.

The defense agrees that the time after the original DNA results were provided to the defense (October 22, 2003), until the Court determined who should do the additional testing of the property that the defense wanted to use to try and exculpate the defendant (April 15, 2004) is excludable.

The defense then claims that the entire period in which the OCME was to and did ultimately test the additional property at the defense's request, should be charged to the People.

The People were willing to proceed with the pretrial hearings prior to the DNA results being received and the defense provided the Court with a Pre Pleading Investigation and were trying to dispose of the case. "The period of time during which the samples were being tested and the results obtained is also excludable time pursuant to CPL 30.30 (4) . . . there has been no showing that the time consumed by the completion of the tests was other than reasonable and necessary to obtain valid genetic tests results." People v. Williams, 163 Misc. 2d 212, 221 (1994)

While there were delays in the OCME testing of the additional items, the delays do not rise to the level where the defendant, who is not incarcerated, has had his

constitutional right to a speedy trial violated.  This is especially true as the additional

items were tested at the defendant's request.  Thus, defense counsel's motion for dismissal

of the indictment is not warranted.

CONCLUSION

WHEREFORE the foregoing reasons, the People respectfully request that the

defendant's motion to be denied.

Dated: Brooklyn, New York
       June 17, 2005

Respectfully submitted,

CHARLES J. HYNES
District Attorney
Kings County

_____

DEBORAH COHEN
Assistant District Attorney

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: CRIMINAL TERM, PART 3
------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK :    DECISION AND ORDER

    -against-                    :    Indictment No. 2518/2003

                                   :    Dated: July 26, 2005

DENNIS COLON,                    :

                **Defendant.**      :
------------------------------------------------------------x

JAMES P. SULLIVAN, J.

     The defendant is charged under indictment number 2518 of 2003 with rape in the first degree, two counts of burglary in the first degree and related offenses arising from an incident that occurred on January 27, 2002, when defendant is alleged to have forcibly engaged at knifepoint in sexual intercourse with the complainant after gaining entry to her apartment by claiming to be a plumber who was sent by the landlord to fix a leak in the complainant's apartment. Following the sexual assault, the complainant was treated at Coney Island Hospital and a sexual assault evidence kit was collected. DNA testing identified the defendant as the source of semen recovered from the complainant's sexual assault evidence kit.

     Defendant now moves, pursuant to CPL 210.20 (1)(g), for an order dismissing the indictment on the ground that he has been denied his statutory and constitutional right to a speedy trial. The People contend that no more than 10 days are properly chargeable to them and, therefore, the defendant's motion should be denied. For the following reasons, defendant's motion is denied.

     CPL 30.30 requires dismissal of a felony indictment where the People are not ready for trial within six months of the commencement of the criminal action (CPL 30.30 [1][a]). In the instant case, the relevant six-month period commenced the day after the filing of the felony complaint on April 5, 2003 (see, People v Stiles, 70 NY2d 765), and expired on October 5, 2003, a period of 183 days. The People were required to state their readiness for trial within that period unless any portions of the period were excludable (see, People v Carter, 91 NY2d 795, 798; People v Sinistaj, 67 NY2d 331, 337).

     Here, the People filed indictment number 2518 of 2003, together with a statement of readiness, with the court on April 16, 2003. A pre-arraignment statement of readiness is valid unless the indictment is filed too late for the court to arraign the defendant within the six-month period (see, People v Goss, 87 NY2d 792, 797). It is clear in the instant case that the defendant could be arraigned within the statutory period and, therefore, the pre-arraignment declaration of readiness is valid. Such filing of the statement of readiness served to toll the speedy trial clock (see, People v Carter, supra; People v Roebuck, 279 AD2d 350). Although post-readiness delay may be charged to the People, only those delays which are attributable to the People's inaction and directly implicate their ability to proceed to trial are charged against them (see, People v Carter, supra; People v

*Cortes*, 80 NY2d 201). Any adjournment in excess of that actually requested by the People is excluded (*see, People v Nielsen*, 306 AD2d 500).

With these principles in mind, the court will proceed to determine what time is chargeable to the People from April 5, 2003, when the felony complaint was filed, to May 24, 2005, when the defendant's 30.30 motion was filed.

### April 5, 2003 - April 16, 2003

The felony complaint was filed on April 5, 2003 and the defendant was arraigned on the felony complaint on April 6, 2003. Indictment number 2518 of 2003 and the People's statement of readiness were filed on April 16, 2003. The People served the statement of readiness by mail on defendant that same day. **The People concede that this period of 10 days is chargeable to them.**

### April 16, 2003 - May 1, 2003

On May 1, 2003, the defendant was arraigned on the indictment. "Arraigning a defendant upon indictment is exclusively a court function" (*People v Goss*, 87 NY2d 792, 797). Therefore, the People are not chargeable with the period from the filing of the indictment and their statement of readiness to the defendant's arraignment (CPL 30.30 [4][c]; [e]; [i]; *see, People v Goss, supra*).

### May 1, 2003 - October 22, 2003

At the arraignment, the defendant entered a plea of not guilty and the matter was adjourned to June 19, 2003, for the People to provide defendant with Open File Discovery and to furnish Grand Jury minutes for the court's *in camera* review. Once ordered to do so by the court, the People had an obligation to produce the Grand Jury minutes within a reasonable time and such obligation began to run from that date, *i.e.,* May 1, 2003 (*see, People v Harris*, 82 NY2d 409). On June 19, 2003, neither OFD nor the Grand Jury minutes were provided and the matter was adjourned to July 17, 2003.

In the interim, the People served a motion to compel the defendant to provide a blood sample for DNA testing. On July 16, 2003, the defendant submitted his response opposing the People's motion. On the adjourn date of July 17, 2003, OFD was provided. However, the People did not provide the Grand Jury minutes. The case was then adjourned to August 7, 2003. On the adjourn date, the People again failed to provide the Grand Jury minutes and the matter was adjourned to September 4, 2003. The People provided the Grand Jury minutes to the court on August 8, 2003. On September 4, 2004, the court issued its decision sustaining the indictment based upon its *in camera* review of the Grand Jury minutes and adjourned the case to September 17, 2003, for a decision with respect to the People's application for a blood order. On September 17, 2003, the court granted the People's application and directed the defendant to provide a blood sample. The case was adjourned to October 22, 2003. On the latter date, the People served and filed a copy of

2

the DNA report which indicated a match between the defendant's DNA profile and the DNA profile developed from the complainant's sexual assault evidence collection kit.

The court concludes upon examination of the record that this entire period is excludable. The Court of Appeals has held that the People's negligent failure to provide Grand Jury minutes to the court for review in order for it to decide a defendant's CPL 210.30 motion to dismiss an indictment constitutes an absolute impediment to the trial's very commencement and may, therefore, render the People's trial readiness an empty declaration insufficient to satisfy CPL 30.30 (see, *People v McKenna*, 76 NY2d 59). However, in the case at bar, while the People may have unduly delayed in providing the Grand Jury minutes for review, the period is not properly charged to the People as they also had a motion pending during this period. It is well settled that pursuant to CPL 30.30 (4) (a) and (d) periods of delay attributable to motions by any party and the periods during which those motions are pending, are excluded from the time within which the People must be ready for trial (see, *People v Durrette*, 222 AD2d 692; *People v Littlejohn*, 184 AD2d 790). Moreover, the People were entitled to a reasonable period to produce the Grand Jury minutes and to conduct discovery.

