- Judge's Final Charge -

1    You have just heard both layers making their

2    final arguments to you in which they urged you to make

3    certain inferences and conclusions which they want you to

4    reasonably and logically draw from the evidence in the

5    case.

6    As I have instructed you from the beginning of

7    the trial, these summations by the lawyers are not

8    evidence.  It is the function of the jury to draw it's own

9    inference and conclusion from the evidence as you recollect

10   the evidence and as you find the evidence credible and

11   believable.

12   As I indicated to you prior to the summation

13   by the lawyers, you are at liberty to adopt those

14   inferences, conclusions, and arguments of the lawyers which

15   you find persuasive and to reject those which you do not

16   agree with or do not find persuasive.

17   As I stated to you at the beginning of the

18   trial, you are the judges of the facts.  I am the Judge of

19   the law.  You must accept the law as I instruct you,

20   whether you agree with the law or not.

21   I have made various rulings on objections made

22   by either lawyer and on other areas of the law.  You must

23   not infer anything from these rulings, nor from anything I

24   may have said during the trial.

25   Further, you must not draw any inference or

1    conclusion from an answer which I did not allow to be

2    answered or from any testimony which I ordered stricken

3    from the record.

4           Neither by these instructions, nor by my

5    rulings or remarks that I have made do I mean to indicate

6    any opinion as to the facts or as to what your verdict

7    should be.

8           As triers of the fact, it is up to you to

9    determine whether to believe a witness, and it is up to you

10   to determine how much of that witness' testimony to accept

11   and how much to reject.

12          You must use your common sense in evaluating

13   all testimony in the same way you apply it in your everyday

14   lives to determine who is telling you the truth and who is

15   telling you something less than the full truth.

16          It is your duty to determine the facts and to

17   determine them only from the evidence in the case.  You are

18   to apply the law to the facts and that way decide the case.

19          You must not be governed or influenced by

20   sympathy or prejudice for or against any party in this

21   case.  Your verdict must be based upon the evidence and not

22   upon speculation, guess, or conjecture.

23          As you saw each lawyer question witnesses, on

24   occasion, I also questioned a witness.  You are instructed

25   not to give any different weight to testimony elicited by

- Judge's Final Charge -

1    the Assistant District Attorney and by the defense attorney

2    than you give to testimony elicited from me.  In other

3    words, do not attach any special weight to any testimony

4    simply because I asked a question.

5         There's some more instructions which I gave at

6    the beginning of the trial which I'm going to repeat now.

7    First, you heard me at the beginning of the trial refer to

8    the accusatory instrument which stated the offenses the

9    defendant was alleged to have committed.

10        Again, this accusatory instrument is nothing

11   more than a piece of paper containing an accusation.  It is

12   not proof of anything, nor is it evidence of anything.  It

13   is merely a device required by the law to inform the

14   defendant of the charges against him.

15        Second, the People have the burden of proof.

16   The defendant has no burden of proof and is not required to

17   do anything to prove his innocence.  The defendant has the

18   option of just sitting back and not doing a thing.

19        Why?

20        Because the defense has no burden of proof,

21   and the defendant is presumed innocent.

22        The defendant is not required to put on a

23   defense or call any witnesses, because of the presumption

24   of innocence.  In a case where the defendant chooses not to

25   take the stand to testify in his behalf, you may not draw

- Judge's Final Charge -

1    any negative inference from that.  In other words, you may

2    not hold that against the defendant.

3              The defendant is not required to put on a

4    defense or call any witnesses, because of the presumption

5    of innocence.  Since the defendant did not take the stand

6    to testify in his own behalf in this case, I now instruct

7    you that you may not draw any negative inference from that.

8    In other words, you may not hold that against the

9    defendant.

10             The burden of proof never shifts.  The burden

11   of proof remains with the People throughout the trial the

12   same way the presumption of innocence remains with the

13   defendant from the beginning of the trial, and it is not

14   removed unless there comes a time when during your

15   deliberations you are convinced that the People have proven

16   the defendant's guilt beyond a reasonable doubt.

17             Therefore, if, in your mind, during your

18   deliberation, the People have not met their burden of proof

19   and the presumption of innocence has not been overcome by

20   proof which convinces you beyond a reasonable doubt of the

21   defendant's guilt, then you must find the defendant not

22   guilty.

23             If, on the other hand, in your mind, during

24   your deliberations, the People have met their burden of

25   proof and the presumption of innocence has been overcome by

- Judge's Final Charge -

1  proof which convinces you beyond a reasonable doubt that

2  the defendant is guilty, then you must find the defendant

3  guilty.

4           Third, there's a standard of proof.  Again,

5  the People are required to prove the defendant's guilt

6  beyond a reasonable doubt.  This doubt does not require the

7  People to prove the defendant's guilt beyond all doubt or

8  to a mathematical certainty.

9           The People do, however, have to prove the

10  defendant's guilt beyond a reasonable doubt.  A doubt is an

11  actual doubt which you have after you have given

12  consideration to all of the evidence in this case.

13           If, after carefully weighing and considering

14  all of that evidence, you feel uncertain and not fully

15  convinced of the defendant's guilt and you are satisfied in

16  entertaining such doubt, you are acting as a reasonable

17  person should act in a matter of this importance, and then

18  that is a reasonable doubt of which the defendant is

19  entitled.  If you entertain such a doubt of the defendant's

20  guilt, you must find the defendant not guilty.

21           If, on the other hand, the evidence convinces

22  you that the defendant is guilty beyond a reasonable doubt,

23  you must find the defendant guilty.

24           A doubt is not a reasonable doubt if instead

25  of being based on the nature and quality of the evidence or

William Cardenuto, CSR, Senior Court Reporter

- Judge's Final Charge -

1    based on the lack of evidence, the doubt is based on a

2    guess or a whim or speculation unrelated to the evidence.

3    Reasonable doubt may be found not only in the evidence, but

4    in the lack of evidence in the case.

5            In a few minutes I will be instructing you

6    regarding the laws as it relates to the charges in this

7    case.   In those instructions, I'll tell you about each

8    element of the offenses charge.

9            What you need to know now is that this burden

10   of proving the defendant's guilt beyond a reasonable doubt

11   attaches to each and every element of each offense charged.

12           Finally, with regard to this part of my

13   instruction, you are instructed not to consider or

14   speculate on matters concerning possible sentencing or

15   punishment the defendant may face if convicted.   You must

16   not discuss these matters, nor must your deliberations in

17   anyway be influenced by such matters.   Prejudice and

18   sympathy have no part in your deliberations.

19           This concludes my instruction to you regarding

20   the general principles of law and the constitutional

21   safeguards which are applicable to all criminal cases.

22           Now, I'll instruct you concerning evidence.

23           Evidence consists of oral testimony under

24   oath, stipulations by the parties, and physical exhibits

25   which during the trial were introduced by either side and

William Cardenuto, CSR, Senior Court Reporter

- Judge's Final Charge -

1   which the Court allowed into evidence.

2           Questions that were asked by either lawyer or

3   even by me are not in and of themselves evidence.  Only

4   questions which are coupled with answers are evidence.

5   Therefore, you may not infer any fact from the mere asking

6   of a question.

7           Any testimony of a witness which I ordered

8   stricken from the record or any exhibits which were marked

9   for identification, but never allowed into evidence, are to

10  be totally disregarded by you.  Comments or remarks made by

11  either lawyer are not evidence and, therefore, must be

12  disregard by you.

13          The People and the defendant may, under our

14  law and as a matter of right, call and examine witnesses.

15  When these witnesses testify, the other party as a right to

16  cross examine.  There's no duty whatsoever on the defense

17  to call any witness, since, as I have previously explained,

18  the burden is on the People to prove each and every

19  essential element of the offenses charged beyond a

20  reasonable doubt, and this burden never shifts.

21          As judges of the facts, it is up to you to

22  determine the alternate issue of fact, whether the People

23  have proven the defendant's guilt of these charges beyond a

24  reasonable doubt.  This determination will turn upon your

25  estimate of the credibility of each witness' testimony and

- Judge's Final Charge -

1    the weight to be accorded to such testimony.

2              The credibility of each witness is your

3    determination.   You must determine whether each witness who

4    testified did so truthfully or whether any witness

5    testified falsely.

6              You must decide whether a witness's

7    recollection of the events about which that witness

8    testified is accurate and reliable or inaccurate and

9    unreliable.

10             In order to make this judgment, I ask you to

11   draw upon your experience in your everday lives.   In your

12   everyday lives, you make judgments concerning the

13   reliability of statements made to you by others.   The same

14   way you do this in your everyday lives you should apply in

15   your deliberations as jurors.

16             There are a few tests which you may wish to

17   use.   For example, is the witness an interested or

18   disinterested witness; is the testimony of the witness

19   plausible and, therefore, likely to be true or is it

20   implausible and, therefore, unlikely to be true; is the

21   testimony of the witness consistent with other evidence in

22   the case; did the witness strike you as a person being

23   frank, open, and certain or evasive, deceptive, or unsure;

24   did the witness' testimony as to events appear to be

25   accurate, or did it appear to be hazy; how did the

- Judge's Final Charge -

903

witness's demeanor appear to you as you observed the
witness testify.

Also, should you, in the course of your
deliberation, conclude that any witness has intentionally
testified falsely to a material fact during the testimony,
you may disregard all of that witness's testimony on the
principle that anyone who testifies falsely as to one
material fact might also testify falsely as to other
material facts.

However, you are not required to find such a
witness as totally unworthy of being believed.  You may
accept a portion of that witness' testimony that you
believe to be true and reject the portion that you conclude
to be false.

The defendant did not testify in this case.
Again, I charge you that the fact that the defendant did
not testify is not a factor from which any inference
unfavorable to the defendant may be drawn.

Police officers testified in this case.  You
should use the same tests in evaluating the testimony of
police officers as you will use in evaluating the testimony
of any other witnesses.  The mere fact that those witnesses
are police officers does not require you to give their
testimony any greater or lesser credibility than you would
afford to any other witness.

