UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------
DENNIS COLON,

                    Petitioner,

    -against-

THOMAS LAVALLEY, Superintendent of the
Clinton Correctional Facility,

                    Respondent.
-------------------------------------

RESPONSE TO THE OPPOSITION OF PETITION FOR A WRIT OF HABEAS CORPUS.

10-CV-2173 (NGG)

    **DENNIS COLON**, petitioner herein submits the instant response to the respondent's opposition to his petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 and submit this response and accompanying memorandum of law based upon the facts as alleged in his petition and the lower court records and files.

    1. This response to the respondent's opposition to petitioner's pro se petition for a writ of habeas corpus dated May 3, 2010 is for the purpose to lucidate the factual errors and law as proposed by the respondent's opposition submitted to this Honorable Court.

    2. The petitioner herein relies on the facts as stated in his original petition and for the sake of brevity, the petitioner concedes to the facts of the case as so stated and as a matter of official court record.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 1 0 2010 ★

BROOKLYN OFFICE

## MEMORANDUM OF LAW

### POINT I

In Point I of their opposition, the respondent's allege that New York Criminal Procedure Law § 30.30 DOES NOT RAISE A FEDERAL QUESTION OF LAW and that the petitioner was not deprived of his constitutional right to a speedy trial, [**Point I of respondent's opposition**].

The incorrect allegations by the prosecutor that the petitioner's speedy right to trial claim(s) are erroneous holds no weight under Law and that the three year delay between the filing of the felony complaint and the commencement of trial was so prejudicial to mthe petitioner that it violated his VIth. Amendment right to a fair trial.

The respondent would have this Honorable Court believe that the delays as stated in the trial court record were attributed to him; this is patently false, may it please the Court to note that it was the Kings County D.A.'s office that requested a blood sample for DNA testing, not the petitioner, and that once the sample was taken, the trial Judge directed the office of the Chief medical examiner to perform the DNA test on various items apparently believed to be in their custody, the items were then sent back to the police and the prosecution did not advise the court of this confusion until April 15, 2004.

The district attorney's office sent the items back to the office of the chief medical examiner and the items were finally tested, all attributal to the prosecution.

May it please this Honorable Court to note that there were other delays attributed to the prosecution in their failure to provide Grand Jury transcripts, and the errors of the trial Court in calculating that only 14 days were attributed to the people whereas three years should have been attributed to them.

The respondent further alleges that the petitioner failed to establish that he was denied his federal constitutional right to a speedy trial and that the claim per se arises solely from a state statutory law.

The petitioner herein alleges and avers that federal court's are precluded from reviewing a state court's ruling on state procedural law issues, see <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80; therefore this Honorable Court cannot address petitioner's claim that the trial court erred in applying the provisions of New York CPL § 30.30, see <u>LoPizza v. LeFevre</u>, 863 F.Supp. 96, 100 (E.D.N.Y. 1994).

This Honorable Court, can; however determine whether the petitioner's Sixth Amendment right to a speedy trial has been violated, see e.g. <u>Barker v. Wingo</u>, 407 U.S. 514, 518, 92 S.Ct. 2186 (1972). In the case at bar, three years elapsed before the petitioner was brought to trial, the record will reflect that the delays were all attributed to the prosecutor's office, while there is no rule which establishes a specific time limit within which a trial must commence, federal courts have consistently held that certain delays are allowable, see <u>Flowers v. Warden Connecticut Correctional Institute</u>, 853 F.2d 131, 134 (2d Cir); <u>United States V. Roberts</u>, 515 F.2d 642, 646 (2d Cir. 1973), c.f. <u>United States ex rel. Spina v. McQuillan</u>, 525 F.2d 813, 818 (2d Cir. 1075).

In determining whether a defendant/petitioner has been deprived of his federal constitutional right to a speedy trial, a court should consider four (4) factors:

i. the length of the delay

ii. the reasons for the delay

iii. the defendant's assertion of his right to a speedy trial, and;

iv. prejudice to the defendant, e.g. Barker v. Wingo, 407 U.S. 514; Rayborn v. Scully, 858 F.2d 84, 89.

