UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DENNIS COLON,
        Petitioner,

-V-

THOMAS LAVALLEY,
        Respondent.

---

10-CV-2173 (NGG)(LB)

AMENDMENT TO WRIT OF HABEAS CORPUS FROM A CPL § 440.10 PROCEEDING PURSUANT TO FEDERAL RULES OF CIVIL PRACTICE 15(B)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 18 2012 ★
BROOKLYN OFFICE

---

PETITITIONER'S AMENDMENT TO PETITION
FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 USC § 2254

---

Dennis Colon, #06-A-4298
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

1

ARGUMENT

POINT I

DEFENSE COUNSEL WAS INEFFECTIVE DURING TRIAL WHEN COUNSEL FAILED TO SUBPOENA AN EXPERT MEDICAL AND OR PHARMACIST DOCTOR THAT WAS EXPERIENCED WITH THE SIDE-EFFECTS, IF ANY, OF COMPLAINANT'S CURRENT CONSUMED DAILY PSYCHOTIC MEDICATIONS

The right to counsel under the Sixth Amendment includes the right to effective assistance of counsel in both federal and state court. See: Strickland v. Washington, 466 US 688 (1984); also see: People v. Baldi, 54 NY2d 137 (1981); People v. Wiley, 120 AD2d 66 (4th Dept. 1986). As the Supreme Court previously pointed out, "effective assistance of counsel is constitutionally required in order to assure that the adversarial system produce a just result." See: Strickland v. Washington, 466 US 688 (1984).

The Court of Appeals of the State of New York has held that in order to constitute effective assistance of counsel, the representation must be a "meaningful representation." The court further stated, "so long as the evidence, the law, and the circumstances of the particular case, viewed in the totality and at the time of the representation, reveal that the attorney provided meaningful representation, a claim for ineffective assistance of counsel will not prevail. See: People v. Baldi, 54 NY2d 137 at 146 (1984).

In the instant case, defense counsel failed to subpoena the complaining witness' psychologist to the stand who could have explained to the jury what the

complainant's mental issues are, why he/she prescribed seven (7) times a day, medication for the complainant, and the effect the medication would have on complainant.

These facts were pertinent, and should have been aired before the jury in order for them to make an appropriate assessment of the complainant's credibility and or mental condition that may have explained why she would order a rapist to wash his hands because she felt his hands were dirty (Tt. 628, 629)[1] or why she would attest to freely going to the sink so her assailant would wash his hands and on cross-examination, claimed to not have accompanied him [Petitioner], to the bathroom to wash his hands nor did she remember ever telling the New York City Police that Petitioner threatened to kill her (Tt. 612, 613).

Clearly, it is not normal for a victim during the commission of an alleged rape, to demand that her assailant stop and wash his hands and ironically, this violent assailant who just slapped her would comply with her demands (Tt. 609, 610).

Considering the circumstances of these events, which were unusual in nature, defense counsel should have subpoenaed to the witness stand, the complainant's psychologist who could have provided evidence of whether it was possible that complainant consented to the sexual encounter and later did not remember due to her mental state.

---

[1] Citations to "Tt." are in reference to the trial transcripts and the relevant pages thereof.

It is clear that defense counsel did not take the time to review and prepare both, the law and the facts relevant to the defense. Nor did counsel employ basic principles of criminal law and procedure to the facts of the case. See: People v. LaBrew, 34 NY2d 257 (1974); also see: People v. Jones, 25 NY2d 637 (1969). This failure to call the complainant's psychologist to the witness stand, was totally unreasonable and highly prejudicial to the Petitioner. See: Kimmelman v. Morrison, 477 US 365 (1976) (citing) Strickland v. Washington, 466 US 688 (1984).

Any attorney worth his/her weight in gold, would have been able to gleam, after reading the complainant's medical records, that there was a need to subpoena her treating psychologist who had direct knowledge of her mental state and that there in a reasonable probability that but for counsel's error in not calling in the psychologist, the outcome of the verdict would have been different. See: Strickland v. Washington, 466 US 688 (1984).

## CONCLUSION

For the reasons stated herein, Petitioner's judgment should be reversed and a new trial ordered.

4

## ARGUMENT

### POINT II

### PETITIONER COLON RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL NEVER CHALLENGED PETITIONER'S RIGHT TO A MAPP HEARING

Petitioner contends that he was denied effective assistance of counsel when his attorney (1) failed to produce the court requested documents that would give the court the basis for a Mapp hearing see: Mapp v. Ohio, 367 US 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); also see: Strickland v. Washington, 466 US 688 (1984), and (2) defense counsel's failure to pursue the conflict concerning the lost knife which had an impact on Petitioner's trial without resolving the issue resulting in evidence concerning the lost knife being used at the trial in violation of Petitioner's right to a fair trial, a fact defense counsel was oblivious to.

To prevail on a claim of ineffective assistance of counsel, on either the state or federal level, a defendant must show both that counsel's performance fell below a reasonable level of professional competence and that the defendant was prejudiced as a result. Strickland v. Washington, 466 US 688 (1984); also see: People v. Hynes, 186 AD2d 268 (2nd Dept. 1992). A reviewing court may not find ineffective assistance of counsel based on reasonable tactics that, in retrospect, were unsuccessful. See: People v. Benn, 68 NY2d 941 (1986).

By the same token, "tactics" that are not reasonable founded on a faulty understanding of the law or facts of the case, defective logic, or lack of responsible

reflection, do not meet constitutional standards of effective assistance. See: Strickland v. Washington, 466 US 688 (1984); also see: People v. Lee, 129 AD2d 587 (2nd Dept. 1987). While counsel's performance is to be evaluated as a whole "[w]here a single substantial error so seriously compromises a defendant's right to a fair trial, it will qualify as ineffective representation." See: People v. Hobot, 84 NY2d 1021, 1022 (1995); also see: Mason v. Scully, 16 F2d 38 (2nd Cir. 1994).

Here, defense counsel failed to pursue a Mapp hearing to challenge the only physical evidence in the case which the People had lost and was allowed to introduce photographs of the knife without any sanctions from the court which was highly prejudicial because the complaining witness could not identify the knife in the photographs displayed (Tt. 591). Had defense counsel not committed this error there is a reasonable probability that the outcome of the trial would have been different. See: Strickland v. Washington, 466 US 688 (1984).

## CONCLUSION

Petitioner should be allowed a Mapp hearing or the adversarial system would not be put to the test.

*Dennis Colon*
Dennis Colon, #06-A-4298
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929