In addition, delays occasioned by the necessity of obtaining blood samples from defendants, performing the DNA testing thereon and obtaining the written results of those analyses have been held to constitute exceptional circumstances within the meaning of CPL 30.30 (4)(g)(i) (see, *People v Washington*, 43 NY2d 772, 774; *People v Williams*, 244 AD2d 587, *lv denied* 91 NY2d 899; *People v Fredericks*, 157 Misc2d 822). Accordingly, the time from the court's issuance of the blood order to the filing of the DNA test results is not chargeable to the People.

### October 22, 2003 - June 10, 2004

On October 22, 2003, the case was adjourned to November 18, 2003. The record indicates that this was a consent adjournment. Delays occasioned by adjournments on consent are not chargeable to the People (see, CPL 30.30 [4] [b]).

During a period from November 18, 2003 through June 10, 2004, several additional adjournments ensued as the question of whether additional items including a dish towel, napkin and comforter would be subjected to DNA testing was considered. The Office of the Chief Medical Examiner (OCME) initially indicated that it would not test the additional items without a court order. By order dated March 18, 2004, the court directed that the OCME perform DNA testing on the additional items and directed further that the People make the items available to the OCME for such testing. At the court appearance on April 15, 2004, the People advised the court that the order had been served on the OCME. The additional adjournments were upon consent for the DNA test results. The defendant acknowledges that this period of delay should not be charged to the People.

### June 10, 2004 - February 4, 2005

Thereafter, the case was adjourned upon consent on June 10 and July 15, 2004 for the DNA test results. On September 16, 2004, defense counsel was not present due to religious observance

3

and the case was adjourned for one week to September 23, 2004. On the latter date, the case was again adjourned on consent for DNA test results. On the adjourned date of October 21, 2004, the People advised the court that the OCME had not retained the items to be tested but had sent them back to the New York Property Clerk's Office of the New York City Police Department. The People stated that they would retrieve the subject items and have them forwarded to the OCME for testing. The case was then adjourned to December 2, 2004 and then adjourned again to January 14, 2005, for DNA testing results.

On January 14, 2004, defense counsel was ill and, therefore, the matter was adjourned to January 21, 2005. On January 21, 2005, the DNA results still had not been received. The matter was adjourned to February 4, 2005 **with the court charging this period of 14 days to the People**.

The defendant argues that the entire period from June 10, 2004 to and including February 4, 2005, a total of 239 days, should be charged to the People because the delay was caused by the People's failure to ensure that the items for DNA testing were transferred to the OCME. The People contend that although there were delays in the OCME's testing of the additional items, the defendant's due process rights have not been violated by such delay inasmuch as the defendant was not incarcerated during the delay and the items were being tested at the defendant's request. The court agrees with the People.

When dealing with prosecutorial delays, the Court of Appeals has "never drawn a fine distinction between due process and speedy trial standards" (*People v Singer*, 44 NY2d 241, 253; *see, People v Vernace*, 96 NY2d 886, 887). The factors used to determine whether a defendant's speedy trial or due process rights have been abridged are the same and are addressed by using the factors set forth in *People v Taranovich* (37 NY2d 442, 445). Such factors include the reason for the delay, the nature of the underlying charges, whether there has been an extended period of pretrial incarceration and whether there is any indication that the defense has been impaired by reason of the delay (*id.*).

Application of such factors to the period of delay in the instant case compels the conclusion that the defendant was not deprived of his due process right to a prompt prosecution. There has been virtually no pretrial incarceration. The underlying charges are grave, involving a knifepoint sexual assault in the complainant's home to which the defendant gained entry under false pretenses. In addition, the testing which created the delay was being conducted at the defendant's request. Under such circumstances, the delay did not impair the defense, but rather offered the possibility of strengthening the defense depending upon what the DNA testing showed. Moreover, post-readiness delay is not chargeable to the People when prosecutorial delay merely affects the defendant's ability to proceed to trial (*see, People v England*, 84 NY2d 1). Thus, the courts have held that the failure of the People to comply with the mandates of CPL article 240 relative to discovery does not implicate the ability of the People to maintain their status of readiness despite the fact that the defendant's ability to proceed to trial may be impaired since there are other alternative sanctions or remedies provided by statute (*see, People v Anderson*, 66 NY2d *supra* at 537; *People v Caussade*, 162 AD2d 4). In sum, **only 14 days of this period are charged to the People.**

4

**February 4, 2005 - May 24, 2005**

Commencing on February 4, 2005 and continuing through several adjournments to May 13, 2005, the parties were engaged in plea negotiations. As part of such negotiations, the defense prepared and submitted a pre-pleading memorandum. Such negotiations were unsuccessful. Thus, on May 13, 2005, the court adjourned the case to May 24, 2005 for hearings and trial. On May 24, 2005, the defendant filed the instant motion to dismiss claiming that he had been denied his statutory and constitutional right to a speedy trial. The defendant acknowledges that none of this period of delay may be charged to the People.

**Conclusion**

In sum, the court concludes that only 10 days of pre-readiness delay and 14 days of post-readiness time are chargeable to the People, and, consequently, no violation of CPL 30.30 or of the defendant's constitutional due process rights has been established. Defendant's motion to dismiss the indictment on speedy trial grounds is, therefore, denied

This constitutes the Decision and Order of the Court.

E N T E R,

_____
James P. Sullivan, J.S.C.

HON. JAMES P. SULLIVAN
Justice N.Y.S. Supreme Court

1

1

2   CRIMINAL COURT OF THE STATE OF NEW YORK
    COUNTY OF KINGS: PART: AP1-F
3   ---------------------------------X
    THE PEOPLE OF THE STATE OF NEW YORK  :     Docket No.
4                                        :     2003KN020405
            -against-                    :
5                                        :
                                         :
6   DENNIS COLON,                        :
                          Defendant.:
7   ---------------------------------X

8                           120 Schermerhorn Street
                            Brooklyn, New York
9                           April 11, 2003

10  Before:

11                      HONORABLE WILLIAM GARNETT,
                                      Judge.

12

13  Appearances:

14                  For The People
                    CHARLES J. HYNES. ESQ.,
15                  District Attorney, Kings County
                    350 Jay Street
16                  Brooklyn, New York 11201
            By:  HIEDI MASON, ESQ.
17               Assistant District Attorney

18

19

20                  LEGAL AID SOCIETY
                    111 Livingston Street
21                  Brooklyn, New York 11201
            By:  SUSAN LITT, ESQ.

22

23                      JOSEPH G. CHARLES
                        OFFICIAL COURT REPORTER

24

25

26

2

1

2          COURT OFFICER: Calling number nine, Dennis Colon.

3     The defendant made bond.

4          MS. MASON: Heidi Mason, assistant district

5     attorney. I am the assigned assistant.

6          MS. LITT: Susan Litt, from the Legal Aid Society.

7     I am seeking to be relieved. He is retaining.

8          THE COURT: The Legal Aid Society is relieved.

9          MR. GREENBURG: Harlan Greenburg, 20 Vescey Street,

10    New York.

11         THE COURT: It does not appear that cross was given

12    on behalf of your client. Has that position changed?

13         MR. GREENBURG: No.

14         MS. MASON: This case has a voted indictment,

15    number 2518 of 2003. The top count is rape in the first

16    degree and burglary in the first degree. I will start

17    with a motion to raise bail.