William Cardenuto, CSR, Senior Court Reporter

1          You will recall that Kyra Keblish, a

2   criminalist, testified about certain scientific matters

3   concerning DNA testing and gave an opinion as to the

4   matters about which she testified.

5          You will also recall that Alice Olosunda, a

6   registered nurse, testified about certain medical matters

7   involving the science of nursing, mid-wifery, sexual

8   assault forensic examination, and gave an opinion as to the

9   matters about which she testified.

10         Ordinarily, a witness is limited to testifying

11  about facts and is not permitted to give an opinion.

12  Where, however, scientific, medical, technical, or other

13  specialized knowledge will help the jury understand the

14  evidence or to determine a fact in issue, a witness with

15  expertise in a specialized field may render opinions about

16  such matters.

17         You should evaluate testimony of any such

18  witness just as you would the testimony of any other

19  witness.  You may accept or reject such testimony in whole

20  or in part, just as you may with respect to the testimony

21  of any other witness.

22         In deciding whether or not to accept such

23  testimony, you should consider the following:  The

24  qualifications and believability of that witness; the facts

25  and other circumstances upon which that witness' opinion

William Cardenuto, CSR, Senior Court Reporter

- Judge's Final Charge -

1   was based; the accuracy or inaccuracy of any assumed or

2   hypothetical fact upon which the opinion was based; the

3   reasons given for the witness' opinion; and whether that

4   witness' opinion is consistent or inconsistent with other

5   evidence in the case.

6            During the course of this trial, the Court has

7   received and marked into evidence a number of exhibits.

8   Those exhibits are 1, a diagram; 2, five photographs on a

9   board; 3, eight photographs on a board -- there's a list,

10  and we need to get the most recent version of that list.

11           I'll start all over.  1, a diagram, which is a

12  diagram of the complainant's apartment; 2, five photographs

13  on a board; 3, eight photographs on a board; 4, six

14  photographs on a board; 5, the duvet; 6, a robe; 7, three

15  photographs, 8, A, C, D, containing a 911 call; 9, a rape

16  kit; 10, a large bag which voucherred the duvet; 11, a

17  street map; 12, DNA files; 13, a chart showing DNA results;

18  14, 15, and 16 are Verizon records; 17, two photographs;

19  18, a Miranda warnings sheet; 19, DNA consent form; 20 a

20  consent to search form; 21, two photographs of a lineup;

21  22, medical records; 23, a diagram of the female genitalia.

22           These exhibits together with the testimony

23  which you heard in this trial constitute the evidence.

24  Please, remember that any exhibits which were marked for

25  identification, but which were not received into evidence,

- Judge's Final Charge -

1    cannot and must not be considered by you during your

2    deliberations.

3              If during your deliberation you decide that

4    you wish to examine any or all of the exhibits, please,

5    request them in a brief note to the Court.

6              Among the exhibits received into evidence were

7    photographs.  These photographs intend to portray various

8    locations or objects relevant to the issues in this case.

9    These photographs were received into evidence to assist

10   you, the jury, in making your evaluation of the testimony

11   relating to these locations, scenes, or objects depicted in

12   them.

13             You are the sole judges of the accuracy of

14   these photographs, and you are the sole judges of the

15   weight to be given to these photographs.

16             At this point, ladies and gentlemen, we turn

17   our attention to the definition and rules applicable to the

18   specific offenses that will be submitted to you for your

19   final determination.

20             Count 1 of the indictment charges the

21   defendant with Burglary in the First Degree.  Under our

22   law, a person is guilty of Burglary in the First Degree

23   when that person knowingly remains unlawfully in a dwelling

24   with the intent to commit a crime therein or when in

25   effecting entry or while in the dwelling or in immediate

- Judge's Final Charge -

1    flight therefrom that person uses or threatens the

2    immediate use of a dangerous instrument.

3              Some of the terms used in this definition have

4    their own special meaning in our law.  I will now give you

5    the meaning of the following terms -- "dwelling,"

6    "unlawfully," "knowingly," "intent," and "dangerous

7    instrument."

8              A dwelling is a building which is usually

9    occupied by a person lodging therein at night.  Where a

10   building consists of two or more units separately secured

11   or occupied, each unit shall be deemed both a separate

12   building in itself and a part of the building.

13             A person remains unlawfully in a dwelling when

14   that person has no license or privilege to remain in that

15   dwelling.  To have no license or privilege to remain means

16   to have no right, permission, or authority to do so.

17             A person knowingly remains unlawfully in a

18   dwelling when that person is aware that he or she is

19   remaining in such dwelling without license or privilege to

20   do so.

21             Intent means conscious objective or purpose.

22   Thus, a person has the intent to commit a crime in a

23   dwelling when that person's conscious objective or purpose

24   is to commit a crime in that dwelling.

25             The crime of burglary is separate and distinct

William Cardenuto, CSR, Senior Court Reporter

– Judge's Final Charge –

1    from any crime which a person may commit within the

2    dwelling.  The crime of burglary is complete when a person

3    knowingly remains in a dwelling unlawfully and does so with

4    the intent to commit a crime in the dwelling, regardless of

5    whether that person ever commits or even attempts to commit

6    any crime in the dwelling.

7         Dangerous instrument means any instrument,

8    article, or substance, including a vehicle, which under the

9    circumstances in which it is used, attempted to be used, or

10   threatened to be used, is readily capable of causing death

11   or other serious physical injury, that is, serious and

12   protracted disfigurement, protracted impairment of health

13   or protracted loss or impairment of the function of any

14   bodily organ.  Under that definition, death or other

15   serious physical injury need not be, in fact, caused.

16        In order for you to find the defendant guilty

17   of this crime, the People are required to prove from all of

18   the evidence in the case beyond a reasonable doubt each of

19   the following four elements:

20        One, that on or about March 26th, 2003, in the

21   County of Kings, the defendant, Dennis colon, unlawfully

22   remained in a dwelling located at 1711 East 15th Street,

23   Apartment 1-A in Brooklyn, New York.

24        Two, that the defendant did so knowingly.

25        Three, that the defendant did so with the

– Judge's Final Charge –

1    intent to commit a crime inside the dwelling.

2           Four, that while in the dwelling or in

3    immediate flight therefrom, the defendant used or

4    threatened the immediate use of a dangerous instrument,

5    namely, a knife.

6           Therefore, if you find that the People have

7    proven beyond a reasonable doubt each of those elements,

8    you must find the defendant guilty of the crime of Burglary

9    in the First Degree as charged in Count 1.

10          On the other hand, if you find that the people

11   have not proven beyond a reasonable doubt any one or more

12   of those elements, you must find the defendant not guilty

13   of the crime of Burglary in the First Degree as charged in

14   Count 1.

15          Count 2 of the indictment charges the

16   defendant with Rape in the First Degree.  Under our law, a

17   person is guilty of Rape in the First Degree when he or she

18   engages in sexual intercourse with another person without

19   that person's consent by means of forcible compulsion.

20          I'll now give you the meaning of the following

21   terms used in that definitions -- sexual intercourse

22   without a person's consent and forcible compulsion.

23          Sexual intercourse has it's ordinary meaning

24   and occurs upon penetration, however, slight.  Sexual

25   intercourse occurs without a person's consent when it

William Cardenuto, CSR, Senior Court Reporter

1    results from forcible compulsion.

2              Forcible compulsion means to intentionally

3    compel, either by the use of physical force or by a threat,

4    express or implied, which places a person in fear of

5    immediate death or physical injury to himself or herself or

6    in fear that he or she will immediately be kidnapped.

7              In order for you to find the defendant guilty

8    of this crime, the People are required to prove from all of

9    the evidence in the case beyond a reasonable doubt both of

10   the following two elements:

11             One, that on or about March 26th, 2003, in the

12   County of Kings, the defendant, Dennis Colon, engaged in

13   sexual intercourse with Vera Krioutchkova.

14             Two, that the defendant did so without Vera

15   Krioutchkova's consent as a result of the defendant's use

16   of forcible compulsion.

17             Therefore, if you find the People have proven

18   beyond a reasonable doubt both of those elements, you must

19   find the defendant guilty of Rape in the First Degree as

20   charged in Count 2.

21             On the other hand, if you find that the People

22   have not proven beyond a reasonable doubt either one or

23   both of those elements, you must find the defendant not

24   guilty of the crime of Rape in the First Degree as charged

25   in Count 2.

- Judge's Final Charge -

1    Count 3 charges the defendant with the crime

2  of Sexual Abuse in the First Degree.  Under our law, a

3  person is guilty of Sexual Abuse in the First Degree when

4  he or she subjects another person to sexual contact by

5  forcible compulsion.

6    Under our law, it is also an element of this

7  offense that the sexual act was committed without consent.

8  The sexual contact takes place without a person's consent,

9  when the lack of consent results in forcible compulsion.

10    Some of these terms used in this definition

11  have their own special meaning in our law.  I'll now give

12  you the meaning of the following terms -- sexual contact

13  without a person's consent and forcible compulsion.

14    Sexual contact means any touching of the

15  sexual or other intimate parts of a person for the purpose

16  of gratifying the sexual desire of either person.  It

17  includes the touching of the actor by that person as well

18  as the touching of that person by the actor, whether

19  directly or through clothing.

20    I have previously defined for you the term

21  forcible compulsion.  Sexual contact takes place without a

22  person's consent when it results from forcible compulsion.

23    In order for you to find the defendant guilty

24  of this crime, the People are required to prove from all of

25  the evidence in the case beyond a reasonable doubt both of

William Cardenuto, CSR, Senior Court Reporter

1    the following two elements:

2              One, that on or about March 26th, 2003, in the

3    County of Kings, the defendant, Dennis Colon, subjected

4    Vera Krioutchkova to sexual contact by touching his finger

5    to her vagina, and, two, that the defendant did so without

6    Vera Krioutchkova's consent by the use of forcible

7    compulsion.