As the petition alleges and the trial court record verifies, the petitioner herein has established all four of the factors required to prove that his federal constitutional right to a speedy trial was violated and that the lower court applied the wrong standard in determining and calculating the days that should have been attributed to the people, as such; this claim is properly before the Court for a determination forthwith, see Collins v. Scully, 878 F.Supp at 461.

### POINT II

The respondent alleges in their response, Point II thereof that the issue regarding the admission of evidence concerning the knife that was used during the rape is procedurally barred, whereby the court below improperly admitted a photograph of a knife that was recovered by the police from the petitioner's bedroom; which was identified by the victim as the knife that was used of which the petitioner herein contends that preclusion

-4-

of evidence concerning the knife was warranted because the actual knife was destroyed leaving the defense **"prejudiced"** by the destruction because the petitioner lost the opportunity to have the knife fingerprinted and tested for forensic evidence, and to demonstrate that the knife recovered was ornamental or otherwise harmless.

On the direct appeal of the petitioner's conviction the same issue was raised in the brief to the Appellate Division, in its decision the court found that the admission of evidence concerning the knife was unpreserved for appellate review, see People v. Colon, 61 A.D.3d 772, 876 N.Y.S.2d 525 (2d Dep't 2009).

This claim was denied on the procedural ground that the petitioner had failed to comply with the New York State contemporaneous objection rule; see New York State Criminal Procedure Law § 470.05(2).

**Procedural Default Review:**

In the case at bar, the trial counsel failed to "object" to the admission of the photograph of the knife, resulting in the petitioner incurring a procedural default based upon an adequate and independent state ground [CPL § 470.05(2)].

Federal Courts have power under the federal habeas corpus statute to grant relief to a state prisoner despite the petitioner's failure to have pursued a state remedy no longer available at the time of filing the habeas application; [C]onventional notions of finality in criminal litigation cannot be permitted to defeat the manifest feferal policy that federal constitutional rights of personal liberty shall be denied without the fullest opportunity for plenary federal judicial review, see Fay v. Noia, 373 U.S. 391, 83 S.Ct. 822; Colemen v. Thompson, 501 U.S. 722, 111 S.Ct.

2546, 115 L.Ed.2d 640 (1991)(involving the question of whether the § 2254 petitioner waived his claim by failing to take an appeal in the state courts.

The petitioner herein alleges and avers that a habeas corpus application lies to enforce the right of personal liberty; when the right is denied and a person is confined, the federal court has the power to release him. Indeed it has no other power, it cannot revise the state court judgment; it can only act on the body of the petitioner, see also Massaro v. U.S., 538 U.S. 500, 123 S.Ct. 1690.

**Cause and Prejudice Standard:**

The exisentence for cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule; the cause prong is not satisfied by a claim that otherwise competent counsel failed through inadvertance or ignorance, to raise a claim on direct appeal; the mere fact that counsel failed to raise the claim or to recognize the factual or legal issues does not constitute cause for a procedural default, in order to determine whether there was cause for a procedural default, federal habeas court's would routinely be required to hold evidentiary hearings to determine what prompeted counsels's failure in the case at bar for failing to comply with the contemporaneous objection requirement in order to preserve the issue for appellate review, importantly; however ineffective assistance of counsel [in violation of the Sixth Amendment is cause for a procedural default, see Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2678 (1986); see also Engle v. Isaac,

456 U.S. 107, 135, 102 S.Ct. 1558 (1982), Justice Brennan joined by Justice Marshall, dissented. stating, inter alia: "[W]here a petitioner's constitutional rights have been violated and that violation may have affected the verdict, a federal court should not decline to entertain a habeas petition solely out of deference to the state's weak interest in punishing lawyers inadvertent failure to comply with state procedures; in the case at bar, it is beyonf cavil that the knife in question recovered from the petitioner's apartment was not the knife that was used during the rape of the victim, why counsel failed to object to the loss and subsequent showing of a picture of "[a] knife" to the jury caused actual prejudice to the petitioner that can only be reconciled by an evidentiary hearing to determine the possibility of why trial counsel failed to object to this prejudicial introduction of pictographic evidence to the jury, see U.S. v. Frady, 456 U.S. 152, 102 S.Ct. 1584 (1982); see also Reed v. Ross, 468 U.S.1, 12, 104 S.Ct. 2901 (1984).