18         THE COURT: I will hear you.

19         MS. MASON: Your Honor, the original bail that was

20    set is this case was reasonable and was twenty-five

21    thousand dollars. That was our request set at twenty

22    thousand dollars from my file. The defendant has in fact

23    made bail. The change of circumstances is, obviously, the

24    defendant has now been indicted. In this case, the victim

25    in this case is a 57-year-old woman who was home

26    recovering from a hysterectomy. She suffers from cervical

3

1

2    cancer. She is living in the building that is a mess.

3    There are leaks all over the place and other problems

4    with the building. She is scared of the landlord and she

5    complains about the apartment she lives in and it's

6    condition. About a week before this incident occurred,

7    she complained to her landlord's agency that there were

8    leaks in the apartment.

9         On the morning of March 26th, the defendant called

10   the victim at her home--I have those phone records--and

11   told her he was the plumber hired by the landlord to

12   repair the leaks and that he was to come over and check

13   out the apartment and come back later on to make the

14   repairs. The victim told him that she has a doctor's

15   appointment and that she would be there very soon.

16        THE COURT: What part of this information was not

17   made available to the arraignment judge?

18        MS. MASON: We have the phone records in our

19   possession now. We got them yesterday morning. When this

20   case came before the arraignment judge, I don't know if

21   the judge was made aware that the phone calls from the

22   defendant on his home phone to the victim's phone had be

23   verified, in fact, it has now been.

24        THE COURT: Anything else?

25        MS. MASON: Just the presumptive evidence of semen

26   taken from the victim's hospital visit and other things I

4

1

2     have to check on.

3           THE COURT: The semen has been secured?

4           MS. MASON: We are not up to the DNA. It is not

5     that fast yet. There does appear to be semen present.

6           THE COURT: That was not told to Judge Myer?

7           MS. MASON: Not to my knowledge. I believe it was

8     not. As you now have, this has been voted out as an

9     indictment. I am asking that bail be raised in the amount

10    of 50 thousand dollars?

11          THE COURT: Which was?

12          MS. MASON: Twenty thousand had been set. Also, I

13    have the order of protection for the Court, as soon as

14    you have made your decision, Your Honor.

15          THE COURT: Has the complaining witness been

16    relocated?

17          MS. MASON: Not as of yet. She is ill and has

18    limited means. We are working on it, but no. We know the

19    defendant has her address. We know the defendant has her

20    phone number. We know that he contacted her and he made

21    bail yesterday. He certainly knows where she lives. When

22    he called the victim on April 5th, the call was traced

23    back and he was arrested at his home. He continued to

24    have contact with the complainant when he was apprehended

25    on April 5th.  I don't believe I have anything else

26    unless the Court has questions.

5

1

2          THE COURT: Counsel?

3          MR. GREENBURG: Your Honor, my client has made bail

4     and has returned today. He is well aware of the fact that

5     the People have alleged.  He has been employed for a very

6     long time. In fact, I believe bail was posted by people

7     that he works with. He has been employed for a period of

8     time. He has deep roots in his community. His mother, his

9     sister and his nephew live in the neighborhood. I have

10    spoken to numerous members of his family who live in the

11    area. He is also in school as CJA tells you. He is

12    employed, 33 years old and no criminal record.

13          I believe that bail is sufficient enough to secure

14    his return to court and deal with the case presently

15    before you. In terms of what was said at arraignments, I

16    was not there. I can not comment on that. What I can tell

17    you is that bail is sufficient to secure his return. I

18    would ask that you keep bail at twenty thousand dollars?

19          MS. MASON: May I add one thing? It is interesting

20    that the defendant's employer's are the one's that made

21    his bail, but because the defendant is employed as the

22    building super. This particular incident, the defendant

23    is not the super for the building where this incident

24    occurred. There is a regular super assigned to that

25    building who has been interviewed and said he was never

26    told there was a leak. He had a regular plumber who he

6

1

2      called to this building who was also interviewed and said

3      he was not informed and he has regularly has made repairs

4      to the victim's apartment. He is the super in another

5      different building but for some reason, his employees

6      have chosen to post a large amount of bail to get him

7      out.

8            MS. GREENBURG: My client is not the

9      superintendent. My client is a manager of real estate

10     property with an organization. It's the employees from

11     the organization that posted bail. His coworkers, not his

12     employer.

13           MS. MASON: That is different than what it says on

14     the CJA. I have nothing further, sir.

15           THE COURT: Want to add anything?

16           MR. GREENBURG: Your Honor, other than what I have

17

18

19

20

21

22

23                        (continued on the next page)

24

25

26

7

already said, my client is close to 34 years old. No record. I would ask that you keep bail at the same status. It is high enough to secure his return. Clearly, he understands the charges he is faced with and he intends dealing with it with the Court and take care of this.

THE COURT: All right. The bail that was posted is exonerated. Bail is increased to fifty thousand dollars secured bail bond over fifty thousand dollars cash. Transferred to Supreme Court. The order of protection is extended.

MS. MASON: Thank you.

I, JOSEPH G. CHARLES, do hereby certify that the above is a correct transcription of my stenographic notes.

JOSEPH G. CHARLES
OFFICIAL COURT REPORTER

1

```
 1   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF KINGS - CRIMINAL TERM - PART:  10
 2   ----------------------------------------X
     THE PEOPLE OF THE STATE OF NEW YORK,
 3

 4                                      INDICTMENT NO.
              -against-                 2518/03
 5

 6   DENNIS COLON,
                        Defendant.
 7   ----------------------------------------X

 8                            360 ADAMS STREET
                              BROOKLYN, NEW YORK  11201
 9                            MAY 1, 2003

10

11   B E F O R E:

12
                    HONORABLE NEIL JON FIRETOG,
13                         Justice

14

15

16   A P P E A R A N C E S:

17                   CHARLES J. HYNES, ESQ.
                     District Attorney, Kings County
18                   BY:  MELISSA CARDINALE, ESQ.
                     Assistant District Attorney

19
                     HARLAN GREENBERG, ESQ.
20                   20 Vesey Street
                     New York, New York  10007
21                   Attorney for the Defendant

22

23
                                  William Cardenuto
24                                Senior Court Reporter

25
```

-WC-

- Proceedings -

2

1          THE CLERK:  On the Arraignment Calendar, this

2     is No. 7, Indictment 2518 of 2003, Dennis Colon.

3          MR. GREENBERG:  Harlan Greenberg, 20 Vesey

4     Street, New York, New York.

5          THE COURT:  Good morning.

6          Status of this case, People?  Do you have the

7     indictment and the VDF for Counsel?

8          MS. CARDINALE:  I do.

9          THE CLERK:  Have you received a copy of the

10    indictment?

11         MR. GREENBERG:  Yes, I have.

12         THE CLERK:  Do you waive the public reading?

13         MR. GREENBERG:  Yes.

14         THE CLERK:  How does your client plead?

15         MR. GREENBERG:  Not guilty.

16         THE CLERK:  Judge, the defendant made $50,000

17    insurance company bond.

18         MR. CARDINALE:  The People are announcing

19    ready.  This case is assigned to ADA Mason.  There's no

20    offer.  She's recommending the maximum time.  We are

21    consenting to informal open file discovery.

22         MR. GREENBERG:  There's a number of things

23    that I need from the District Attorney.  There's a lot of

24    evidence that I believe that they've accumulated that I'm

25    going to need to review.  Obviously, there's swab kit

- Proceedings -

3

1    testing done.  I don't know whether they plead that.