8              Therefore, if you find that the People have

9    proven beyond a reasonable doubt both of those elements,

10   you must find the defendant guilty of the crime of Sexual

11   Abuse in the First Degree as charged in Count 3.

12             On the other hand, if you find that the People

13   have not proven beyond a reasonable doubt either one or

14   both of those elements, you must find the defendant not

15   guilty of the crime of Sexual Abuse in the First Degree as

16   charged in Count 3.

17             Count 4 of the indictment charges the

18   defendant with the crime of Assault in the Second Degree.

19   Under our law, a person is guilty of Assault in the Second

20   degree when, in the course of and in furtherance of the

21   commission of a felony, which in this case would be the

22   commission of the felonies of Burglary in the First Degree,

23   Rape in the First Degree, Sex Abuse in the First Degree,

24   then that person causes physical injury to another person

25   other than one of the participants in the crime.

1    Some of the terms used in this definition have

2    their own special meaning in our law.  I'll now give you

3    the meaning of the term "physical injury."

4    Physical injury means impairment of physical

5    condition or substantial pain.  If you find that physical

6    injury was caused by the defendant, then it does not matter

7    that the physical injury was caused unintentionally or

8    accidentally rather than with an intention to cause

9    physical injury or that it resulted from the victim's fear

10   or fright.

11   I have previously defined for you the

12   underlying felony offenses of Rape in the First Degree,

13   Sexual Abuse in the First Degree and Burglary in the First

14   Degree.

15   In order for you to find the defendant guilty

16   of this crime, the People are required to prove from all

17   the evidence in the case beyond a reasonable doubt the

18   following two elements:

19   One, that on or about March 26th, 2003, in the

20   County of Kings, the defendant, Dennis Colon, committed the

21   crime of Burglary in the First Degree and or Rape in the

22   First Degree and or Sexual Abuse in the First Degree, and,

23   two, that in the course of and in furtherance of the

24   commission of any of the felonies charged, namely, Burglary

25   in the First Degree, Rape if the First Degree, or Sexual

- Judge's Final Charge -

914

1    Abuse in the First Degree, the defendant, in the commission

2    of any of those felonies, caused physical injury to Vera

3    Krioutchkova and that Vera Krioutchkova was not a

4    participant in the felony.

5          Therefore, if you find that the People have

6    proven beyond a reasonable doubt both of those elements,

7    you must find the defendant guilty of the crime of Assault

8    in the Second Degree as charged in Count 4.

9          On the other hand, if you find that the People

10    have not proven beyond a reasonable doubt either one or

11    both of those elements, you must find the defendant not

12    guilty of the crime of Assault in the Second Degree as

13    charged in Count 4.

14          Count 5 charges the defendant with the crime

15    of Assault in the Second Degree.  I shall now instruct

16    first on the definition of the crime of Assault in the

17    Second Degree which you just heard me do, and then I'll

18    define for you an attempt to commit a crime, and then I

19    shall put both definitions together and list for you the

20    elements of the crime of Attempted Assault in the Second

21    Degree.

22          Under our law, a person is guilty of Assault

23    in the Second Degree when in furtherance of -- I'm sorry --

24    when in the course of and in furtherance of the commission

25    of a felony, which in this case would be the commission of

1    the felonies of Burglary in the First Degree, Rape in the

2    First Degree, or Sexual Abuse in the First Degree, that

3    person causes physical injury to a person other than one of

4    the participants in the crime.

5            Some of the terms used in this definition have

6    their own special meaning in our law.  I'll now give you

7    the meaning of the term "physical injury."  Physical injury

8    means impairment of physical condition or substantial pain.

9            If you find that physical injury was caused by

10   the defendant, it does not matter that the physical injury

11   was caused intentionally or accidentally rather than with

12   an intention to cause physical injury or it resulted from

13   the victim's fear or fright.

14           I have previously defined for you the

15   underlying felony offenses of Rape in the First Degree,

16   Sexual Abuse in the First Degree, and Burglary in the First

17   Degree.

18           I'll now define for you what constitutes an

19   attempt to commit a crime.  Under our law, a person is

20   guilty of an attempt to commit a crime when with intent to

21   commit a crime he or she engages in conduct which tends to

22   effect the commission of such crime, in this case, the

23   crime of Assault in the Second Degree.

24           Some of the terms used in this definition have

25   their own special meaning in our law.  I'll now give you

William Cardenuto, CSR, Senior Court Reporter

1   the meaning of the following term "intent" and "tends to

2   effect."

3          Intent means a conscious objective, or

4   purpose.  Thus, a person acts with intent to commit a crime

5   when his or her conscious objective or purpose is to commit

6   that crime.

7          Conduct which tends to effect the commission

8   of the crime means conduct which comes dangerously close or

9   very near to the completion of the intended crime.

10          If a person intends to commit a crime or

11   engages in conduct which carries his or her purpose forward

12   within dangerous proximity to the completion of the

13   intended crime, he or she is guilty of an attempt to commit

14   that crime.

15          It does not matter that the intended crime was

16   not actually committed.  The person's conduct must be

17   directed towards the accomplishment of the intended crime.

18   It must go beyond planning and mere participation, but need

19   not be the last act necessarily to effect the actual

20   commission of the intended crime.  Rather, the conduct

21   involved must go far enough that it comes dangerously close

22   or very near to the completion of the intended crime.

23          In order for you to find the defendant guilty

24   of the crime of Attempted Assault in the Second Degree, the

25   People are required to prove from all the evidence in the

case beyond a reasonable doubt both of the following two elements:

That on or about March 26th, 2003, in the County of Kings, the defendant, Dennis Colon, intended to commit the crime of Assault in the Second Degree, and, two, that the defendant engaged in conduct which tended to effect the commission of that crime.

Therefore, if you find that the People have proven beyond a reasonable doubt both of those elements, you must find the defendant guilty of the crime of Attempted Assault in the Second Degree as charged in Count 5.

On the other hand, if you find that the People have not proven beyond a reasonable doubt either one or both of those elements, then you must find the defendant not guilty of the crime of Attempted Assault in the Second Degree as charged in Count 5.

Before you retire to deliberate, ladies and gentlemen, there's a few areas which I need to instruct you on.

In order to reach a verdict, each juror must agree to such verdict. You have the duty, as jurors, to consult with each other and to deliberate with a view to reaching an agreement, if it can be done without giving up individual judgment.

Case 1:10-cv-02173-NGG-LB   Document 4-8   Filed 07/27/10   Page 24 of 72 PageID #: 661

1    As jurors, each one of you must decide the

2  case for yourself, but only after an impartial

3  consideration of the evidence with your fellow jurors.

4    No juror should give up any honestly held

5  conviction as to the weight or effect of the evidence

6  solely because of the opinion of your fellow jurors or for

7  the mere purpose of returning the verdict.

8    During the course of your deliberations, you,

9  as individuals, should not hesitate to re-examine your own

10  views and change your opinion if convinced it is erroneous.

11    If, during the course of your deliberations,

12  your recollection of any part of the testimony should fail

13  or should you find yourself in doubt concerning my

14  instruction to you, you have the option to return to the

15  courtroom for the purpose of having such testimony or

16  instruction read back to you.

17    Your foreperson, Juror No. 1, should write out

18  your request, sign it, and seal the note in the envelope

19  provided to you by the court officer.

20    Give that sealed envelope to the court officer

21  who will deliver the note to me.

22    As soon as the lawyers, the defendant, and

23  court staff are assembled in the courtroom, you will be

24  called back to the courtroom, and I'll promptly respond to

25  your request as indicated.

- Judge's Final Charge -

919

1    Certain exhibits have been received in

2    evidence during the course of this trial.  They will be

3    available to you for your examination during the course of

4    your deliberation in the jury room.

5    After you have started deliberating, you may

6    request that one or more of the exhibits which were

7    received into evidence be delivered to you in the jury

8    room.  In order to get the exhibits delivered to you, make

9    the request to the court officer, and the exhibits will be

10   promptly delivered.

11   During any recess when you are absent from the

12   jury room, all exhibits must be returned to the court

13   officer.  When you resume your deliberations, the exhibits

14   will be returned to you.

15   In order to reach a verdict, all 12 members of

16   the jury must agree.  Your verdict must be unanimous.

17   Whenever all your members are in agreement on a verdict,

18   you must report your verdict to the Court.  When you have

19   reached the verdict, simply tell the court officer that you

20   have reached a verdict, and you will be promptly called

21   back into the courtroom to announce your verdict.

22   Now, since our trial jury is about to retire

23   to deliberate, I charge and I emphasize that there must be

24   no further communications or contacts between the trial

25   jury and the alternate jurors.

William Cardenuto, CSR, Senior Court Reporter

- Judge's Final Charge -

920

1          The alternate jurors will be provided a

2   private room to await the rendition of the trial jury's

3   verdict.  You alternates must not discuss this case between

4   yourself or with anyone else.  You are also not to read

5   anything about the case if it were to be reported or to

6   permit anyone to discuss the case with you in your

7   presence, nor are you to form any opinion as to the factual

8   issues in the case, nor are you to form or express any

9   opinion as to the guilt or innocence of the defendant,

10   unless and until such time as you may be required to

11   participate in the trial jury's deliberation.

12          Will the lawyers approach.

13          (Brief discussion held off the record at the

14   Judge's bench.)

15          THE COURT:  Alternates, you are going to be

16   discharged with the thanks of the Court.  I now ask the

17   court officer to take the alternates.

18          Now, ladies and gentlemen of the jury, I am

19   submitting this case to you for your final deliberation.

20   As I previously stated, the law and your oath require that

21   you render a fair and impartial verdict without fear,

22   favor, or sympathy.

23          Therefore, now take this case and in the

24   fulfillment of your oath and in accordance with the

25   instruction of the Court, render a true and impartial

William Cardenuto, CSR, Senior Court Reporter

1    verdict.

2              Follow the court officer.  Take your books

3    with you.

4              (Whereupon, the jury exits the courtroom.)

5              THE COURT:  The jury has left the room.

6    There's a couple of housekeeping matters.

7              Anything from either side?

8              MR. GREENBERG:  No:

9              MS. CHANNAPATI:  No.

10             THE COURT:  We have to get the verdict sheet

11   initialed by each of you.  I have to print it out.  The

12   clerk has to get one, and you both have to endorse one.