The prejudice prong of the Cause and prejudice test less frequently litigated that the cause prong, typically is analyzed by looking at some combination of actual innocence, plain error and non-harmless constitutional error.

May it please this Honorable Court to note that trial counsel first began the petitioner's defense with the theory that the sexual contact between the petitioner and the "victim" was consensual, then in mid trial, the petitioner's attorney changed the theory of the defense to no sexual contact, the introduction of the picture of a knife with no providence concerning the knife severely prejudiced the petitioner's defense during the trial, see Strickler

v. Greene, 527 U.S. 263, 119 S.Ct. 1936 (1999); where the Court considered the following factors: (1) Whether there was an acceptable cause for petitioner's failure to raise this claim in state court; (2) if so, whether he suffered prejudice sufficient to excuse his procedural default.

May it further please this Honorable Court to note that the petitioner did raise this issue in the state court's but was procedurally barred by the Appellate Division, Second Judicial Department by their ruling that the issue was **"not preserved for appellate review"** due to trial counsel's failure to object to this violation during the trial as required by New York Criminal Procedure Law § 470.05, see Smith v. Murray, 477 U.S. 527, 539, 106 S.Ct. 2661 whereby the Court ruled on a violation of a "legitimate rule of procedure; see also County Court of Ulster County v. Allen, 442 U.S. 140, 151 n.10, 99 S.Ct. 2213 (1979) discussing the scope of New York's contemporaneous-objection rule, which applies to the case at bar.

As such, the petitioner herein alleges that sufficient cause-and-prejudice exists to excuse the procedural default incurred by trial counsel's unknown and unclear reasoning for failing to comply with state law procedural requirements and therefore this issue is properly before this Honorable Court for review.

## POINT III

The petitioner's contentions that he did not receive meaningful representation by his trial attorney is bourne out by the trial record itself, trial counsel verbatim told the jury that he would present evidence that the sexual encounter between the petitioner

-8-

and the victim was consensual, but during the course of the trial, counsel failed to submit any evidence that the encounter was consensual, thereby abandoning the only defense available to the petitioner, to that of no sexual encounter, which belies all of the evidence presented against the defendant by the prosecution, which in effect; deprived the petitioner of any possible defense to the allegations lodged against him by the prosecution, severely hampering the petitioner; causing extreme prejudice and depriving him of a fair trial in violation of the Sixth Amendment to the United States Constitution.

The actions of trial counsel was in proscription of the Federal and New York State Constitutions, which both guarantee criminal defendants the right to the effective assistance of counsel [U.S. Const. VI Amend; N.Y. Const., Art. 1, § 6 thereof]; and the petitioner avers that an objective view of this error under the two prong standard(s) of Strickland v. Washington, 466 U.S. 668, 669 (1984) this Honorable Court can only conclude that the petitioner did not receive the effective assistance guaranteed him by constitutional law.

In an adversarial system of justice, the fundamental right to the effective assistance of counsel is essential to a criminal defendant's due process entitlement to a fair trial, contrary to the respondent's assertions that trial counsel put forth a defense of "consensual" intercourse, the trial record in the Court below is devoid of any attempt by counsel in proving the consent required under law as a defense, considering the gravity of the prosecutions case against the petitioner consisting of

## POINT IV

In response to the respondent's allegations in Point Iv of their opposition to the instant petition for a writ of habeas corpus, the petitioner takes no position thereto and leaves this matter unto the providence of this Honorable Court.

## CONCLUSION

**THAT FOR ALL OF THE REASONS STATED HEREIN, THE PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE GRANTED IN ALL RESPECTS**

Dated: 8/26/2010
Clinton County, New York

Sworn to before me this 26
Day of Aug 2010

Harry D. Durgan
Notary Public, State of New York
No. 01DU6008379
Qualified in Clinton County
Commission Expires 6/26/H

Respectfully submitted,

/S/ Dennis Colon
Dennis Colon - Petitioner Pro Se
D.I.N. 06-A-4298
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

CC: Kings County District Attorney
    350 Jay Street
    Brooklyn, New York 11201

-11-