2                   THE COURT:  People.

3                   MS. CARDINALE:  Check to see if there was --

4                   THE COURT:  Give a call to Ms. Mason.

5              I'd like to have the Grand Jury minutes and

6    the discovery provided by June 9th, returning to court the

7    week of June 16th.

8                   MR. GREENBERG:  How's Thursday, the 19th?

9                   THE COURT:  Fine.  Bail continued.  Next case.

10                  MS. CARDINALE:  The People are requesting a

11   Temporary Order of Protection.  The swab kit was done.  I'm

12   asking if the defense consents to having his client's blood

13   drawn, or do we have to do a motion?

14                  MR. GREENBERG:  I'll call Ms. Mason.

15                  THE COURT:  All right.

16                       (End of proceedings.)

17

18             It is hereby certified that the foregoing is a

19   true and accurate transcript of the proceedings.

20

21

22

23                                    _____

                                      William Cardenuto

24                                    Senior Court Reporter

25

-WC-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:   CRIMINAL TERM : PART 10
-------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

               - against -                    Calendar call

DENNIS COLON,

                                Defendant.
-------------------------------------------------X
Indict. No. 2518/03

                            360 Adams Street
                            Brooklyn, New York
                            June 19, 2003


B E F O R E :

                HONORABLE NEIL JON FIRETOG,
                          Justice.


A P P E A R A N C E S :


        OFFICE OF CHARLES HYNES, ESQ.
        DISTRICT ATTORNEY, KINGS COUNTY
            Attorney for the People
            BY:  MELISSA CARDINALE, ESQ.
                  Assistant District Attorney


        HARLAN GREENBERG, ESQ.
            Attorney for the Defendant,
            20 Vesey Street,
            New York, New York


                        ERIC S. POLLYEA,
                        Official Court Reporter

2

1          THE CLERK:  Number 20 on the calendar,

2   Indictment Number 2518 of 2003, the People versus Dennis

3   Colon.

4          Counselors, would you please state your

5   appearances for the record?

6          MR. GREENBERG:  Harlan, H-A-R-L-A-N, Greenberg,

7   20 Vesey Street, New York, New York.

8          MS. CARDINALE:  ADA Melissa Cardinale, for the

9   Office of the District Attorney.

10          THE COURT:  Status of this case, People?

11          MS. CARDINALE:  Judge, we have not received the

12   Grand Jury minutes yet.  It is supposed to be on for

13   decision.

14          We do not have the rape kit results yet.

15          I spoke to Miss Mason yesterday.  She has been

16   on trial.  She has promised me she will work on

17   discovery, and turn over to defense counsel as soon as

18   she can.  She is out today.

19          THE COURT:  People are requesting an

20   adjournment.  What date?

21          MS. CARDINALE:  Three weeks for the Grand Jury

22   minutes.

23          THE COURT:  Date good for you Mr. Greenberg?

24          MR. GREENBERG:  July 17th.

25          THE COURT:  Fine.  Next case.

ESP

Proceedings                              3

THE CLERK:   July 15th.

*        *        *        *

It is hereby certified that the foregoing is a
true and accurate transcript of the stenographic record.

*Eric S. Pollyea*

ERIC S. POLLYEA,
Official Court Reporter

ESP

```
 1   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF KINGS - CRIMINAL TERM - PART 10
 2   ---------------------------------------------X
     THE PEOPLE OF THE STATE OF NEW YORK,
 3

 4                    -against-

 5   DENNIS COLON,

 6                       DEFENDANT
     ---------------------------------------------X
 7   CALENDAR CALL
     Indict. No. 2518/03              360 Adams Street
 8                                    Brooklyn, New York
                                      July 17, 2003
 9

10

11   B E F O R E:

12        HONORABLE NEIL JON FIRETOG,
                        Justice
13

14
     A P P E A R A N C E S:
15
               OFFICE OF CHARLES J. HYNES, ESQ.
16             DISTRICT ATTORNEY - KINGS COUNTY
               For the People
17             BY:  MELISSA CARDINALE
                    Assistant District Attorney
18

19

20             HARLAN GREENBERG, ESQ.
               For the Defendant
21             20 Vesey Street
               New York, New York
22

23

24

25                      ESTHER STERNLICHT, RPR
                        OFFICIAL COURT REPORTER
```

es

1

2          THE CLERK:  On the trial calendar, number 20,

3  indictment 2518 of 2003, Dennis Colon.

4          MR. GREENBERG:  Harlan, H-A-R-L-A-N, Greenberg,

5  20 Vesey Street, New York, New York.  Good morning, Your

6  Honor.

7          THE COURT:  Now, I have a notice of a motion to

8  take blood samples by Ms. Mason though I have a note, no

9  rape kit results.  So I'm not sure why we need blood

10  taken.  Let me take a look here.

11          MS. CARDINALE:  No rape kit results yet, so

12  that, that we don't delay the whole proceedings.

13          THE COURT:  A rape kit was prepared.

14          MS. CARDINALE:  We can wait till we get the

15  results but it just delays everything.

16          THE COURT:  I got you.  What about the grand

17  jury minutes?

18          MS. CARDINALE:  Grand jury minutes, we need

19  another two, three weeks on those.

20          MR. GREENBERG:  Judge.

21          MS. CARDINALE:  I do have open file discovery to

22  turn over to defense.

23          MR. GREENBERG:  Judge, just for the record, I'm

24  just filing and serving affirmation in opposition, just

25  simple affirmation.

                                                      es

PROCEEDINGS                                    3

1          THE COURT:  All right.  I'll have a decision on

2    the issue of blood.  I want the grand jury minutes in my

3    hands.  And when am I going to get them?

4          MS. CARDINALE:  Maybe three weeks, two,

5    three weeks.

6          THE COURT:  Let's do it before I leave on

7    vacation.  The week of August fourth, any day good for

8    you, Mr. Greenberg.

9          MR. GREENBERG:  Sixth or seventh.

10          THE COURT:  August seventh it is for my decision

11    on the grand jury minutes and my decision on the blood

12    sample.  And then we'll adjourn it to September for trial.

13    I'll see you August seventh, People's request.  Time

14    charged to the People.

15          MR. GREENBERG:  Thank you.

16

17          *                    *                    *

18

19    It is hereby certified that the foregoing is a true and
      accurate transcript of the proceedings.

20

21

22

23    _Esther Sternlicht_____
      ESTHER STERNLICHT, RPR
24    OFFICIAL COURT REPORTER

25

es

1   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF KINGS - CRIMINAL TERM - PART 10

2   ------------------------------------------X

     THE PEOPLE OF THE STATE OF NEW YORK,

3

4             -against-

5   DENNIS COLON,

6              DEFENDANT

     ------------------------------------------X

7   CALENDAR CALL
     Indict. No. 2518/03        360 Adams Street

8                        Brooklyn, New York
                        August 7, 2003

9

10

11  B E F O R E:

12     HONORABLE NEIL JON FIRETOG,
            Justice

13

14

   A P P E A R A N C E S:

15

16      OFFICE OF CHARLES J. HYNES, ESQ.
       DISTRICT ATTORNEY - KINGS COUNTY
       For the People
17      BY:  MELISSA CARDINALE
          Assistant District Attorney

18

19

20      HARLAN GREENBERG, ESQ.
       For the Defendant
21      20 Vesey Street
       New York, New York

22

23

24         ESTHER STERNLICHT, RPR
         OFFICIAL COURT REPORTER

25

PROCEEDINGS                                2

1          THE CLERK:  Number 21 on the trial calendar,

2    2518 of 2003, Dennis Colon.