13             THE COURT:  All right.  The other thing is

14   make sure that we have cellphone numbers.  If we have them,

15   fine, and do we have a stipulation that if the jury asks

16   for exhibits they may receive the exhibits without the

17   lawyers being called back?

18             MS. CHANNAPATI:  That's fine.

19             MR. GREENBERG:  Absolutely, just when we're

20   not here, and we come back.

21             THE COURT:  You want to know?

22             MR. GREENBERG:  I want to know.

23             THE COURT:  You would like to know about it.

24             The verdict sheet is now Court Exhibit No. 1.

25                  (Recess taken.)


William Cardenuto, CSR, Senior Court Reporter

- Judge's Final Charge -

1    THE COURT:  Back on the case on trial, and the

2  first thing I'll do is refer to our notes.

3    MR. GREENBERG:  Our notes?

4    THE COURT:  It's plural, but let's see.  I'm

5  trying to put them in order.  The first note that we got is

6  today's date, 2:55 p.m. "The jury would like to see the

7  pictures of the knife."

8    The second note we got is 3:38 p.m., "No. 23,

9  diagram of female anatomy.  No. 14, 15, 16, Verizon

10  records."

11    4:35, "Detective Harvin's testimony read

12  back."

13    With the request for a read back, the lawyers

14  will consult, and we'll agree upon the read back.

15    Now, let me -- the note came after I called

16  for you, because I have my own issue.  In my review of the

17  charges, I now conclude -- the Court changes back and

18  forth, but I have looked at it, and I now conclude that

19  that attempted assault cannot be charged for this crime.

20    So, I would want -- the reason is you have to

21  have the intent in that assault.  So --

22    MR. GREENBERG:  I see.

23    THE COURT:  So, it's no good.  I think the way

24  it's set up it would not be repugnant.  I would like to get

25  rid of it and give them the four counts since they haven't

William Cardenuto, CSR, Senior Court Reporter

- Judge's Final Charge -

923

1    rendered a verdict.

2            MR. GREENBERG:  With respect to the read back,

3    when you say the attorneys get together.

4            THE COURT:  Oh, they look at sections and

5    agree.  These are the questions.

6            MS. CHANNAPATI:  If they are asking for the

7    whole thing --

8            THE COURT:  We'll interpret it as the whole

9    thing.  We don't have to get together.  It's the whole

10   thing.

11           Logistically, it's going to take quite a time.

12   It's going on 5:00 o'clock.  So the question is:  Do I do

13   the read back?

14           I thought we could have the read back first

15   thing in the morning and have the jury come back, but I

16   need to know if there's any objection.

17           Off the record.

18           (Brief discussion held off the record.)

19           THE COURT:  Back on the record.

20           The Court believes that we should do it in the

21   morning.  I know that defense is somewhat, you know,

22   waivering, but I do say that it is well close to 5:00

23   o'clock, and the read back will not be completed until 6:00

24   p.m.

25           It is unlikely this jury intends to stay that

William Cardenuto, CSR, Senior Court Reporter

- Judge's Final Charge -

924

1   late.  I can put on the record we are instructed through

2   our administrators not to stay beyond 5:00 p.m.  That is

3   budgetary.  It doesn't have anything to do with the case,

4   but we're so instructed, and the reporter told me he has to

5   leave this evening.  So we would have to get a new court

6   reporter in and that would be problematically difficult.

7            MR. GREENBERG:  Understood.

8            THE COURT:  So, with that, now, the question

9   is:  How do I tell the jury about this change of verdict

10  sheet tonight?

11           MR. GREENBERG:  I would do that as soon as

12  possible.

13           THE COURT:  I'll tell them that they don't

14  have to consider that, and I'll give them a new verdict

15  sheet.  Counsel, I think I will do a new verdict sheet and

16  let them see it.

17           MR. GREENBERG:  Let's do a new sheet and --

18           THE COURT:  I'll instruct them, and I'll give

19  it to them in the morning.  If I give it to them now, it

20  just confuses things.

21           MR. GREENBERG:  We'll fill it out in the

22  morning and give it to them in the morning and instruct

23  them that you're withdrawing that.

24           THE COURT:  I've taken the last count off.

25  That doesn't count.


William Cardenuto, CSR, Senior Court Reporter

- Judge's Final Charge -

925

1        Okay.  We can call for the jury.

2        THE COURT OFFICER:  Jury entering.

3        (Whereupon, the jury enters the courtroom and

4    is properly seated.)

5        THE CLERK:  All jurors are present.

6        Both sides waive the reading of the roll?

7        MS. CHANNAPATI:  So waived.

8        MR. GREENBERG:  Yes.

9        THE COURT:  Ladies and gentlemen of the jury,

10   I want to put on the record that the Court has received

11   three notes from you today.  I have let the lawyers be

12   aware, but I'll just put it on the record.

13        The first note dated today, June 7th, 2:55

14   p.m., "The jury would like to see the pictures of the

15   knife."  The second note dated today, 3:38 p.m., it lists

16   certain exhibits, "No. 23, diagram of female anatomy; 14,

17   15, and 16, Verizon records."

18        Those were delivered to you, is that correct?

19        The third note is today's date, 4:35 p.m.,

20   "Detective Harvin's testimony read back."

21        We have discussed that, and it will be a long

22   read back.  It will take about an hour, we estimate;

23   therefore, the Court will adjourn for this evening.  We'll

24   have the read back first thing in the morning, and you will

25   continue your deliberations, of course.

William Cardenuto, CSR, Senior Court Reporter

– Judge's Final Charge –

926

1          Now, before I give you my instruction, as you

2     are going to be excused for the evening, but you have

3     commenced your deliberation, so I have, somwhat, a little

4     more detailed instruction.

5          I also should report to you we have examined

6     the verdict sheet and have decided that the last count,

7     which is the attempt count, will not be presented to you;

8     therefore, you will not be deliberating regarding that

9     count, and I'll give you a clean verdict sheet in the

10    morning, which will stop at Count 4.

11         Let me give you my instruction.

12         Ladies and gentlemen of the jury, today the

13    court session is drawing to a close, and I'm about to

14    excuse you for the day.

15         You must return to your jury room at 9:30

16    tomorrow.  The law requires that before I excuse you, I

17    review with you the rules that you must follow over the

18    course of this recess.

19         These rules are designed to guarantee the

20    parties a fair trial and are generally the same ones you

21    are required to follow prior to your deliberations, but the

22    law requires that I restate them now in order to emphasize

23    their importance.

24         The reason for this emphasis is that you are

25    at a critical stage.  You are in the process of

- Judge's Final Charge -

1    deliberations, and you are not being sequestered.  That

2    means you are not being kept together overnight where we

3    can have greater assurance that you are following the

4    rules.

5         You are being permitted to go home after

6    deliberations have begun.  There might be a greater

7    temptation, for example, to discuss the case with someone

8    else or to go to the scene.  You must resist those

9    temptations.

10        To discuss the case with someone else or to

11   visit the scene would not only violate my order, but would

12   also violate the oath which you took to follow the rules.

13        Those rules are deliberation must be conducted

14   only in the jury room when all the jurors are present;

15   therefore, all deliberations must now cease and must not be

16   resumed until all of you have returned tomorrow and are

17   together again in the jury room.

18        During this recess, do not converse either

19   amongst yourselves or with anyone else anything related to

20   or about this case.  You will remain under an obligation

21   not to request, accept, agree to accept or discuss with any

22   person the receiving or accepting of any payment or benefit

23   in return for supplying any information concerning this

24   trial.

25        You must promptly report directly to me any

William Cardenuto, CSR, Senior Court Reporter

- Judge's Final Charge -

928

1    incident within your knowledge involving an attempt by any

2    person improperly to influence you or any member of the

3    jury.

4              You must not visit or view the premises or

5    place where the charged crime was allegedly committed or

6    any other premises or place that was involved in the case.

7              You must not read, view, or listen to any

8    accounts or discussions of the case that might be reported

9    in the news media, such as, newspapers, television, radio,

10   Internet, or any other newspaper.

11             You must not attempt to research any fact or

12   issue of law related to this case whether by discussion or

13   by researching in a library or the Internet or any other

14   means.

15             I know you understand these rules are

16   important, and that in accordance with your oath and

17   promise to the Court, you will follow them.

18             I remind you that you are to return tomorrow

19   at 9:30 a.m. promptly, please, because like the opera, the

20   show cannot get started until everyone is here.

21             You will now be leaving your books for the

22   court officers.  You'll get them in the morning

23             THE COURT OFFICER:  Step out, please.

24             THE COURT:  It's just the books.  They keep

25   control of them.


William Cardenuto, CSR, Senior Court Reporter

- Judge's Final Charge -

1          (Whereupon, the jury exits the courtroom.)

2          THE COURT:  The jury has left the room.  We're

3    adjourned until tomorrow at 9:30.

4          MR. GREENBERG:  Thank you.

5          (Whereupon, the case on trial was adjourned to

6    June 8th, 2006.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

930

```
 1   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF KINGS - CRIMINAL TERM - PART:  3
 2   -------------------------------------------X
     THE PEOPLE OF THE STATE OF NEW YORK,
 3

 4                                      INDICTMENT NO.
                 -against-              2518/2003
 5
     DENNIS COLON,
 6                      Defendant.
     -------------------------------------------X
 7                                 320 JAY STREET
                                   BROOKLYN, NEW YORK 11201
 8                                 JUNE 8, 2006

 9

     B E F O R E:
10
                     HONORABLE JAMES P. SULLIVAN,
11                        Justice and jury
     A P P E A R A N C E S:
12

13              CHARLES J. HYNES, ESQ.
                District Attorney, Kings County
14              BY:  ANITA CHANNAPATI, ESQ.
                BY:  LOUISE COHEN, ESQ.
15              Assistant District Attorney

16

17              HARLAN GREENBERG, ESQ.
                DENNIS PETRE
18              30 Vesey Street, 15th Floor
                New York, New York
19              Attorneys for the Defendant

20
                         William Cardenuto
21                       Senior Court Reporter

22

23

24

25
```

-WC-

- Proceedings -

931

1          THE COURT:  On the record.

2          Case on trial.

3          I've looked at the transcript, and there's

4     a couple of issues.