3          MR. GREENBERG:  Harlan, H-A-R-L-A-N, Greenberg,

4    20 Vesey Street, New York, New York.  Good morning, Your

5    Honor.

6          THE COURT:  Do you have the grand jury minutes

7    yet?

8          MS. CARDINALE:  No.

9          THE COURT:  This is ridiculous.  Time will be

10   charged to the People.

11         MS. CARDINALE:  Decision on blood order.

12         THE COURT:  I won't do it.  I have no idea if

13   this is sufficient, you want me to sign a blood order.

14   I'm not going to do it.  Let me speak to a supervisor.

15              (Pause in the proceedings.)

16         THE COURT:  I've talked to the chief assistant

17   who assures me that she will take care of this problem.  I

18   am not going to sign the blood order though I am ready to

19   sign the blood order today.  I find that there is

20   sufficient grounds for it.  I'm going to adjourn this

21   case.  Give me a date, late August.

22         MR. GREENBERG:  Judge, I will be gone late

23   August.

24         THE COURT:  Early September.

25         MR. GREENBERG:  September fourth.

PROCEEDINGS                                    3

1            THE COURT:  September fourth, grand jury

2       minutes.  Time charged to the People until I get those

3       grand jury minutes.

4                  *                *                *

5

6    It is hereby certified that the foregoing is a true and
     accurate transcript of the proceedings.

7

8

9

10       _Esther Sternlicht_____

11       ESTHER STERNLICHT, RPR
         OFFICIAL COURT REPORTER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Proceedings                                    1

1   SUPREME COURT OF THE STATE OF NEW YORK

2   COUNTY OF KINGS - CRIMINAL TERM - PART 10
    ------------------------------------------X
3   THE PEOPLE OF THE STATE OF NEW YORK,

4                   -against-

5   DENNIS COLON,

6                   Defendant.
    ------------------------------------------X
7   Indictment No. 2518/03        CALENDAR CALL

8

9                           360 Adams Street
                            Brooklyn, New York
10                          September 4, 2003

11

    B E F O R E:
12
                    HONORABLE LUIGI MARANO,
13                              Judicial Hearing Officer

14

    A P P E A R A N C E S:
15
                OFFICE OF CHARLES J. HYNES, ESQ.
16              DISTRICT ATTORNEY - KINGS COUNTY
                    350 Jay Street
17              Brooklyn, New York  11201
                BY:  MELISSA CARDINALE, ESQ.
18              Assistant District Attorney
                For the People
19
                HARLAN GREENBERG, ESQ.
20                  For the Defendant

21

22
                    NATALIE M. TURNER-MOLLOY
23                  Senior Court Reporter

24

25

                                                        nmtm

Proceedings                                                    2

1          THE CLERK:  On the trial calendar, Judge, number

2    19, Indictment Number 2518/2003, Dennis Colon.

3          MR. GREENBERG:  Harlan Greenberg, 20 Vesey

4    Street, New York, New York.

5          THE COURT:  Good morning.

6          MR. GREENBERG:  Good morning, Your Honor.

7          MS. CARDINALE:  Judge, this was supposed to be

8    on for decision on the Grand Jury minutes.  We handed them

9    in to Judge Firetog.  And then after the judge read the

10   Grand Jury minutes, he was going to decide the blood order

11   motion.

12         MR. GREENBERG:  Has Judge Firetog signed the

13   blood order?

14         THE COURT:  I beg your pardon.

15         MR. GREENBERG:  Has Judge Firetog signed the

16   blood order?

17         THE COURT:  I have no idea.

18         MS. CARDINALE:  That's what I was waiting for.

19         THE COURT:  I don't see any decision yet.  Not

20   yet.

21         MR. GREENBERG:  I think we are going to need a

22   date to see if the judge will sign that order.

23         THE COURT:  What date?

24         MR. GREENBERG:  Two weeks, Judge.

25         THE COURT:  Sure.

                                                        nmtm

Proceedings                                          3

1    MR. GREENBERG:  How is the 17th.

2    THE CLERK:  September 17th.

3    THE COURT:  9/17.

4    (Case adjourned to September 17, 2003.)

5              *       *       *       *

6
     It is hereby certified that the foregoing is
7    a true and accurate transcript of the
     proceedings.

8

9

10   NATALIE M. TURNER-MOLLOY
     Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  SUPREME COURT OF THE STATE OF NEW YORK
   COUNTY OF KINGS - CRIMINAL TERM - PART 10
2  ------------------------------------------------X

   THE PEOPLE OF THE STATE OF NEW YORK,
3

4                  -against-

5  DENNIS COLON,

6                              DEFENDANT
   ------------------------------------------------X
7  CALENDAR CALL
   Indict. No. 2518/03              360 Adams Street
8                                   Brooklyn, New York
                                    October 22, 2003
9

10

11 B E F O R E:

12     HONORABLE NEIL JON FIRETOG,
                    Justice
13

14
   A P P E A R A N C E S:
15
           OFFICE OF CHARLES J. HYNES, ESQ.
16         DISTRICT ATTORNEY - KINGS COUNTY
           For the People
17         BY:  MELISSA CARDINALE
                Assistant District Attorney
18

19

20         HARLAN GREENBERG, ESQ.
           For the Defendant
21         20 Vesey Street
           New York, New York
22

23

24                     ESTHER STERNLICHT, RPR
                       OFFICIAL COURT REPORTER
25

PROCEEDINGS                              2

1          THE CLERK:  Number 21 on the trial calendar,

2    2518 of 2003, Dennis Colon.

3          MR. GREENBERG:  Harlan, H-A-R-L-A-N, Greenberg,

4    20 Vesey Street, New York, New York.  Good morning, Your

5    Honor.

6          THE COURT:  Status of this case, People.

7          MS. CARDINALE:  Judge, on the last date you had

8    signed a blood order.  Since then we realized that there

9    is no need for a blood order because the defendant had a

10   swab taken at the time of the arrest.  Ms. Mason did call

11   defense counsel, faxed him all the paperwork on the swab

12   and the lab results.  It's a match.

13         MR. GREENBERG:  Judge, I do have one issue which

14   is, there was semen recovered or items that they believe

15   had semen on it, a dish rag and napkin, found outside of

16   the premises where the incident allegedly took place.  I

17   wanted to know whether the People have had those items

18   tested.

19         THE COURT:  What's the match to?

20         MR. GREENBERG:  Whether those items match.

21         THE COURT:  What was the match made to?

22         MR. GREENBERG:  The information that they sent

23   me, I couldn't determine whether -- what, what was the

24   match.  I think it was a -- this was from the rape kit,

25   right, not from items within the apartment.  From

es

PROCEEDINGS                              3

1   discovery I received early on, it seems there was a dish

2   rag where they claimed they recovered items.

3          THE COURT:  Where's Mason?

4          MS. CARDINALE:  She's still on trial in Part 33.

5          THE COURT:  So let's make a note.

6          MS. CARDINALE:  Okay.

7          THE COURT:  Was a match made to this wash rag

8   and whatever, and let Mr. Greenberg know as soon as

9   possible.  And let us put this case on to set a trial

10  date.  Give me a November date good for you.

11         MR. GREENBERG:  I'm going to be away for a

12  little bit.  I need the week of the 17th.

13         THE COURT:  18th is good.

14         MR. GREENBERG:  Can I just approach for one

15  moment.

16         THE COURT:  All right.

17         (Whereupon, a bench conference was held off the

18      record.)