5          Page 760, at Line 12:

6          "QUESTION:  What did he say?

7          "ANSWER:  I asked him if he knew a young lady

8     by the name of Vera who lived at 1711 East 15th Street, a

9     Russian female, and he told me, `No,' he didn't know anyone

10    by the name of Vera, and he didn't know anyone at that

11    location.  I asked him if he raped anyone at that location,

12    and he told me, 'No.'

13         "MR. GREENBERG:  Objection.

14         "THE COURT:  Overruled.

15         "MR. GREENBERG:  Your Honor, may I?"

16         And then there was a discussion, and I,

17    ultimately, sustained the objection.

18         So the question is:  Do we read what she said

19    before the objection or not?

20         MR. GREENBERG:  I certainly submit to the

21    Court that I did not receive notes of that.

22         MS. CHANNAPATI:  Your Honor, the People agree.

23         THE COURT:  The People agree.

24         Then that's done.

25         There's another place that comes up.  That's

- Proceedings -

932

1      at Page 800.  I'll start -- I'll start at Line 4.

2                  "QUESTION:  Is that the only thing that the

3      defendant said to you that day?

4                  "ANSWER:  No, it's not.

5                  "QUESTION:  What else did he say?

6                  "ANSWER:  In regard to Russian massage

7      parlors?

8                  "QUESTION:  No.  I'm talking about the entire

9      statement.

10                 "ANSWER:  Okay.  He told me he did not know

11     the complainant.  He didn't know anyone that lived at that

12     location.  He frequented Russian massage parlors and

13     sometimes he meets females for" --

14                 "MR. GREENBERG:  Objection.

15                 "THE COURT:  Sustained."

16                 MS. CHANNAPATI:  I would say we can strike

17     "and sometimes he meets females for."  Why don't we do

18     that, after the word "parlors."

19                 THE COURT:  After the word "parlor."

20                 "He told me he did not know the complainant.

21     He didn't know anyone that lived at that location.  He

22     frequented Russian massage parlors."

23                 MR. GREENBERG:  That's the sum and substance

24     of the statement, except reversed.

25                 THE COURT:  There are several places where the

William Cardenuto, CSR, Senior Court Reporter

- Proceedings -

933

1   word "victim" is used, either by an inadvertence by the

2   People in questions or by the detective, and, of course,

3   she's not always instructed not to use the word "victim."

4           In these cases, the People believe we should

5   read it as it was rather than amend each time?

6           MR. GREENBERG:   There's a number of times

7   where there were objections, and I believe that will be

8   there.

9           THE COURT:   With that, we would be giving the

10   jury a new verdict sheet.   It stops at No. 4 rather than

11   going to No. 5.

12          Just for the record, we got the Burglary in

13   the First Degree, and that relates to the allegation of

14   using a knife, and that's Count 1.

15          We got Rape in the First Degree, that's Count

16   3, and then we got Sexual Abuse in the First Degree, which

17   relates to finger to vagina, and that's Count 5, and,

18   finally, we got Assault in the Second Degree, which is

19   Count 6.

20          We'll put on the record, with regard to the

21   verdict sheet, that we are substituting this new verdict

22   sheet, which is dated today, June 8th.   The other one was

23   dated June 7th, and that will be the replacement in the

24   court exhibits as Court Exhibit No. 1.

25          On consent?


William Cardenuto, CSR, Senior Court Reporter

- Proceedings -

934

1          MS. CHANNAPATI:  Yes.

2          MR. GREENBERG:  Yes.

3          THE COURT OFFICER:  Jury entering.

4          (Whereupon, the jury enters the courtroom and

5    is properly seated.)

6          THE CLERK:  All jurors are present.

7          Do both sides waive the reading of the role?

8          MR. GREENBERG:  Yes.

9          MS. CHANNAPATI:  So waived.

10          THE COURT:  Ladies and gentlemen of the jury,

11    yesterday you commenced your deliberation, and you asked

12    for a read back of Detective Harvin's testimony, and so the

13    reporter is here to give you that read back.  After the

14    read back is concluded, you will go back to the jury room

15    to resume your deliberations.

16          As I indicated, you will have a changed

17    verdict sheet.  It's dated today, and it has four counts

18    now rather than the five.  We discussed that last night.

19          Now, we're ready for the read back.

20          (Whereupon, the testimony of Detective Harvin

21    was read back to the jury.)

22          THE COURT:  The reporter indicates that he has

23    finished reading, and so you will now retire again to the

24    jury room to continue your deliberations.

25          (Whereupon, the jury exits the courtroom.)


William Cardenuto, CSR, Senior Court Reporter

- Proceedings -

935

1              THE COURT:  We are adjourned until we hear

2      from the jury.

3                          (Recess taken.)

4              THE COURT:  Back on the record.

5              Court Exhibit No. 4.  So, I guess it's note

6      No. 4; today's date; time, 2:17 p.m.;  "The jury would like

7      all charges read back."

8              And by "all" that means from start to finish,

9      although they may be talking about the particular crime

10     charged.  So when they come in, I'll ask them if they mean

11     all from beginning to end that I gave them or do they just

12     need the specific crimes.

13             MR. GREENBERG:  Do you want them to put that

14     on a note?

15             THE COURT:  Yeah, it's easier, and then they

16     can tell me what they want.

17             MR. GREENBERG:  Yeah.  Ask the question and

18     then send them back.

19             THE COURT:  Okay.  We're ready.

20             THE COURT OFFICER:  Jury entering.

21             (Whereupon, the jury enters the courtroom and

22     is properly seated.)

23             THE CLERK:  All jurors are present.

24             Do both sides waive the reading of the roll?

25             MR. GREENBERG:  Yes.


William Cardenuto, CSR, Senior Court Reporter

- Proceedings -

936

1          MS. CHANNAPATI:  So waived.

2          THE COURT:  Ladies and gentlemen, I have

3     received a note dated today.  The time is 2:17 p.m., and

4     the message is:  "The jury would like all charges read

5     back."

6          Now, you will recall when I gave you my

7     charges I said these instructions will be in three parts.

8     The first part is a general statement of the law that is

9     applicable to all trials in criminal cases.  The second

10    part is the statement of the law as it relates to this

11    particular case, and the third part was instructions

12    regarding the conduct of your jury deliberation.

13         What the Court does not know is whether you

14    want all of them, one, two, three, or just one of those

15    parts.  I need to send you back into the jury room to

16    discuss that.  If you want it all, you can tell me that.

17    If you want just a portion, you will tell me that by a

18    note.

19              All right.

20         (Whereupon, the jury exits the courtroom.)

21         THE COURT:  The note says, "Please, read

22    charges, parts two and three."

23         MR. GREENBERG:  Which are?

24         THE COURT:  Which are the crimes and their

25    conduct during deliberations.


William Cardenuto, CSR, Senior Court Reporter

- Re-Charge -

937

1          We can have them back.

2          THE COURT OFFICER:  Ready for the jury?

3          THE COURT:  Yes.

4          THE COURT OFFICER:  Jury entering.

5          (Whereupon, the jury enters the courtroom and

6    is properly seated.)

7          THE CLERK:  All jurors are present.

8          Do both sides waive the reading of the roll?

9          MR. GREENBERG:  Yes.

10         MS. CHANNAPATI:  Yes.

11         THE COURT:  Ladies and gentlemen, you promptly

12   gave me a note back.  The time is 2:45.  It says, "Please,

13   read charges, parts two and three."

14         So, as I indicated, Part 2 is a statement of

15   the law as it relates to this particular case, and Part 3

16   is instruction regarding your jury deliberations.

17         Count 1 of the indictment charges the

18   defendant with Burglary in the First Degree.  Under our

19   law, a person is guilty of Burglary in the First Degree

20   when that person knowingly, as it relates to this case,

21   remains unlawfully in a dwelling with the intent to commit

22   a crime therein and when in effecting or while in the

23   dwelling or in immediate flight therefrom the person uses

24   or threatens the immediate use of a dangerous instrument.

25         Some of the terms used in this definition have

William Cardenuto, CSR, Senior Court Reporter

1    their own special meaning in our law.  I'll now give you

2    the meaning of the following terms -- "dwelling,"

3    "unlawfully," "knowingly," "intent," and "dangerous

4    instrument."

5              A dwelling is a building which is usually

6    occupied by a person lodging therein at night.  When a

7    building consists of two or more units separately secured

8    or occupied, each unit shall be deemed both a separate

9    building in itself and a part of the main building.

10             A person remains unlawfully in a dwelling when

11   that person has no license or privilege to remain in that

12   dwelling.  To have no license or privilege to remain means

13   to have no right, permission, or authority to do so.

14             A person knowingly remains unlawfully in a

15   dwelling when that person is aware that he or she is

16   remaining in such dwelling without license or privilege to

17   do so.

18             Intent means conscious objective or purpose.

19   Thus, a person has the intent to commit a crime in a

20   dwelling when that person's conscious objective or purpose

21   is to commit a crime in that dwelling.

22             The crime of burglary is separate and distinct

23   from any crime which a person may commit within the

24   dwelling.  The crime of burglary is complete when a person

25   knowingly remains in a dwelling unlawfully and does so with

1    the intent to commit a crime in the dwelling, regardless of

2    whether that person ever commits or even attempts to commit

3    any crime in the dwelling.

4            Dangerous instrument means any instrument,

5    article, or substance, including a vehicle, which under the

6    circumstances in which it is used, attempted to be used, or

7    threatened to be used, is readily capable of causing death

8    or other serious physical injury, that's serious and

9    protracted disfigurement, protracted impairment of health,

10   or protracted loss or impairment of the function of any

11   bodily organ.  Under that definition death or other serious

12   physical injury need not, in fact, be caused.