19         THE COURT:  I'll renew the order of protection.

20  Have a seat, Mr. Colon.  I'll see you in November.

21  November 18th to set a trial date.

22         *              *              *

23  It is hereby certified that the foregoing is a true and
    accurate transcript of the proceedings.

24

25      ESTHER STERNLICHT, RPR
        OFFICIAL COURT REPORTER

                                           es

1                                                           1

2   SUPREME COURT OF THE STATE OF NEW YORK
    COUNTY OF KINGS - CRIMINAL TERM - PART 10
3   --------------------------------------------X

    THE PEOPLE OF THE STATE OF NEW YORK,
4

5                   -against-

6   DENNIS COLON,

7                       Defendant.
    --------------------------------------------X
8

9   Indictment                320 Jay Street
    No. 2518-03               Brooklyn, New York 11201
    MISC. PROC.              December 11, 2003
10

11  B E F O R E :

12
                    THE HONORABLE DANIEL CHUN,
13                         Justice

14
    A P P E A R A N C E S :
15

16      THE HONORABLE CHARLES J. HYNES
        DISTRICT ATTORNEY - KINGS COUNTY
        For the People
17      BY:  ILEAN SPINNER, ESQ.
        Assistant District Attorney
18

19      HARLAN GREENBERG, ESQ.
        Attorney for the Defendant
20      20 Vesey Street
        New York, New York
21

22

23

24                              DAVID R. SEDACCA
                                OFFICIAL COURT REPORTER
25


                        DRS

1

2

2          THE CLERK:  On the trial calendar, number 13,

3    Indictment 2518 of 2003, Dennis Colon.

4          MR. GREENBERG:  Harlan, H-a-r-l-a-n, Greenberg,

5    20 Vesey Street, New York, New York.

6          Good morning, your Honor.

7          THE COURT:  Good morning.

8          Any word on DNA?

9          MS. SPINNER:  Your Honor, Miss Mason said that

10   she sent defense counsel the DNA report by fax on October

11   17th --

12         THE COURT:  Counsel, have you received it?

13         MS. SPINNER:  -- and that the defendant is a

14   match.

15         MR. GREENBERG:  No, your Honor.  That was a

16   different DNA -- that was a different DNA that I was

17   seeking to find out whether that was being tested.

18         There was a claim by the People as well as the

19   police reports that there were other items recovered that

20   appeared to have semen on various items.  My question to

21   the D.A. was very specific, was whether or not that had

22   been tested.  The last time we were on they said it was

23   on-- you know -- to see whether or not that had been

24   done.

25         THE COURT:  Counsel, come up, please.

DRS

3

(Off-the-record side-bar conference held at the bench.)

THE COURT:  Counsel, the additional items that are being tested the People expect the results in January.  How's January 21st or the 22nd?

MR. GREENBERG:  22nd.

THE COURT:  January 22nd.  Bail is continued.

\*    \*    \*    \*

It is hereby certified that the foregoing is a true and accurate transcript of the proceedings.

DAVID R. SEDACCA
OFFICIAL COURT REPORTER

DRS

1

1    SUPREME COURT OF THE STATE OF NEW YORK.
     COUNTY OF KINGS : CRIMINAL TERM :  PART 3

2    - - - - - - - - - - - - - - - - - - - - - - - - -X

3    THE PEOPLE OF THE STATE OF NEW YORK

4           -against-

5

6    DENNIS COLON,

7                         Defendant.
     - - - - - - - - - - - - - - - - - - - - - - - - -X

8    Indictment No. 2518/2003    360 Adams Street
     __CALENDAR CALL__          Brooklyn, New York 11201

9                         June 10, 2004

10

11   BEFORE:

12            HONORABLE JOHN P. SULLIVAN,
                   Justice of the Supreme Court.

13   APPEARANCES:

14            CHARLES J. HYNES, ESQ.
            District Attorney - Kings County

15          Renaissance Plaza
              350 Jay Street

16            Brooklyn, New York 11201
          BY:  RONNIE JAUS, ESQ.

17            Assistant District Attorney

18            HOWARD GREENBERG, ESQ.
            Attorney for the Defendant

19

20

21

22         Anthony D. Frisolone, CSR, RDR, CRR, CRI
               Senior Court Reporter

23

24

25

Proceedings                                    2

1          THE COURT:  We had a conference at the bench;

2     this is court ordered DNA.

3          We will put it on for DNA results.  This has

4     been around once and this is the second time around.

5          We need to update the Order of Protection.

6          People, hand that up on the record to sign up.

7          This is No. 5.  We had a bench conference and

8     the People's offer is still maximum time.  We talked

9     about it and the People have not changed their

10    position on that.

11         Defense counsel, in the meantime, will wait

12    for the DNA results and certainly may talk to the

13    People.

14         So, we're going to put it over now.  We're

15    updating the Order of Protection.  It was the other

16    thing that I was saying.

17         MS. JAUS:  Yes, Your Honor, thank you.

18         THE COURT:  I will be putting this over for

19    about a month.  That puts us into July, of course.  I

20    can put it on July 8th or July 9th or the next

21    Wednesday or Thursday or Friday.

22         MR. GREENBERG:  Can we do the 15th?

23         THE COURT:  7/15.

24         This is for DNA results.  Consent adjournment.

25         Defendant is out on bail I take it?

*Anthony D. Frisolone, CSR, RDR, CRR, CRI*
*Senior Court Reporter*

Proceedings

1        MR. GREENBERG:  Yes.  Thank you.

2        (Whereupon, this matter was adjourned to

3  June 10, 2004.)

4

5

6        ****************************************

7        I hereby certify that the foregoing is a true

8  and accurate transcript of the proceedings taken in
      the above matter.

9

10

11                Anthony D. Frisolone, CSR, RDR, CRR, CRI

12                Senior Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25

Proceedings

1

1   SUPREME COURT OF THE STATE OF NEW YORK

2   COUNTY OF KINGS - CRIMINAL TERM - PART 3
    ------------------------------------------X
3   THE PEOPLE OF THE STATE OF NEW YORK,

4                    -against-

5   DENNIS COLON,

6                         Defendant.
    ------------------------------------------X
7   Indictment 2518/03              CALENDAR CALL

8

9                              360 Adams Street
                               Brooklyn, New York
10                             July 15, 2004

11

12  B E F O R E:
                    HONORABLE JAMES SULLIVAN,
13                                       Justice.

14

15  A P P E A R A N C E S:

16          OFFICE OF CHARLES J. HYNES, ESQ.
            DISTRICT ATTORNEY - KINGS COUNTY
                350 Jay Street
17              Brooklyn, New York  11201
            BY:  CRAIG ESSWEIN, ESQ.
18              Assistant District Attorney
                For the People

19          HARLAN GREENBERG, ESQ.
20              For the Defendant

21

22                      NATALIE M. TURNER-MOLLOY
23                      Senior Court Reporter

24

25

nmtm

Proceedings                                    2

1          THE CLERK:  On the trial calendar, number eight,

2   Dennis Colon.

3          MR. GREENBERG:  Harlan Greenberg.  Good morning,

4   Your Honor.

5          THE COURT:  Good morning, Counsel.

6          MR. ESSWEIN:  Judge, the matter is on today for

7   an update on the DNA results.  ADA Mason contacted her lab

8   as late as July 12th.  As of that date, the DNA testing

9   wasn't completed.