13           In order for to you find the defendant guilty

14   of this crime, the People are required to prove from all of

15   the evidence in the case beyond a reasonable doubt each of

16   the following four elements:

17           One, that on or about March 26th, 2003, in the

18   County of Kings, the defendant, Dennis Colon, unlawfully

19   remained in a dwelling located at 1711 East 15th Street,

20   Apartment 1-A, in Brooklyn, New York.

21           That the defendant did so knowingly, that the

22   defendant did so with the intent to commit a crime inside

23   the dwelling, that while in the dwelling or in immediate

24   flight therefrom, the defendant used or threatened the

25   immediate use of a dangerous instrument, namely, a knife.

1          Therefore, if you find that the People have

2    proven beyond a reasonable doubt each of those elements,

3    you must find the defendant guilty of the crime of Burglary

4    in the First Degree as charged in Count 1.

5          On the other hand, if you find that the people

6    have not proven beyond a reasonable doubt any one or more

7    of those elements, you must find the defendant not guilty

8    of the crime of Burglary is the First Degree as charged in

9    Count 1.

10         Count 2 of the indictment charges the

11   defendant with Rape in the First Degree.  Under our law, a

12   person is guilty of Rape in the First Degree when he or she

13   engages in sexual intercourse with another person without

14   that person's consent by means of forcible compulsion.

15         I'll now give you the meaning of the following

16   terms used in that definition -- sexual intercourse without

17   a person's consent and forcible compulsion.

18         Sexual intercourse has it's ordinary meaning

19   and occurs upon penetration however slight.  Sexual

20   intercourse takes place without a person's consent when it

21   results from forcible compulsion.

22         Forcible compulsion means to intentionally

23   compel, either by the use of physical force or by a threat,

24   expressed or implied, which places a person in fear of

25   immediate death or physical injury to himself or herself or

William Cardenuto, CSR, Senior Court Reporter

1   in fear that he or she will immediately be kidnapped.

2            In order for you to find the defendant guilty

3   of this crime, the People are required to prove from all of

4   the evidence in this case beyond a reasonable doubt both of

5   the following two elements:

6            One, that on or about March 26th, 2003, in the

7   County of Kings, the defendant, Dennis Colon, engaged in

8   sexual intercourse with Vera Krioutchkova, and, two, that

9   the defendant did so without Vera Krioutchkova's consent as

10  a result of the defendant's use of forcible compulsion.

11           Therefore, if you find that the People have

12  proven beyond a reasonable doubt both of those elements,

13  you must find the defendant guilty of Rape in the First

14  Degree as charged this in Count 2.

15           On the other hand, if you find that the People

16  have not proven beyond a reasonable doubt either one or

17  both of those elements, you must find the defendant not

18  guilty of the crime of Rape in the First Degree as charged

19  in Count 2.

20           Count 3 of the indictment charges the

21  defendant with the crime of Sexual Abuse in the First

22  Degree.  Under our law, a person is guilty of Sexual Abuse

23  in the First Degree when he or she subjects another person

24  to sexual contact by a forcible compulsion.

25           Under our law, it is also an element of this

1   offense that the sexual act was committed without consent.

2   Sexual contact takes place without a person's consent when

3   the lack of consent results from forcible compulsion.

4        Some of the terms used in this definition have

5   their own special meaning in our law.  I'll now give you

6   the meaning of the following terms -- sexual contact

7   without a person's consent and forcible compulsion.

8        Sexual contact means any touching of the

9   sexual or other intimate parts of a person for the purpose

10   of gratifying the sexual desire of either party.  It

11   includes the touching of the actor by that person as well

12   as the touching of that person by the actor, whether that

13   is directly or through clothing.

14        I have previously defined for you the term

15   "forcible compulsion."  Sexual contact takes place without

16   a person's consent when it results from forcible

17   compulsion.

18        In order for you to find the defendant guilty

19   of this crime, the People are required to prove from all

20   the evidence in the case beyond a reasonable doubt both of

21   the following two elements:

22        One, that on or about March 26th, 2003, in the

23   County of Kings, the defendant, Dennis Colon, subjected

24   Vera Krioutchkova to sexual contact by touching his finger

25   to her vagina, and, two, that the defendant did so without

William Cardenuto, CSR, Senior Court Reporter

1    Vera Krioutchkova's consent by the use of forcible

2    compulsion.

3            Therefore, if you find that the People have

4    proven beyond a reasonable doubt both of those elements,

5    you must find the defendant guilty of the crime of Sexual

6    Abuse in the First Degree as charged in Count 3.

7            On the other hand, if you find that the People

8    have not proven beyond a reasonable doubt either one or

9    both of those elements, you must find defendant not guilty

10   of the crime of Sexual Abuse in the First Degree as charged

11   in Count 3.

12           Count 4 of the indictment charges the

13   defendant with the crime of Assault in the Second Degree.

14   Under our law, a person is guilty of Assault in the Second

15   Degree when in the course of and in furtherance of the

16   commission of a felony, which in this case would be the

17   committing of the felonies of Burglary in the First Degree,

18   Rape in the First Degree, or Sexual Abuse in the First

19   Degree, that person causes physical injury to a person

20   other than one of the participants in the crime.

21           Some of the terms used in this definition have

22   their own special meaning in our law.  I'll now give you

23   the meaning of the term "physical injury."

24           Physical injury means impairment of physical

25   condition or substantial pain.  If you find that physical

William Cardenuto, CSR, Senior Court Reporter

- Re-Charge -

944

1  injury was caused by the defendant, then it does not matter

2  that the physical injury was caused unintentionally or

3  accidentally rather than with an intention to cause

4  physical injury or that it resulted from the victim's fear

5  or fright.

6          I have previously defined for you the

7  underlying felony offense of Rape in the First Degree,

8  Sexual Abuse in the First Degree, and Burglary in the First

9  Degree.

10          In order for you to find the defendant guilty

11  of this crime, the People are required to prove from all

12  the evidence in the case beyond a reasonable doubt both of

13  the following two elements:

14          One, that on or about March 23th, 2003, in the

15  County of Kings, the defendant, Dennis Colon, committed the

16  crime of Burglary in the First Degree and or Rape in the

17  First Degree and or Sexual Abuse in the First Degree, and

18  that, in the course of and in furtherance of the commission

19  of any of the felonies charged herein, namely, the Burglary

20  in the First Degree and or Rape in the First Degree and or

21  Sexual Abuse in the First Degree, the defendant in the

22  commission of any of those felonies, caused physical injury

23  to Vera Krioutchkova and that Vera Krioutchkova was not a

24  participant in that felony.

25          Therefore, if you find that the People have

William Cardenuto, CSR, Senior Court Reporter

1  proven beyond a reasonable doubt both of those elements,

2  you must find the defendant guilty of the crime of Assault

3  in the Second Degree as charged in Count 4.

4          On the other hand, if you find that the People

5  have not proven beyond a reasonable doubt either one or

6  both of those elements, you must find the defendant not

7  guilty of the crime of Assault in the Second Degree as

8  charged in Count 4.

9          Now that section of my instruction which

10  relates to the conduct of your deliberation.

11          In order to reach a verdict, each juror must

12  agree to such verdict.  You have the duty as jurors to

13  consult with one another and to deliberate with a view to

14  reaching an agreement if it can be done without giving up

15  individual judgment.

16          As jurors, each one of you must decide the

17  case for yourself, but only after an impartial

18  consideration of the evidence with your fellow jurors.

19          No juror should give up any honestly held

20  conviction as to the weight or effect of the evidence

21  solely because of the opinion of your fellow jurors or for

22  the mere purpose of returning your verdict.

23          During the course of your deliberations, you,

24  as individuals, should not hesitate to re-examine your own

25  views and change your opinion if convinced it is erroneous.

1          If, during the course of your deliberation,

2     your recollection of any part the testimony should fail or

3     if you find yourself in doubt concerning my instruction on

4     the law, you have the option to return to the courtroom and

5     have whatever testimony or charge read back to you.

6          Your foreperson, Juror No. 1, should write out

7     your request, sign it, and seal it an envelope, and give it

8     to the court officer and the court officer will give it to

9     me.

10         As soon as the court staff, the lawyers, and

11    the defendant are assembled, you'll be called back into the

12    courtroom, and I'll promptly respond to your request as

13    indicated.

14         Certain exhibits have been received in

15    evidence during the course of the trial.  They will be

16    available to you for your examination during the course of

17    your deliberation in the jury room.

18         After you have started deliberating, you may

19    request that one or more exhibits which were received in

20    evidence be delivered to you in the jury room.  In order to

21    get them delivered, simply make out that request, and

22    you've already done that.

23         In order to reach a verdict, all 12 of the

24    jury must agree.  Your verdict must be unanimous.  Whenever

25    all your members are in agreement on a verdict, you must

– Re-Charge –

1   report your verdict to the Court.  When you have reached a

2   verdict, simply tell the court officer that you have

3   reached a verdict, and you will be promptly called to the

4   courtroom to announce your verdict.

5            The next instruction was about the alternates,

6   and they are discharged, and the final portion was I now

7   submit the case to you and for you to go in there and

8   render a fair and impartial verdict without fear, favor, or

9   sympathy.

10           Okay.

11           (Whereupon, the jury exits the courtroom.)

12           THE COURT:  The jury has exited.  We'll await

13   further word.

14               (Recess taken.)

15           THE COURT:  All the parties are present.  We

16   have received a note.  "The jury has reached a verdict."

17           So we can call the jury in.

18           THE COURT OFFICER:  Ready for the jury, your

19   Honor?

20           THE COURT:  Yes.

21           THE COURT OFFICER:  Jury entering.

22           (Whereupon, the jury enters the courtroom and

23   is properly seated.)

24           THE CLERK:  All jurors are present.

25           Do both sides waive the reading of the roll?

1          MR. GREENBERG:  Yes.

2          MS. CHANNAPATI:  So waived.

3          THE COURT:  Ladies and gentlemen, I have

4    received a note indicating today's date, and the time is

5    4:10, and it says, "The jury has reached a verdict."