10          THE COURT:  Put it over for DNA results.

11          Counsel, I am looking at the 12th or the 13th of

12   August?

13          MR. GREENBERG:  Your Honor, August is little

14   difficult for me because -- could I have the September

15   dates.

16          THE COURT:  You can.  9/15, 9/16, 9/17.

17          MR. GREENBERG:  9/16 is fine.

18          THE COURT:  9/16.

19          Bail is continued.  Order of protection is still

20   good.

21          MR. GREENBERG:  Thank you.

22          (Case adjourned to September 16, 2004.)

23                *      *      *      *

24
                It is hereby certified that the foregoing is
25          a true and accurate transcript of the
            proceedings.
                                                      nmtm

Proceedings                                    3

NATALIE M. TURNER—MOLLOY
Official Court Reporter

Proceedings

1

1  SUPREME COURT OF THE STATE OF NEW YORK

2  COUNTY OF KINGS - CRIMINAL TERM - PART 3
   ------------------------------------------X
3  THE PEOPLE OF THE STATE OF NEW YORK,

4                    -against-

5  DENNIS COLON,

6                        Defendant.
   ------------------------------------------X
7  Indictment 2518/03              CALENDAR CALL

8

9                        360 Adams Street
                         Brooklyn, New York
10                       September 16, 2004

11

12 B E F O R E:

                HONORABLE JAMES SULLIVAN,
13                              Justice.

14

15 A P P E A R A N C E S:

16          OFFICE OF CHARLES J. HYNES, ESQ.
            DISTRICT ATTORNEY - KINGS COUNTY
                350 Jay Street
17              Brooklyn, New York  11201
            BY:  CRAIG ESSWEIN, ESQ.
18               Assistant District Attorney
                 For the People

19

20

21                   NATALIE M. TURNER-MOLLOY
                     Senior Court Reporter
22

23

24

25

                                              nmtm

Proceedings                                    2

1      THE CLERK:  Number 4, 2518 of 2003, Dennis

2 Colon.

3      Your Honor, the defendant's attorney of record

4 is Harlan Greenberg.  He is not present.  He is asking for

5 9/23.  He is observing the holiday.

6      THE COURT:  All right, Mr. Colon.  Your lawyer

7 must not have noticed that it was a religious holiday when

8 he agreed to this date.  We are going to put it over to

9 September 23rd.  That's your next court date.

10     People, do you have any results in the mean

11 time, DNA results?

12     MR. ESSWEIN:  Did we do it or defense?

13     THE COURT:  I believe you did it, I believe.

14     MR. ESSWEIN:  No, Judge.

15     THE COURT:  In any event, that was just for

16 information.  9/23 is your next date.

17     (Case adjourned to September 23, 2004.)

18          *     *     *     *

19

20     It is hereby certified that the foregoing is
a true and accurate transcript of the
proceedings.

21

22

23     NATALIE M. TURNER-MOLLOY
Official Court Reporter

24

25

nmtm

```
 1    SUPREME COURT OF THE STATE OF NEW YORK

 2    COUNTY OF KINGS - CRIMINAL TERM - PART 3
      ------------------------------------------X
 3    THE PEOPLE OF THE STATE OF NEW YORK,

 4               -against-

 5    DENNIS COLON,

 6                      Defendant.
      ------------------------------------------X
 7    Indictment 2518/03           CALENDAR CALL

 8

 9                              360 Adams Street
                                Brooklyn, New York
10                              September 23, 2004

11

12    B E F O R E:

                   HONORABLE JAMES SULLIVAN,
13                                     Justice.

14

15    A P P E A R A N C E S:

                   OFFICE OF CHARLES J. HYNES, ESQ.
16                 DISTRICT ATTORNEY - KINGS COUNTY
                        350 Jay Street
17                 Brooklyn, New York  11201
              BY:  CRAIG ESSWEIN, ESQ.
18                 Assistant District Attorney
                   For the People
19

20                 HARLAN GREENBERG, ESQ.
                        For the Defendant
21

22

                        NATALIE M. TURNER-MOLLOY
23                      Senior Court Reporter

24

25
```

Proceedings

2

1       THE CLERK:  On the trial calendar, adding

2   Indictment 2518 of 2003, Dennis Colon.

3       MR. GREENBERG:  Harlan Greenberg, 20 Vesey

4   Street, New York, New York.

5       Good morning, Your Honor.

6       THE COURT:  Good morning.

7       All right, Counsel.  Previously this had been on

8   for DNA results.

9       People, any DNA results?

10      Will you approach, please.

11      (Whereupon, a bench conference was held off

12   the record.)

13      THE COURT:  We have had a conference at the

14   bench and the Court now recalls that the issue here is the

15   office of the medical examiner.  And as far as the Court

16   knows, we haven't seen anything recently from them.  The

17   People haven't seen anything, and the defense hasn't.  So

18   we'll have to investigate what's going on.  I would like

19   to put it over for not too long a date so we can all get

20   an update as to what's happening.

21      So counsel, my calendar days are Thursday and

22   Friday.

23      MR. GREENBERG:  Your Honor, the only date I can

24   suggest would be 22nd, 15th.

25      THE COURT:  Then the 20th.

Proceedings                                    3

1          MR. GREENBERG:  That's not a Friday.

2          THE COURT:  10/21.  This is for DNA update.  It

3     has been on for consent as we understand it now.  Bail

4     continued.  The order of protection is still good.  10/21.

5          MR. GREENBERG:  Thank you.

6          (Case adjourned to October 21, 2004.)

7                    *       *       *       *

8

9          It is hereby certified that the foregoing is
           a true and accurate transcript of the
10         proceedings.

11

12         NATALIE M. TURNER-MOLLOY
           Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS:  CRIMINAL TERM:  Part 3
------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,

            -against-            Indictment No.
                             2518-03

DENNIS COLON,                CALENDAR

            Defendant.

------------------------------------------x

                    360 Adams Street
                    Brooklyn, New York  11201
                    October 21, 2004

B E F O R E :

          THE HONORABLE JAMES SULLIVAN
              Justice of the Supreme Court

A P P E A R A N C E S :

          For the People:
            HONORABLE CHARLES J. HYNES
            District Attorney - Kings County
            350 Jay Street
            Brooklyn, New York  11201
        BY:  CRAIG ESSWEIN, ESQ.,
            Assistant District Attorney

          For the Defendant:
            HARLAN GREENBERG, ESQ.
            20 Vesey Street
            New York, New York

                      GAIL ENG, RPR
                      Official Court Reporter

2

PROCEEDINGS

1          THE CLERK:  On the trial calendar, number

2    three, indictment 2518 of 2003, Dennis colon.

3          MR. GREENBERG:  Harlan Greenberg, 20 Vesey

4    Street, New York, New York.

5          THE COURT:  Yes, counsel.

6          MR. GREENBERG:  Good morning, your Honor.

7          THE COURT:  Good morning.

8          This is on for some status report on the DNA.

9          MR. ESSWEIN:  One moment, Judge.

10         Judge, basically, the update is that Ms. Mason

11   spoke to the medical examiner's office the other day,

12   and it turns out the property that the lab had

13   originally had, which was our intention to have testing,

14   had been sent back to the property clerk's office.

15   However, they failed to notify us as to that.

16         The end result is, we have to make

17   arrangements and arrangements are being made to have the

18   detective retrieve the property and bring it back to the

19   medical examiner's office for testing.  And it will take

20   approximately six weeks for the testing to be complete.