6          Is that so?

7          The clerk will take over.

8          THE CLERK:  Will the foreperson please stand.

9          In the matter of the People of the State of

10   New York versus the Defendant, Dennis Colon, has the jury

11   agreed upon a verdict?

12         THE FOREPERSON:  Yes.

13         THE CLERK:  As to the first count of Burglary

14   in the First Degree, how do you find the defendant, guilty

15   or not guilty?

16         THE FOREPERSON:  Guilty.

17         THE CLERK:  As to the second count, Rape in

18   the First Degree, how do you find the defendant, guilty or

19   not guilty?

20         THE FOREPERSON:  Guilty.

21         THE CLERK:  As to the third count, Sex Abuse

22   in the First Degree, finger to vagina, how do you find the

23   defendant, guilty or not guilty?

24         THE FOREPERSON:  Guilty.

25         THE CLERK:  As to the fourth count of Assault

- Verdict -

949

1    in the Second Degree, how do you find the defendant, guilty

2    or not guilty?

3                    THE FOREPERSON:  Guilty.

4                    THE CLERK:  Please, be seated.

5                    Members of the jury, please hear your verdict

6    as it stands recorded by the court through your foreperson.

7                    You say you find the defendant, Dennis Colon,

8    as to the first count of Burglary in the First Degree,

9    guilty; as to the second count of Rape in the First Degree,

10   guilty; as to the third count of Sexual Abuse in the First

11   Degree, guilty; as to the fourth count of Assault in the

12   Second Degree, guilty.

13                   Members of the jury, is that your verdict so

14   say you all?

15                   (Whereupon, the jury affirms their verdict.)

16                   THE COURT:  Does either side wish to have the

17   jury polled?

18                   MR. GREENBERG:  Yes.

19                   THE CLERK:  Members of the jury, is the

20   verdict announced by your foreperson your verdict in all

21   respects?

22                   Juror No. 1, is that your verdict?

23                   JUROR NO. 1:  Yes.

24                   THE CLERK:  Juror No. 2, is that your verdict?

25                   JUROR NO. 2:  Yes.

William Cardenuto, CSR, Senior Court Reporter

- Verdict -

1     THE CLERK:  Juror No. 3, is that your verdict?

2     JUROR NO. 3:  Yes.

3     THE CLERK:  Juror No. 4, is that your verdict?

4     JUROR NO. 4:  Yes.

5     THE CLERK:  Juror No. 5, is that your verdict?

6     JUROR NO. 5:  Yes.

7     THE CLERK:  Juror No. 6, is that your verdict?

8     JUROR NO. 6:  Yes.

9     THE CLERK:  Juror No. 7, is that your verdict?

10     JUROR NO. 7:  Yes.

11     THE CLERK:  Juror No. 8, is that your verdict?

12     JUROR NO. 8:  Yes.

13     THE CLERK:  Juror No. 9, is that your verdict?

14     JUROR NO. 9:  Yes.

15     THE CLERK:  Juror No. 10, is that your

16 verdict?

17     JUROR NO. 10:  Yes.

18     THE CLERK:  Juror No. 11, is that your

19 verdict?

20     JUROR NO. 11:  Yes.

21     THE CLERK:  Juror No. 12, is that your

22 verdict?

23     JUROR NO. 12:  Yes.

24     THE CLERK:  The jury affirms the verdict as

25 their own.

William Cardenuto, CSR, Senior Court Reporter

- Verdict -

1    THE COURT:  Ladies and gentlemen of the jury,

2  the Court thanks you for your dedicated service in this

3  case.  As jurors, thank you for the care, concern,

4  attention, and concentration that you have given to your

5  deliberation.

6    Here, the Court thanks each and everyone of

7  you.  Neither this court or any other court could function

8  without a jury such as you.

9    Ladies and gentlemen, the jury is a touchstone

10  of freedom under the law which we all hold dearly.  Your

11  service as jurors is one of the highest duties which any

12  citizen could be called upon to perform.

13    In the fulfillment of your service as members

14  of the jury, you have reflected the best traditions of a

15  free society.

16    Prior to leaving the courtroom, for your

17  information, the law zealously guards the secrecy of your

18  deliberation.  You need not open to anyone anything

19  concerning your deliberation -- what you said, what you

20  talked about, what your fellow jurors said.  As jurors,

21  whatever you decide may remain locked in the secrecy that

22  surrounded your deliberation.  The book is closed.

23    On the other hand, you are free to discuss the

24  case with anyone whom you choose.  The choice is yours.

25  You're now dismissed.  I want to thank you again for your

William Cardenuto, CSR, Senior Court Reporter

- Verdict -

1   excellent service.

2              (Whereupon, the jury exits the courtroom.)

3              THE COURT:  The Court is still in session.

4   The jury has exited.

5              Let me hear from either side.

6              MS. CHANNAPATI:  Your Honor, at this time the

7   People request remand.

8              THE COURT:  The People are requesting remand.

9              There was pending a motion for trial order of

10  dismissal.  That is denied at this time.

11             Anything else?

12             MR. GREENBERG:  I would just move to ask for a

13  directed verdict.

14             THE COURT:  In other words, you're moving to

15  set aside that verdict?

16             MR. GREENBERG:  Yes.

17             THE COURT:  Counsel, you can put that in

18  writing.

19             I'm going to set aside a date for sentence.

20             THE CLERK:  7/20.

21             THE COURT:  The date has been suggested as

22  July 20th.

23             MR. GREENBERG:  Yes, that's fine.

24             THE COURT:  7/20.

25             Of course, Counsel, any motion would give the

William Cardenuto, CSR, Senior Court Reporter

- Verdict -

953

1        People time to respond and the Court time to decide it.

2                        The defendant is remanded.

3                        Exonerate the bail.

4                        (End of proceedings.)

5

6

7

8

9

10

11       It is hereby certified that the foregoing is a

12   true and accurate transcript of the proceedings.

13

14

15

16

17       William Cardenuto
         Senior Court Reporter

18

19       Deborah Rothrock
         Senior Court Reporter

20

21

22

23

24

25

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS : CRIMINAL TERM : PART 4

- - - - - - - - - - - - - - - - - -X

THE PEOPLE OF THE STATE OF NEW YORK      :      INDICTMENT NO.
                                                        3718/06

         - against -                    :

JEFFREY MILLER

                                                :

                         DEFENDANT      :      CALENDAR CALL

- - - - - - - - - - - - - - - - - -X

                         320 JAY STREET
                         BROOKLYN, NEW YORK  11201

                         SEPTEMBER 24, 2007


BEFORE:      HONORABLE MATTHEW J. D'EMIC, JUSTICE


APPEARANCES:


            CHARLES J. HYNES, ESQ.
                District Attorney, Kings County
            BY:  ENETRA PATTERSON, ESQ.
                Assistant District Attorney


            PETER GUADAGNINO, ESQ.
                Attorney for Defendant
                50 Court Street
                Brooklyn, New York


                         VINCENT M. GERALDI, JR.
                         SENIOR COURT REPORTER

PROCEEDINGS                                    2.

1      THE CLERK:  Calendar number two, Indictment

2  3718 of '06, Jeffrey Miller.

3      MR. GUADAGNINO:  For Mr. Jeffrey Miller,

4  Peter Guadagnino, 50 Court Street, Brooklyn, New York.

5      Good morning.

6      THE COURT:  Good morning.

7      MS. PATTERSON:  Enetra Patterson, for the

8  People.

9      Your Honor, defense counsel spoke with the

10  assistant and told him that he wouldn't be ready today.

11  The assistant is asking for October 3rd.

12      MR. GUADAGNINO:  Is it possible to get

13  October 9th, a firm trial date, the day after

14  Columbus Day?

15      THE COURT:  Yes.

16      Actually, that's a Tuesday.  So, how is

17  October 11th?

18      MR. GUADAGNINO:  That's fine, Judge.

19      THE COURT:  October 11th, a firm trial date.

20      MR. GUADAGNINO:  Thank you, your Honor.  I

21  appreciate it.

22      THE COURT:  All right.  Thank you.

23      MR. GUADAGNINO:  Yes.

24      Your Honor, my client and I have discussed

25  very briefly the possibility that he may opt for a bench

-VMG-

PROCEEDINGS                                    3

1    trial.  That hasn't been fully decided yet.  I just

2    wanted to let the Court know that in anticipation of the

3    October 11th date.

4              THE COURT:  All right.  I would just say a

5    couple of things.  He can make that decision at the

6    time --

7              MR. GUADAGNINO:  Yes.

8              THE COURT:  -- and he would have to waive his

9    right to a jury in writing.  You know, he's giving up

10   his right to a jury, that means he wants me to try the

11   facts as well as be the arbiter of the law in the case.

12             I just want everybody to know, you know, I

13   call it as I see it.  It's not like a bench trial with a

14   wink, and, you know, you get a certain result.  I'll

15   listen to the evidence, and I'll see what it shows.

16             Okay?

17             MR. GUADAGNINO:  That's right.

18             THE COURT:  You understand that, right,

19   Mr. Miller?

20             THE DEFENDANT:  Yes.

21             THE COURT:  I just want everybody to know

22   that.

23             Okay?

24             MR. GUADAGNINO:  Yes, Judge.

25             THE COURT:  All right.

PROCEEDINGS                                4

1           It wouldn't be the first one I did.  I just

2    want everybody to understand that.

3           You can think about it, talk to each other,

4    and let me know what you want to do.

5           MR. GUADAGNINO:  I'll try and let the Court

6    know before that date.

7           THE COURT:  All right.  That'll be nice.  But

8    if you don't, you know.  It's a big decision, so you'll

9    make it together.

10           MR. GUADAGNINO:  Thank you, your Honor.

11           THE COURT:  Would he like a visit with his

12    wife?

13           THE DEFENDANT:  Yes.

14           Thank you.

15           MR. GUADAGNINO:  Thank you, your Honor.

16           THE COURT:  Okay.

17           (Courtroom visit granted)

18           *        *        *        *        *

19           (At this time, the above-captioned matter is

20    adjourned to October 11, 2007, for further proceedings)

21           *        *        *        *        *

22           CERTIFIED TO BE A TRUE AND ACCURATE
         TRANSCRIPT OF THE MINUTES TAKEN IN THE
23           ABOVE-CAPTIONED PROCEEDING.