21         THE COURT:  Counsel.

22         MR. GREENBERG:  It's my understanding --

23         MR. ESSWEIN:  No testing was done.

24         MR. GREENBERG:  -- no testing was done, and

25   the property all along has been in the possession of the

ge

3

PROCEEDINGS

1    district attorney's office.

2                MR. ESSWEIN:  That's not correct.  The

3    property originally had been with the medical examiner's

4    office, but it had been sent back unbeknownst to us and

5    when we inquired --

6                MR. GREENBERG:  Sorry.

7                MR. ESSWEIN:  It had been sent back to the

8    clerk's office.  The NYPD property clerk's office, not

9    us.  And when we inquired as to the status, we were so

10   informed.  We are now making arrangements to see that

11   the medical examiner's office gets the property back.

12   They don't do that on their own.

13               THE COURT:  Counsel, anything else you want to

14   say?

15               Here's what I will say.  We will put it over

16   for DNA results.  The next time, the People, you're

17   going to start being charged.  So we will give a

18   reasonable time now.  12/2.  Bail continued.

19               MR. GREENBERG:  With respect to charging the

20   People, your Honor, not to make an argument now, but it

21   may be argument in the future, a motion, is that

22   property all along has been in the possession of the New

23   York City Police Department, of which --

24               THE COURT:  Counsel, I heard what you heard.

25   You want to put it in writing, we will look at it.

ge

4

PROCEEDINGS

1    12/2.

2            MR. GREENBERG:   Thank you.

3            (Whereupon, the proceedings were adjourned

4    until December 2, 2004.)

5                    *       *       *       *

6
             It is hereby certified that the
7    foregoing is a true and accurate transcript
     of the proceedings.

8

9

10                          GAIL ENG
                    Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ge

1  SUPREME COURT OF THE STATE OF NEW YORK

2  COUNTY OF KINGS - CRIMINAL TERM - PART 3
   -------------------------------------------------X
3  THE PEOPLE OF THE STATE OF NEW YORK,

4
                    -against-
5

6
   DENNIS COLON,
7
                              DEFENDANT.
8  -------------------------------------------------X
                         Supreme Court
9  Cal Call              320 Jay Street
   Indict. No. 2518/03   Brooklyn, New York
10                        December 2, 2004

11

12 B E F O R E:

13       THE HONORABLE JAMES SULLIVAN,
                   Justice of the Supreme Court
14 A P P E A R A N C E S:

15

16       HON. CHARLES J. HYNES, ESQ.
              DISTRICT ATTORNEY - KINGS COUNTY
17            350 Jay Street For the People
              Brooklyn, New York 11201
18       BY:  MISS GREGORY, ESQ.
              Assistant District Attorney

19

20       HOWARD GREENBERG, ESQ.
         Attorney for Defendant Colon
21       20 Vesey Street
         New York, New York

22

23

24                         Teri Maltese,
                     Senior Court Reporter
25

                         TM

2

- Proceedings -

1    COURT CLERK:   On the trial calendar, number

2    two, Dennis Colon.

3    MR. GREENBERG: Howard Greenberg, 20 Vesey

4    Street, New York, New York.

5    THE COURT:  Good morning, Counsel. Can we

6    approach?

7    MS. GREGORY:  Miss Gregory.

8    (Discussion held at bench.)

9    THE COURT:  Lets go on the record.

10   We've had a conference at the bench. This case

11   has been put over a few times regarding DNA.

12   Counsel, do you have something you want to put

13   on the record?

14   MR. GREENBERG: Judge, I will ask that this past

15   adjournment be includable to the People as well as a

16   number of adjournments prior to this. Apparently, the

17   People had possession of all the items within their

18   control and it was never turned over to the Medical

19   Examiner's Office to do the additional testing after they

20   consented to do it. So for most of this-- of the time

21   that we have been waiting for the DNA results, the People

22   have been in possession of the evidence and have failed

23   to turn it over to the Medical Examiner's  Office to have

24   the test done.

25   I will ask that you rule that all this time has

TM

- Proceedings -

1    been includable to the People.

2         THE COURT: All right. We will hear from the

3    People.

4         MS. GREGORY:  Your Honor, I apologize to the

5    Court.  I don't-- I know there was additional testing

6    that defense counsel requested. I'm not sure what

7    property it was, where it was and when it was supplied to

8    the Medical Examiner's Office.

9         THE COURT:  People, what we will do is when

10   you have a 30.30 motion, both of you put it in writing.

11        MR. GREENBERG: I will submit that when it is--

12   when I feel it is appropriate.

13        THE COURT:  Right-- let the People get off the

14   phone. The arguments are, of course, on the record and

15   when and if we have to rule on it we will look at the

16   written arguments as well.

17        We will put it over again for DNA results. It

18   will have to be a January date. He will come in on a

19   Friday, Counsel?

20        (Continued on following page.)

21

22

23

24

25

TM

4

- Proceedings -

1              MR. GREENBERG: Sure.

2              THE COURT:  Fridays are better now. Seven or

3    14, either one?

4              MR. GREENBERG: Fourteen.

5              THE COURT:  1/14. Bail is continued; however,

6    we need to update the order of protection again. He must

7    wait for his copy.

8

9

10                    *      *      *      *

11        Certified that the foregoing is a  true and
     accurate transcript of the  original stenographic minutes
12   in this case.

13        _____
                                              Teri Maltese,
14                                       Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25

TM

1   SUPREME COURT OF THE STATE OF NEW YORK

2   COUNTY OF KINGS:  CRIMINAL TERM : PART 3
    ------------------------------------------------X
3   THE PEOPLE OF THE STATE OF NEW YORK

4                   - against -

5   DENNIS COLON

6                                       Defendant
    ------------------------------------------------X
7
    Indict. No. 2518/03
8                                  360 Adams Street
                                   Brooklyn, New York
9                                  January , 14th,2005

10  B E F O R E :  HONORABLE JAMES P. SULLIVAN
                                   Justice (and a jury)
11


12
    A P P E A R A N C E S :
13

14              CHARLES J. HYNES, ESQ.
                DISTRICT ATTORNEY - KINGS COUNTY
15                  for the People
                BY:  RACHEL SCHMIDT, ESQ.
16                       Assistant District Attorney

17
                ANDREW BOTTARI, ESQ.
18              Attorney for the Defendant
                   440 Hamilton Avenue
19                 Brooklyn, New York

20                            Jennie Fantasia
                              Official Court Reporter
21

22

23

24

25

                        JF

PROCEEDINGS

1           THE CLERK:  Calendar number five, 2518 of

2     2003, Dennis Colon.

3           MS. SCHMIDT:  Rachel Schmidt.

4           MR. BOTTARI:  Andrew Bottari, 440 Hamilton

5     Avenue, for the assigned attorney.

6           THE COURT:  Are you standing up for the

7     assigned counsel?

8           MR. BOTTARI:  Yes, I am.

9           THE COURT:  We had a discussion at the

10    bench.  Defense counsel is ill today.  I know

11    something is going around so maybe he has that.

12          Can we put it on for 1/21?  As I indicated on

13    the bench, this case has been sitting on the

14    calendar for far too long.  I will send it out to

15    Part-80 so let Mr. Greenberg know that.

16          1/21 for Mr. Colon.   Bail is continued.

17    Order of protection is still good.

18          MR. BOTTARI:  Thank you, Your Honor.

19    *         *         *         *         *         *

20    Certified to be a true and accurate transcript of

21         the foregoing proceedings.

22

23    _____

24         JENNIE FANTASIA

25         OFFICIAL COURT REPORTER

JF