24

25           VINCENT M. GERALDI, JR.
         SENIOR COURT REPORTER

-VMG-

```
 1              SUPREME COURT OF THE STATE OF NEW YORK
        COUNTY OF KINGS - TRIAL TERM - PART 3
 2      ------------------------------------------------X
        THE PEOPLE OF THE STATE OF NEW YORK,
 3                                              2518-03
 4                   -against-

 5      DENNIS COLON,

 6                        Defendant.
        ------------------------------------------------X
 7
        Indictment
 8      No. 2518/03              320 Jay Street
        INDETERMINATE SENTENCE   Brooklyn, New York 11201
 9                               July 20, 2006

10      B E F O R E :

11
                     THE HONORABLE JAMES P. SULLIVAN,
12      NYSID.# 1032541M              Justice

13
        A P P E A R A N C E S :
14

15              THE HONORABLE CHARLES J. HYNES
                DISTRICT ATTORNEY - KINGS COUNTY
16              Attorney for the People
                350 Renaissance Plaza
17              Brooklyn, New York 11201
                BY:  ANITA CHANNAPATI, ESQ.
18              Assistant District Attorney

19
                HARLEN GREENBERG, ESQ.
20              Attorney for the Defendant
                30 Vesey Street
21              New York, New York

22

23

24                           DAVID R. SEDACCA
                             OFFICIAL COURT REPORTER
25


                        DRS
```

1          THE CLERK:  This is calendar number one on the

2     Part 3 Calendar, Indictment Number 2518 of 2003.

3          Counsel, your appearances.

4          MR. GREENBERG:  Harlen Greenberg, 30 Vesey

5     Street, New York, New York.

6          MS. CHANNAPATI:  Anita Channapati, the office

7     of the District Attorney.

8          Good morning, your Honor.

9          THE COURT:  Good morning.

10          This is People versus Dennis Colon, number one

11     on the calendar.

12          The case is on today for sentence.

13          The People have previously sent the Court a

14     letter whereby the People are asking for a sentence of

15     the maximum time on a consecutive basis which would be 25

16     plus 25 which would be 50 years' jail.

17          The defendant has sent in a package which

18     consists of letters of support and also a memorandum

19     regarding Mr. Colon.

20          I have in the file, of course, a report from

21     the Department of Probation, and I'll just take a look at

22     it.

23          (Pause in the proceedings.)

24          THE COURT:  The one thing I'm trying to figure

25     out -- yes.  With regard to the defendant's statement,

DRS

Sentence/Colon

1   the first part of it is from the Probation Department.

2   They obtained their information from reviewing the court

3   file, but then they do indicate that on June 13th, 2006,

4   the defendant was interviewed, and they say he denies

5   commission of this offense.

6           With regard to the Victim's Impact Statement,

7   they were not able to contact the victim so there is no

8   statement from the victim.

9           Other than that, the Probation Department

10  summary, the last paragraph says:  "The defendant emerges

11  as an individual who presents a serious risk to the

12  community.  Incarceration is mandatory.  With

13  incarceration, the defendant may benefit from

14  sexual-offender counseling."

15          So we have all of that on the record now.  It

16  would be time to proceed to sentence unless I hear

17  anything from either side.

18          MS. CHANNAPATI:  Nothing, your Honor.

19          MR. GREENBERG:  No.

20          THE COURT:  The clerk will ask some questions.

21          THE CLERK:  Mr. Colon, you're before this Court

22  for sentencing following your conviction after trial to

23  the crimes of Burglary in the First Degree, Rape in the

24  First Degree, Sexual Abuse in the First Degree and

25  Assault in the Second Degree.

DRS

1    Before pronouncing sentence, the Court will

2    allow you, your attorney and the District Attorney to

3    address the Court.

4    MS. CHANNAPATI:  Your Honor, very briefly, you

5    heard the testimony at trial.  The jury found the

6    defendant guilty of all charges, and we ask that he be

7    sentenced appropriately.

8    THE COURT:  All right.

9    Defense counsel?

10    MR. GREENBERG:  Your Honor, you had an

11    opportunity to review the memorandum that I submitted.

12    Mr. Colon -- this is Mr. Colon's -- this was

13    Mr. Colon's first arrest, first contact with the criminal

14    justice system in any way.  He has lived a life

15    essentially whereby he has helped the community over the

16    course of his employment, starting at the age of 19, up

17    until the time of his arrest, and actually after this

18    arrest helping the community with housing issues and

19    helping the people who had difficulty with their homes

20    and landlords over a long, long period of time.  He's had

21    a long history of community involvement, community

22    service.

23    I also submitted over a dozen letters from

24    people who Mr. Colon has had contact with over the last

25    15 years.  These people have indicated that had Mr. Colon

DRS

Sentence/Colon

1    has always been an individual that was accessible,

2    helpful, polite and community-minded.

3              I'm going to ask you to take all of that into

4    consideration, your Honor, when you sentence Mr. Colon.

5              I would also just like to point out to the

6    Court that approximately a year and a half ago, not with

7    this assistant, but with a prior assistant, Miss Cohn,

8    there were some serious discussions with respect to a

9    plea.  At that point -- and this was after I had

10   submitted the previous pre-pleading memo.  Miss Cohn and

11   I had engaged in another round of plea discussions.  Miss

12   Cohn had essentially offered me and asked whether Mr.

13   Colon would be interested in an eight-year sentence.

14             I had discussions with Mr. Colon at that point,

15   and at that time he had rejected that offer.

16             But, at that point in time, that was the

17   People's position even after that.  Prior to that, their

18   recommendation was substantially higher.

19             At that point, after this case had been pending

20   for a long time, they had an idea and a position that had

21   substantially changed even after the pre-pleading memo

22   that was submitted where we discussed the recommendation

23   with the Court.

24             I'd also like to point out that for the entire

25   time this case was pending Mr. Colon was out,

1    responsible, just as he has been throughout his entire

2    life.

3           I'm going to ask you to take all of this into

4    consideration when sentencing him.  I'm going to ask you

5    to sentence him closer to the minimum allowable under the

6    law.  He has broad range with respect to the top charges,

7    and I'm going to ask that you sentence him concurrently

8    on all charges and sentence him to something closer to

9    the minimum rather than the maximum.

10          THE COURT:  Well, in this case the Court

11   certainly --

12          MR. GREENBERG:  Your Honor?

13          THE COURT:  Yes.  The defendant wants to make a

14   statement?

15          (Defendant and counsel confer off the record.)

16          (Pause in the proceedings.)

17          THE DEFENDANT:  Your Honor, I just wanted to

18   say that the reason I have cooperateed in this case since

19   the very beginning and continue to do so is because I

20   have always thought since the beginning of this case that

21   this has been a horrible misunderstanding.  I thought

22   that would come to light in our testimonies.

23          For legal reasons, I wasn't allowed to testify

24   or state my part of the story, but my thoughts were that

25   this would all be cleared up and it would come to light

DRS

Sentence/Colon

1    from the very beginning.

2                 THE COURT:  All right.  Is that your statement,

3    Mr. Colon?

4                 THE DEFENDANT:  Yes.

5                 THE COURT:  All right.

6                 The Court, as I was going to say, has had

7    familiarity with this case.  It certainly was one of the

8    cases I got from the start of the sex crimes part, and I

9    had looked at the various, shall I say, legal arguments

10   that were raised.

11                I would note that there were discussions

12   regarding a possible plea.  I did write sometime ago that

13   there had been discussions regarding an eight-year

14   offer.  I believe that there were discussions that I did

15   not write that the Court had unofficially offered ten

16   years.  So, certainly, those numbers would be relevant in

17   any consideration.

18                The Court has looked at the letters, and,

19   clearly, Mr. Colon has led an exemplary life but for this

20   event.  He did state to the Probation Department that he

21   maintains his innocence, and I always say at sentence you

22   may maintain your innocence but it has to be before an

23   appeals court.  As far as this Court is concerned, you

24   are guilty because the case was taken to trial before a

25   jury and the jury found you guilty of all charges.

DRS

Sentence/Colon

1        Therefore, the only possible change in the

2    concept of guilt is if for whatever reason an appeals

3    court makes their decision.  But I don't look at that.

4    I'm not an appellate court.  I can look at the aspects

5    before me, that you were convicted of these crimes after

6    a trial by jury.

7        The sentence will now be imposed:  With regard

8    to burglary one and burglary two -- I'm sorry -- burglary

9    one and rape one, 25 years' jail, concurrent.  Then five

10   years' jail on sex abuse one, consecutive.  That's a

11   total of 30 years' jail.  Five years' post-release.

12   Final order of protection.  Mandatory surcharge and court

13   fees will be taken out of inmate funds.  The sentence is

14   imposed.

15       MR. GREENBERG:  Your Honor, may we approach for

16   just a second?

17       THE COURT:  Yes.

18       (Discussion held off the record.)

19       (Pause in the proceedings.)

20       THE COURT:  I am reminded that there is another

21   charge that we have to cover.  Burglary one, rape one,

22   sex abuse one and assault two.  So the assault two gets

23   included.  On assault two he gets five years' concurrent

24   with the five on sex abuse one.  The sentence is

25   imposed.

DRS

Sentence/Colon

1    MS. CHANNAPATI:  Your Honor, I'm going to be

2 handing up an Order of Protection.

3    THE COURT:  I'll sign it.

4    MR. GREENBERG:  I've advised my client of his

5 right to appeal.

6    THE COURT:  Yes, and that is on the record.

7    The Court is being handed up the Order of

8 Protection and the Court is signing it.

9    Thank you.

10    MS. CHANNAPATI:  Thank you, your Honor.

11

12

13              *    *    *    *

14

15

16

17

18

19

20

21            It is hereby certified that the
           foregoing is a true and accurate
           transcript of the proceedings.

22

23            DAVID R. SEDACCA
           OFFICIAL COURT REPORTER

24

25

DRS