## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
       ) ss.:        **IND. NO.: 2518/2003**
COUNTY OF CLINTON)

   I, **DENNIS COLON**, being first duly sworn, deposes and says, that I am the DEFENDANT-APPELLANT, herein, and that on the date of notarization indicated below, I have placed in a sealed postpaid wrapper a true and exact copy of the enclosed papers identified as **MOTION SEEKING LEAVE TO APPEAL TO THE APPELLATE DIVISION, SECOND DEPARTMENT UNDER C.P.L. § 460.15** by depositing the same in a mail box here at the Clinton Correctional Facility for delivery to the United States mail address to the parties below, with the original going to the Clerk of Court for THE APPELLATE DIVISION, SECOND JUDICIAL DEPARTMENT.

   TO: CLERK OF THE COURT
      SUPREME COURT OF THE STATE OF NEW YORK
      APPELLATE DIVISION, SECOND DEPARTMENT
      45 MONROE PLACE
      BROOKLYN, NEW YORK 11201

      MR. CHARLES J. HYNES
      KINGS COUNTY DISTRICT ATTORNEY
      350 JAY STREET
      BROOKLYN, NEW YORK 11201

          Respectfully Submitted,

          DENNIS COLON #06-A-428
          Clinton Correctional Facility
          P.O. Box 2001
          Dannemora, NY 12929

SWORN TO BEFORE ME THIS
6-th DAY OF _December_, 2011.

_____
NOTARY PUBLIC

   KEITH A. REBIDEAU
  Notary Public, State of New York
     No. 01RE6034390
    Qualified in Clinton County
 Commission Expires December 13, 2013

**SUPREME COURT OF THE STATE OF NEW YORK**
**APPELLATE DIVISION : SECOND DEPARTMENT**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
The People of the State of New York,                       :

               **Respondent,**              :

                              :      **Notice of Appeal**

    -against-                                          :      **Indictment No.2518/2003**

DENNIS COLON,                                              :

               **Defendant.**               :

                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

     **PLEASE TAKE NOTICE**, that defendant, **DENNIS COLON**, hereby appeals pursuant to subdivision (1) of CPL § 450.10, AND 460.15 to the Appellate Division of the Supreme Court, Second Judicial Department, from the Decision and Order made and entered by Hon. James P. Sullivan, thereby denying the defendant-appellant's motion to vacate the judgment of conviction made pursuant to the provision of C.P.L. § 440.10, duly entered on the 1st. . day of November,  2011 and that this appeal is taken from said judgment and from each and every part thereof and every intermediate order made therein.

**Dated:** Dannemora, New York
       November 5, 2011

                                /s/ _Dennis Colon_
                                Dennis Colon  #06-A-4298
                                Defendant Pro Se
                                Clinton Correctional FacilITY
                                P.O. Box 2001
                                Dannemora, New York 12929

**To   Charles J. Hynes**
    **Kings County District Attorney**
    **350 Jay Street**
    **Brooklyn, New York 11201-2908**

SUPREME COURT OF THE STATE OF NEW YOaRK
APPELLATE DIVISION ; SECOND DEPARTMENT
------------------------------------------X
The People of the State of New York   :
**Plaintiffs-Respondents;**      :   **NOTICE OF MOTION**
                                         :
          -against-         :   **IND. NO. 2518-03**
                                         :
DENNIS COLON,                        :
**Defendant-Appellant.**       :
                                         :
------------------------------------------X

**PLEASE TAKE NOTICE,** that upon the annexed affidavit, of **DENNIS COLON,** the above named defendant-appellant makes the instant motion seeking leave to appeal hereby made for a certificate pursuant to **subdivision (1) of CPL § 450.10, AND 460.15 of the Criminal Procedure Law** certifying that this case involves a question of law and fact that ought to be reviewed by this Honorable Court and granting leave to appeal to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department; from the decision and order of the Hon. James P. Sullivan, Justice of the New York State Supreme Court, County of Kings, thereby denying the defendant-appellant's motion to vacate the judgment of conviction pursuant to the provisions(s) of CPL, Section 440.10, on the 23rd. of August, 2011, of which said Order and Decision was entered on the 1st. of November, 2011.

**Dated:** Dannemora, New York
November 5, 2011

                                      Respectfully yours,

                                    *Dennis Colon*

                                    Dennis Colon – defendant/Appellant Pro Se
                                    D.I.N. 06-A-4298
                                    Clinton Correctional Facility
                                    P.O. Box 2001
                                    Dannemora, New York 12929

**CC: Charles J. Hynes**
    **Kings County District Attorney**
    **350 Jay Street**
    **Brooklyn, New York 11201-2908**

**SUPREME COURT OF THE STATE OF NEW YORK**
**APPELLATE DIVISION : SECOND DEPARTMENT**
-----------------------------------------X
                                         :
The People of the State of New York      :     **AFFIDAVIT IN SUPPORT**
              **Plaintiffs-Respondents,**    :     **OF MOTION SEEKING**
                                         :     **LEAVE TO APPEAL**
       -against-                         :
                                         :     **INDICTMENT NO. 2518/03**
DENNIS COLON,                            :
              **Defendant-Appellant.**        :
                                         :
-----------------------------------------X

STATE OF NEW YORK)
COUNTY OF CLINTON)  ss.:

    **DENNIS COLON,** being duly sworn deposes and says:

    1.    That I am the defendant/appellant herein and
submit this affidavit in support of my motion seeking
leave to appeal to this Honorable Court from a decision
and order of the Hon. James P. Sullivan, Justice of the
New York State Supreme Court, County of Kings,  thereby
denying the defendant-appellant's motion to vacate the
judgment of conviction pursuant to the provisions(s) of
CPL, § 440.10, on the 23$^{RD.}$ day of August, 2011, of which
said Order and Decision was entered on the 1$^{st.}$  of
November, 2011.

    2.    The defendant-appellant herein was found guilty
after a jury trialin the County of King, (The Hon.
Sullivan, J.  at trial and sentencing), under Indictment
No.: 2518/03; for the crimes of Rape in the Firt Degree;
two counts of Burglary in the First degree and other

related crimes ariing from an incident that occurred on March 26, 2003, where the defendant is alleged to have forcibly engaged in sexual intercourse, at knifepoint with Vera Krioutchkova; after gaining entry into her dwelling.

**3.** On July 8, 2006 the defendant-appellant was sentenced to a determinate sentence of 30 years imprisonment with five years of post release supervision.

**4.** Defense counsel was ineffective during trial for failing to subpoena an expert medical witness and/or pharmacist on behalf of the defendant who was fully familiar with and experienced concerning the side effects of complainant's prescribed psychotropic medications, of which the complaining witness was taking three (3) psychotropic medications at the time of the incident and during the course of the trial.

5. In furtherance of the above, the defendant-appellant was never afforded his right to a *Mapp Hearing;* whereby the People improperly admitted into evidence, photographs of a knife recovered from his residence that was believed to have been used during the commission of the crime; of which said knife was lost by the police department.

6.      Prior to trial, the defendant-appellant did not confer concerning any trial strategy regarding the knife that the police collected as evidence, and the defendant alleges and avers that he Is entitled to a hearing in regards to testimony from defense counsel concerning his failure to request a Mapp Hearing in accord with the precedent of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081.

## THE C.P.L.  § 440.10 MOTION

7.      The defendant-appellant raised the following grounds in said motion and points of law:

**POINT 1:: DEFENSE COUNSEL WAS INEFFECTIVE DURING TRIAL WHEN COUNSEL FAILED TO SUBPEONA AN EXPERT MEDICAL AND OR PHARMICIST DOCTOR THAT WAS EXPERIENCED WITH THE SIDE-EFFECTS IF ANY, OF COMPLAINANT'S CURRENT CONSUMED DAULY PSYCHOTIC MEDICATIONS.**

**POINT 2:     DEFENDANT COLON RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL NEVER CHALLENGED DEFENDANT'S RIGHT TO A MAPP HEARING.**

See C.P.L. § 440.10 motion attached hereto as **EXHIBIT A.**

## THE AFFIRMATION IN OPPOSITION TO MOTION TO VACATE THE JUDGMENT OF CONVICTION

8.     Morgan J. Dennehy, assistant district attorney of Kings County, submitted an affirmation in opposition to the motion to vacate the judgment of conviction, see attached hereto as **Exhibit B.**

9.   The respondent alleges in said opposition that the defendant's claims of ineffective assistance of counsel are procedurally barred, based upon facts contained in the record of ehich defendant failed to raise on his direct appeal, *"or"* the claims were already raised on direct appeal, **(see page 2,¶ 1 of opposition)**.

10.   The allegations of the respondent are patently false, the claims raised in the motion to vacate the judgment of conviction ***"dehors the record"*** as such the motion to vacate the judgment of conviction via a C.P.L. § 440.10 motion is the appropriate procedural remedy.

11.   The defendant herein relies upon the memorandum of law attached to his motion to vacate the judgment of conviction.

12.   The defendant herein alleges and avers that he fully satisfied the standards of ineffective assistance of counsel as enumerated and mandated by People v. Baldi, 54 N.Y. 137 1981); People v. Benevento, 91 N.Y.2d 708 (1998); and Strickland v. Washington, 466 U.S. 668, 687, 690 (1984).

13.   During the pre-trial stage of the case, the defendant and his attorney met to discuss trial strategy and during the colloquy, the prospect of pre-trial hearings were never discussed, namely a ***Mapp Hearing***,

which is one of the main contentions in the motion to vacate the judgment of conviction, see letter from attorney attached hereto as **EXHIBIT C.**

14. The respondent is merely reiterating the previous opinion of this Court deciding the defendant's appeal, contrast the respondent's opposition with the Court's decision of People v. Colon, 61 A.D.3d 772 (2d Dept. 2009).

15. May this Honorable take judicial notice that there never was a *Mapp Hearing*, nor was an *expert witness* called, of which the following evidentiary matters could have created reasonable doubt on behalf of the defendant.

16. whereby an expert witness could have testified as to the medications the complainant was taking, whether these medications causes delusional and/or emotional responses, and whether the medications causes forgetfulness, which would have assisted the defense of consent, and in additional thereto; a Mapp Hearing would have eliminated the "knife" evidence submitted against the defendant, thereby negating the Burglary in the First Degree (P.L. §140[3]) charge, and by legal proxy, the Assault in the Second Degree (P.L. § 120.05[6]) charge.,

which would have substantially reduced any sentence heretofore imposed by the nisi prius court.

# THE DECISION AND ORDER

17. On November 4, 2011 the defendant-appellant herein received a Decision and Order from the Hon. James P. Sullivan, Justice of the Supreme Court, Kings County Court; denying the motion to vacate the judgment of conviction, see attached hereto as **EXHIBIT D**.

18. The trial Court abused its discretion by stating that the issues raised in the motion to vacate the judgment of conviction are barred under the provisions of CPL § 440.10(2)(c) in that sufficient facts appear on the record of the proceeding underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issued raised.

19. This premise and assertion is untenable, especially in light of this Court's previous ruling where the Court ruled concerning the knife, lost by the police and the unlawful introduction of the photograph(s) of said knife, the following:

"The defendant's contention that the Court below admitted into evidence photographs of a knife recovered from his apartment, which had been accidentally destroyed, was *unpreserved for appellate review*, [People v. Colon, 61 A.D.3d 772] ..."

20.   Therefore this Honorable Court should grant said motion seeking leave to appeal the denial of defendant-appellant's CPL § 440.10 motion due to there being questions of law and fact that should be reviewed by this Honorable Court, and that the lower court abused it's discretion by denying said motion, when a hearing should have been held to determine the validity of the contentions alleged by the defendant-appellant in the body and face of said motion, of which all said point and isues enumerated therein *dehors* the record.

**WHEREFORE**, the defendant-appellant herein prays for an Order pursuant to the provisions of CPL §§ 460.50 and 460.15, granting leave to appeal to the Court from the arbitrary, capricious and erroneous denial of his Motion to vacate the judgment of conviction,

*9* -

and for such other relief that this court deems just
and proper.

Respectfully yours,

_Dennis Colon_

Dennis Colon – defendant/Appellant Pro Se
D.I.N.  06-A-4298
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

Sworn to before me

This 6th day of _December_, 2011

_Keith A. Rebideau_

Notary Public

KEITH A. REBIDEAU
Notary Public, State of New York
No. 01RE6034390
Qualified in Clinton County
Commission Expires December 13, 2013

CC:  Charles J. Hynes
     Kings County District Attorney
     350 Jay Street
     Brooklyn, New York 11201-2908

10 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

                      Respondent,            **NOTICE OF MOTION**
                                               **TO VACATE JUDGMENT**
                -against-              **PURSUANT TO CPL §440.10**

DENNIS COLON,                          **IND. No. 2518/03**
                            Defendant.
--------------------------------------------------------------------X

SIRS:

      **PLEASE TAKE NOTICE** that upon the annexed affidavit of DENNIS COLON,

duly sworn to on the ⟋5 day of July 2011, and attached exhibits thereto; and upon the

accusatory instrument and depositions, trial transcripts, and all proceedings previously

had herein, Defendant COLON will move this Court at Criminal Term thereof, at the

Supreme Court of Kings County, located at the last known address of 320 Jay Street,

Brooklyn, New York 11201, on the 25th day of July 2011 at 9:30 o'clock in the forenoon

of that day or as soon thereafter.

1.)     An Order Pursuant to CPL §440.10 vacating judgment entered against the above

named defendant on June 8, 2006, and in support of defendant states the following:

      a.)    Defendant DENNIS COLON conviction was obtained in violation of his

rights under New York State Constitution Article 1 § 6; and the 6th and 14th Amendments

of the United States Constitution.

2.)     An Order, Pursuant to CPL § 440.30(5), will be entered to produce Defendant

COLON at any hearing conducted for the purpose of determining this motion.

3.)     Based on the foregoing, such other and further relief as this Court may deem just

and proper.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

                           Respondent,          **AFFIDAVIT IN SUPPORT**
                                                    **OF §440.10 MOTION**

                    -against-

DENNIS COLON,                           **IND. No. <u>2518/03</u>**

                             Defendant.

-----------------------------------------------------------------------X

**STATE OF NEW YORK)**
**COUNTY OF CLINTON) s.s.:**

    **I, DENNIS COLON,** being duly sworn, deposes and says :

    I am the defendant in the above-entitled proceeding, and submit this affidavit in

support of the contents entered in this 440.10 motion.

    Defendant was found guilty by jury trial in the County of Kings (Sullivan, J., at

trial and sentence) State of New York, under indictment number 2518/03 with rape in the

first degree; two counts of burglary in the first degree; and other related offenses arising

from an incident that occurred on March 26, 2003 when defendant COLON is alleged to

have forcibly engaged at knifepoint in sexual intercourse with the complainant[1] (Vera

Krioutchkova) after gaining entry into her dwelling. Defendant COLON, on July 8,

2006, (Hon. Sullivan, J) sentenced the defendant to a determinate sentence of 30 years

incarceration under the custody of the New York State Department of Correctional

Services, also known as (DOCS).

---

[1] Being irrelevant to the facts presented in the "Argument" attached hereto in this §440.10, complainant has filed multiple "civil lawsuits" against business' and independent personnel evolving i.e. car accidents'; landlord filings of home repair etc. which is believed to been a scamming to collect money, as is believed in this case, since the complainant has filed a civil lawsuit with the naming of the defendant.

to have forcibly engaged at knifepoint in sexual intercourse with the complainant after gaining entry to her apartment by claiming to be a plumber who was sent by the landlord to fix a leak in the complainant's apartment.

In the case at bar, Defendant Colon is entitled to immediate Relief after amplifying his research to replicate that defense counsel was ineffective during trial when counsel's failure to subpoena an expert medical and or pharmacist doctor on behalf of the defendant that was experienced with the side-effects if any, of complainant's current consumed daily psychotic medications[2] to question the validity of complainant's testimony given to see if the medications could have impaired her thinking.

Further, defendant Colon was never properly afforded his right to a *Mapp* Hearing.   The defendant asserts that the *People* improperly admitted into evidence photographs of a knife recovered from his residence that was believed to have been used during the initiation of the crime, had been accidentally destroyed.   In light of being denied, claims of ineffective assistance of trial counsel must be carefully taken into account supporting defendant.   Defendant refutes that, prior to trial he and his attorney did not confer with the respect to any trial strategy regarding the knife that the police collected as evidence; as the prosecution or the police managed to lose the knife allegedly used to menace the complainant. Defendant being illiterate with the law, and as noted is his first felony conviction and or arrest, is entitled to a hearing based on claim that trial counsel was ineffective.   Consequently, a hearing should be conducted and testimony received from defense counsel concerning his failure to request a *Mapp* hearing. (see,

---

[2] The Complainant herein, was currently being prescribed three ( 3 ) different psychotic medications at the time of the alleged incident and during the course of trial.

Mapp v. Ohio, 367 U.S. 643, 81 S.Ct 1684, 6 L.Ed.2d 1081).    Therefore this §440.10

Motion ensues:

## ARGUMENT

### POINT  I

**DEFENSE COUNSEL WAS INEFFECTIVE DURING TRIAL WHEN COUNSEL FAILED TO SUBPOENA AN EXPERT MEDICAL AND OR PHARMACIST DOCTOR THAT WAS EXPERIENCED WITH THE SIDE-EFFECTS, IF ANY, OF COMPLAINANT'S CURRENT CONSUMED DAILY PSYCHOTIC MEDICATIONS**

The standard for effective assistance of counsel, for purposes of trial, is giving a

person the right to the assistance of counsel in a proceeding before the court in which an

order or other determination is being sought to hold such person in contempt of the court

or in willful violation, is whether viewed in its totality, and whether the outcome would

have been different if meaningful representation was given.

Turning to the primary concern in this matter, with regard, there is no question

that the defense counsel promised, in his opening statement[3], to establish that *"the sexual*

*encounter between the defendant and complainant was consensual and that the*

*complainant did agree to have sex with him."* Tr. 531.  However, defense counsel no

way lived up to that statement. . . as counsel never submitted no proof thereafter during

trial that the encounter was consensual; nor educe documentation from the prosecution

witness demonstrating that an agreement was exchanged to have sex on part of the

---

[3] In *Ouber v. Guarino*, 293 F.3d 19, the First Circuit Court of Appeals held that defense counsel's decision to withhold the defendant's testimony after promising jurors during opening statement that they would hear it constituted ineffective assistance of counsel.  There, the court concluded, "in the absence of unforeseeable events forcing a change in strategy, the sequence constituted an error in professional judgment." 293 F.3d at 27.

complaining witness[4]. Even though relying on <u>People v. Benevento</u>, 91 N.Y.2d 708, the Respondent tactily acknowledges defense counsel's ineffective opening statement, but argues that aside from this glaring lapse, defense counsel was otherwise effective. While the standard in <u>Benevento</u> can be summarized as a meaningful representation standard, this court in <u>Benevento</u> did not appear to suggest that highly prejudicial error committed by defense counsel would be overlooked so long as counsel was otherwise effective. In short, no matter how effective counsel may or may not have been while cross examining witnesses and during summation, the harm was done at the outset and could not be undone. Accordingly, defendant was the victim of ineffective representation that effectively denied him his right to a fair trial.

However, where as here, defendant further belies upon that the sexual encounter was consensual with his person and complainant. During testimony by the complainant, defense counsel was ineffective when counsel failed to subpoena an expert medical and or pharmacist doctor that were experienced with the side-effects if any, of complainant's consumed daily psychotic medications. By Complainant's own admission, complainant was being prescribed multiple psychotic medications by the witnessing of the following colloquy:

**THE COURT:** It is relevant. The defense is absolutely able to inquire into her state of mind and whether she's under any medication and all of those issues.

**Continue, Counsel.**

**Q.** The psychiatrist prescribed medication for you?

---

[4] The facts from this case from trial counsel's opening statement anything other than that the juror's were going to hear from the accused on the witness stand an explanation of what really happened inside the apartment of Complainant. Only one can assume the theory that but for counsel's lack from reality that the only conceivable alternative explanation for counsel's opening statements was that defense counsel anticipated that his cross examination would of its own weight cause complainant to recant her testimony. However, when the complainant not surprisingly stuck to her prior sworn testimony of events, defense counsel surrendered any hope of having the defendant acquitted.

A. Yes.

Q. No?

A. Yes.

Q. How many medications on March 26th, 2003, were you on?

A. In the morning?

Q. All day.

A. I'm taking three tablets; one tablet in the morning; three during the day; and two in the middle of the day; and two in the evening.

Q. That's five.

A. Yes.

Q. Three separate medications?

A. Yes, three separate.

Q. On March 26th, 2003, were you taking any other medication?

A. No.

Q. Were you required to take any medication that you didn't take?

A. No, I didn't require.

Q. Now, it's your psychiatric condition, that's the reason you're on SSI; correct?

A. Yes, it's correct.[5]

During the colloquy exchanged, defense counsel never inquired on what psychiatric medications that the complainant was consuming to evaluate the state of mind of complainant.   It is evident by the questioning, that defense counsel was ambivalence.

Further, on Direct examination, by Complainant's own testimony the following colloquy was exchanged:

Q. Did he do anything with your legs?

A. Yes.  He spread my legs, and he, with his hand, he entered my vagina.

Q. What happened at that point?

A. I experienced pain, and I was saying, "Your hand are so dirty, maybe you will go and wash your hand."

---

[5] Transcribal minutes will be abbreviated as (Tr.); see, pgs. 628 & 629.

Q. Why did you say that?

A. I thought that maybe if he will go, I'll have a chance to get out to the door.

Q. What happened after you said that?

A. After, he stand up, and he grabbed me from my clothes, and he embraced me, he embraced me, and he walked to wash his hands together with me.

Q. So where were you when he was washing, when the defendant was washing his hands?

A. He came to the faucet, and he pushed me to the table, and he start washing his hands, but his body was so tight with my body, I couldn't move.

Q. Was your body in between him and the sink?

A. All together. This is, like, a table, but this is the sink with the table. My body was between the sink and between him.

See, Tr. pg. 550.


## CROSS-EXAMINATION

On Cross examination by trial counsel, Complainant stated the following colloquy that was befuddling from earlier testimony by complainant.

Q. Did you accompany him into the bathroom?

A. No.

See, Tr. pg. 601

*****

The complainant gave conflicting testimony, as earlier, complainant stated on Direct that *"he walked to wash his hands together with me."* Tr. 550.

*****

Q. You asked him to wash his hands; is that correct?

A. It's correct.

Q. And he stopped?

**A.** Yes. He stopped and he stand up and went to wash his hands.

**Q.** Even after yelling, "I'm going to kill you", he stopped and washed his hands?

**A.** After he was saying, "I'll kill you," yes.

**Q.** Now, you testified that while you were on the bed, he slapped you in the face; is that correct?

**A.** Yes. He was saying, "Don't look. Close your eyes."

**See,** Tr. 609, 610.

\*\*\*\*\*

**Q.** Isn't it true that you never told Police Guinan or any other officer that Mr. Colon said that "I'll kill you"?

**MS. CHANNAPATI:** Objection, your Honor.

**THE COURT:** Overruled.

**THE WITNESS:** I don't remember.

**Q.** You don't remember telling the police that; is that correct?

**A.** I don't remember exactly what I was telling, but I was telling what happened.

**Q.** It's your testimony that Mr. Colon raised a knife up over his head and yelled, "I'll kill you," many times; correct?

**A.** Yes.

**Q.** But you don't recall telling the police that?

**See,** Tr. 612, 613.

\*\*\*\*\*

It is a clear indication that the failure in producing a doctor that was fluently knowledgeable with the side-effects, if any, resulted from trial counsel's lack of due diligence in preparing for the hearing. Counsel failed to properly obtain authentication

of Complainant's medical records i.e. medications, call any witnesses to testify as to the side-effects of Complainant's illness, or subpoena Complainant's doctor could have resulted in an acquittal of defendant Colon by the conflicting testimony given by the Complainant.   (Matter of Steven B. 6 N.Y.3d 889; 817 N.Y.S.2d 599).

Therefore, based on the foregoing argument, this Court should reverse defendant Colon's conviction and dismiss the indictment currently lodged, or, in the alternative, remand for a new trial, or reduce his sentence in the interests of justice, and grant such further relief as the Court deems just and proper of the validity of defendant Colon's claims.

## POINT  II

### DEFENDANT COLON RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL NEVER CHALLENGED DEFENDANT'S RIGHT TO A MAPP HEARING.

Defendant Colon contends that he was denied the effective assistance of trial counsel by his attorney's failure, *inter alia,* to move to dismiss the indictment on the ground of insufficiency and to seek *Mapp* hearing where physical evidence was seized from defendant.[6]

There are two theories that either the prosecution improperly destroyed; or the police managed to lose the knife that had been seized from the defendant's home allegedly used to menace the complainant[7].  Defendant reiterates that he had lost the

---

[6] Landmark Supreme Court case decided in 1961 in which it was ruled that evidence illegally obtained by state officers is not admissible in a state trial if appropriate motions are filed to suppress. The rationale for the rule is that the 4th Amendment (U.S. Const.) protection against unreasonable search and seizure is applicable to the states under and through the 14th Amendment. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684.
[7] Tr. 589-94, objections made to photos and voir dire.

opportunity to have the knife fingerprinted, or to demonstrate, that the knife was ornamental or otherwise harmless. Defendant Colon wished to contest the consent issue, as the missing knife lost of no fault of his own affected defendant's defense adversely.[8]

As addressed, a prosecutor has an obligation to preserve the evidence that has been collected, that may be subject to disclosure. *People v. Kelly,* 62 N.Y.2d 516, 520; *People v. Saddy,* 84 A.D.2d 175. When the prosecutor fails to preserve potential evidence the court may fashion an appropriate response to eliminate any prejudice to the defendant while protecting the interests of society. *People v. Kelly, supra,* 62 N.Y.2d 520; see also, CPL 240.70(1). The remedy of dismissal, however, should not be invoked where less severe measures can rectify the harm done. People v. Kelly, supra, 62 N.Y.2d at 521. When the defendant is deprived of potentionally valuable material for his affirmative defense as to a charge, and instructions to the jury cannot rectify the prejudice, it would be unfair to subject the defendant to a new trial on the charge. *People v. Samuels,* 185 A.D.2d 903, 904[9].

There is no doubt that defense counsel (Greenberg) gratuitously failed in abetting defendant effective assistance of counsel when it comes to the subject of denying defendant a *Mapp* hearing. In the commencing of introducing the "knife," there was a

---

[8] Tr. 531.

[9] In People v. Samuels, "[t]he gun allegedly used during the robbery was destroyed by the police before trial. No tests were performed on the gun prior to its destruction. Therefore, the defendant was foreclosed from establishing that the gun was inoperable as an affirmative defense to the charge of robbery in the first degree." Inasmuch as instructions to the jury at a new trial would not have rectified the prejudice, the Court "reduce the conviction of robbery in the first degree to robbery in the third degree" as a sanction because defendant "was deprived of potentionally valuable material as to an affirmative defense, [and] he is entitled to an appropriate remedy." *Id.* In People v. Terrell, 185 A.D.2d 906, which arose from the same criminal acts, the Court dismissed "first count of the indictment charging the defendant with robbery in the first degree."

conflict about "whether or not" to introduce the knife as evidence, which was never determined.[10] Tr. 500 – 527.

Even though defense counsel's lack of representation in the submitting of paperwork on whether or not to introduce the "knife" from his person, defense counsel did advocate on behalf of defendant when referring to the *"introduction of the knife that could place the District Attorney's Office in a position where their conduct could be considered in the least as prosecutorial misconduct and at the maximum suborning perjury."* Tr. 526.

Moreover, the Court questioned the (D.A.'s) Office (Ms. Channapati) if she would be covering the knife in her opening statement. The following colloquy was exchanged by the Court and the District Attorney after defense counsel "warns" that the introduction of the knife could place the D.A.'s Office in a position where conduct could be considered: Tr. 527.

    **THE COURT:** Are you covering the knife in your opening?

    **MS. CHANNAPATI:** No.

    *****

The Court further went onto express that he was not happy with counsel: Tr. 527.

    **THE COURT:** The Court rules that Counsel had ample opportunity to raise this before bringing this to my attention in the presence of the jury, and I am not happy with that. I am ruling that we proceed with the opening.

    *****

---

[10] The Trial Judge suggested a Mapp hearing and was awaiting paperwork from defense attorney (Greenberg) which was not found, and instead of abetting defendant Colon by pursuing this issue or conflict, opening statements commenced and trial proceeded "without ever" resolving the conflict of introducing the knife. Tr. 500 – 527.

During the most crucial point of trial did defense counsel fail to suppress the evidence. By the witnessing of the following colloquy did counsel fail:

**MR. GREENBERG:** Your Honor, I'm going to object to the introduction of the photographs.

**THE COURT:** On what grounds?

**MR. GREENBERG:** She can't identify that that is the knife, the particular knife. She can identify that that blade – that it's a blade and the handle. She cannot identify the specific designs.

**Tr. 590.**

\*\*\*\*\*

**MR. GREENBERG:** Your Honor, the witness cannot positively identify that entire knife. There certainly is better evidence than that, which would be the knife itself, No. 1, which I understand is not here.

**Tr. 591.**

\*\*\*\*\*

Finally, Defense counsel's lack to advocate on behalf of defendant Colon during the most crucial stages (in the above colloquy) could have resulted in an acquittal of said charges lodged against defendant, if a Mapp Hearing would have been conducted. Being, there was no legitimate reason for trial counsel's failure to seek dismissal of the indictment, by complainant's own conflicting admissions; and evidence illegally obtained, defendant should not be subjected to unnecessary penalties due to no fault of his own.

## **CONCLUSION**

Based on the foregoing argument, this Court should reverse defendant Colon's conviction and dismiss the indictment currently lodged, or, in the alternative, remand for a new trial, or reduce his sentence in the interests of justice, and grant such further relief as the Court deems just and proper of the validity of defendant Colon's claims.

Dated:  Dannemora, New York
       July 5, 2011.

Respectfully Submitted,

*Dennis Colon*

DENNIS COLON, #06-A-4298
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

Sworn to before me this
5 day of July 2011

NOTARY PUBLIC

Harry D. Durgan
Notary Public, State of New York
No. 01DU6008379
Qualified in Clinton County
Commission Expires 8/20/14

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
COUNTY OF CLINTON) ss.:

  I, **DENNIS COLON,** being duly sworn, deposes and says, that I am the Defendant named herein, and that on the date of notarization indicated below, I have placed the enclosed CPL §440.10 Motion to Vacate Judgment in a sealed postpaid wrapper, by depositing same in a mail box in Cell Block "A" at the Clinton Correctional Facility for delivery to the United States mail address to the parties named below :

### ORIGINAL COPY TO:
Kings County Court
320 Jay Street
Brooklyn, New York 11201

and

### COPY TO:
District Attorney Charles J. Hynes
350 Jay Street
Brooklyn, New York 11201-2908

Dennis Colon, #06-A-4298
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

Sworn to before me this
5 day of July 2011

NOTARY PUBLIC

Harry D. Durgan
Notary Public, State of New York
No. 01DU6008379
Qualified in Clinton County
Commission Expires 2/20/14

DATED: July __5__, 2011.
       Dannemora, New York

Respectfully Submitted,

DENNIS COLON, #06-A-4298
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

Sworn to before me this
__5__ day of July 2011.

NOTARY PUBLIC

Harry D. Durgan
Notary Public, State of New York
No. 01DU6008379
Qualified in Clinton County
Commission Expires  6-30-14

SUPREME COURT OF THE SATE OF NEW YORK
COUNTY OF KINGS:  CRIMINAL TERM, PART 3

THE PEOPLE OF THE STATE OF NEW YORK,

                          Respondent,

              -against-

DENNIS COLON,

                          Defendant.

AFFIRMATION IN
OPPOSITION TO MOTION
TO VACATE JUDGMENT

Kings County
Indictment Number
2518/2003

        MORGAN J. DENNEHY, an attorney duly admitted to practice law

in the State of New York, and an Assistant District Attorney in

Kings County, affirms under the penalties of perjury that the

following is true:

        1.    I submit this affirmation in opposition to defendant's

pro se motion, dated July 5, 2011, for an order vacating his

judgment of conviction pursuant to C.P.L. § 440.10.

        2.    I affirm the following statements on information and

belief, based upon my examination of the records and files of the

Kings County District Attorney's Office.

        3.    On March 26, 2003, at 8:00 a.m., the female victim was

in her Brooklyn apartment when she received a telephone call from

a man who claimed that he was a plumber who had been hired to fix

her pipes.  The victim was relieved, because she had persistent

leaks in her bathroom, and had complained about them to her

landlord.  About fifteen minutes later, defendant appeared at the

apartment and looked at the leaky pipes.  Defendant said that he

would return later that day to make the repairs, and as he was

leaving the apartment, he turned around, brandished a knife, threatened to kill the victim, and brought her to a bedroom. Defendant threw the victim on the bed, spread her legs, and put his hand inside her vagina. Defendant then put his penis inside the victim's vagina, slapped her in the face, and ejaculated.

While the victim was being treated at a hospital hours after the rape, defendant left a message on her answering machine saying that he was sorry. Defendant called a second time about a week later and told the victim that he loved her body and asked her if she was wearing the same nightgown from the morning of the rape. The police traced the calls to defendant's apartment and, after his arrest, they recovered a knife from defendant's bedroom that the victim identified as the same one that was used in the attack. In addition, the police procured a saliva sample from defendant, and the DNA from the sample was the same as the DNA that was extracted from the semen that was present on the victim's comforter and on a swab from her rape kit.

4. For these crimes, defendant was charged, under Kings County Indictment Number 2518/2003, with one count each of Rape in the First Degree (P.L. § 130.35[1]), Assault in the Second Degree (P.L. § 120.05[6]), and Criminal Possession of a Weapon in the Fourth Degree (P.L. § 265.01[2]), and two counts each of Burglary in the First Degree (P.L. §§ 140.30[2], [3]) and Sexual Abuse in the First Degree (P.L. § 130.65[1]).

2

5.    Defendant was convicted, after a jury trial, of one count each of Rape in the First Degree (P.L. § 130.35[1]), Burglary in the First Degree (P.L. § 140.30[3]), Assault in the Second Degree (P.L. § 120.05[6]), and Sexual Abuse in the First Degree (P.L. § 130.65[1]).

6.    On July 20, 2006, defendant was sentenced to concurrent prison terms of twenty-five years for the rape, twenty-five years for the burglary, and five years for the assault, to run consecutively to a five-year prison term for the sexual abuse (Sullivan, J., at trial and sentence).

7.    Defendant appealed from his judgment of conviction to the Appellate Division, Second Department.    In his brief, defendant raised the following claims:

> 1.    Defendant      statutory      and constitutional right to a speedy trial was violated by the delay between the filing of the felony complaint and the commencement of trial;
>
> 2.    The court improperly admitted a photograph of, and testimony about, a knife that was recovered by the police from defendant's bedroom which was identified by the victim as the knife that was used during the rape, because the actual knife was destroyed, and the defense lost the opportunity to have the knife fingerprinted, or to demonstrate that the knife was ornamental;
>
> 3.    Defendant's trial counsel was ineffective because counsel told the jury in his opening statement that defendant and the victim had had consensual sex, but counsel

3

failed to adduce any evidence to
support that defense;

4.    The court's qualification as an
expert witness of Alice Olosunde,
the midwife who treated the victim
at the hospital, was erroneous
because Olosunde was unqualified;
and

5.    Defendant's five-year prison term
for the sexual abuse count was
improperly imposed consecutively to
the other concurrent prison terms
because that crime was not a
separate and distinct act, and
defendant's aggregate thirty-year
prison sentence was excessive.

8.    By decision and order dated April 14, 2009, the
Appellate Division unanimously affirmed defendant's judgment of
conviction. People v. Colon, 61 A.D.3d 772 (2d Dep't 2009). The
Appellate Division held that defendant was not deprived of his
statutory or constitutional right to a speedy trial, and that
defendant's claim regarding the admission of evidence concerning
the destroyed knife was unpreserved for appellate review and, in
any event, meritless, because defendant had failed to establish
that he was prejudiced by the knife's destruction. Id. The
Appellate Division further held that defendant's counsel had
provided meaningful representation, and that considering the
midwife's training and twenty-seven years of experience, the court
properly exercised its discretion in permitting her to provide
expert testimony. Id at 772-73. Finally, the Appellate Division
held that the imposition of consecutive sentences for the rape and

4

the sexual abuse was proper, because each act was separate and distinct, and that defendant's sentence was not excessive. Id.

9. Defendant applied for permission to appeal from the Appellate Division to the New York Court of Appeals. By decision and order dated August 18, 2009, a judge of the Court of Appeals denied defendant permission to appeal further. People v. Colon, 13 N.Y.3d 743 (2009) (Smith, J.).

10. By application dated May 3, 2010, defendant filed in the United States District Court for the Eastern District of New York a petition for a writ of habeas corpus. In his petition, defendant raised the same five claims that he had raised on his direct appeal. See supra at ¶ 7. The habeas corpus petition has not yet been decided.

11. By pro se motion dated July 5, 2011, defendant moves to vacate his judgment of conviction pursuant to C.P.L. § 440.10. In support of the motion, defendant claims that his trial counsel was ineffective because counsel committed the following alleged errors: 1) counsel failed to call as a defense witness an expert who could have described the effects of the medication that the victim was taking at the time of the rape, and his cross-examination of the victim about the medication was inadequate; 2) counsel failed to request that the victim's medical records be "authenticat[ed];" 3) counsel improperly failed to request a Mapp hearing, and he did not diligently argue that the photographs of the destroyed knife should be excluded; and 4) counsel told the

5

jury in his opening statement that defendant and the victim had had consensual sex, but counsel failed to adduce any evidence to support that defense.

For the reasons stated in the accompanying Memorandum of Law, defendant's motion to vacate his judgment of conviction should be denied.

Dated:     Brooklyn, New York
           August 3, 2011

                                     Morgan J. Dennehy
                                     Assistant District Attorney
                                     (718) 250-2515


cc:   Dennis Colon
      Inmate Number 06-A-4298
      Clinton Correctional Facility
      PO Box 2001
      Dannemora, New York   12929

SUPREME COURT OF THE SATE OF NEW YORK
COUNTY OF KINGS: CRIMINAL TERM, PART 3

THE PEOPLE OF THE STATE OF NEW YORK,

                                   Respondent,        Kings County
                                                      Indictment Number
                    -against-                         2518/2003

DENNIS COLON,

                                   Defendant.

## MEMEORANDUM OF LAW

### DEFENDANT'S INEFFECTIVE ASSISTANCE OF COUNSEL
### CLAIM IS PROCEDURALLY BARRED AND MERITLESS.

Defendant claims that his trial counsel provided ineffective assistance because counsel improperly failed to: 1) call as a defense witness an expert who could have described the effects of the medication that the victim was taking at the time of the rape, and effectively cross-examine the victim about the medication; 2) request that the victim's medical records be "authenticat[ed];" 3) request a Mapp hearing and diligently argue that the photographs of the destroyed knife should be excluded; and 4) adduce evidence to support the comment that he made in his opening statement that defendant and the victim had had consensual sex. Defendant's entire ineffective assistance of counsel claim is procedurally barred from review. Moreover, the claim is meritless.

Every aspect of defendant's entire ineffective assistance of counsel claim is procedurally barred from review, because it is

either based upon facts contained within the record, and defendant has failed to raise the claim on his direct appeal, or the claim was raised on direct appeal, and was rejected by the Appellate Division. See C.P.L. §§ 440.10(2)(a), (c). Sections 440.10(2)(a) and (c) of the Criminal Procedure Law provides that a court must deny a motion to vacate a judgment when the issue was previously determined on appeal, or when sufficient facts appear on the record to permit adequate review of the issue, but defendant unjustifiably failed to raise the claim on direct appeal.

Here, defendant's ineffective assistance of counsel claim based upon counsel's failure to adduce evidence to support a consent defense is the same claim that was raised and rejected on defendant's direct appeal. See People v. Colon, 61 A.D.3d 772 (2d Dep't 2009). Thus, this claim is barred pursuant to C.P.L. § 440.10(2)(a).

Moreover, defendant's ineffective assistance of counsel claim, based upon counsel's failure to call an expert, conduct a more thorough cross-examination of the victim, authenticate the medical records, request a Mapp hearing, and oppose the admission of the photograph of the knife, is apparent from the face of the trial transcript. Therefore, defendant was required to raise the claim on his direct appeal, but he did not do so. Thus, these aspects of his ineffective assistance of counsel claim are procedurally barred pursuant to C.P.L. § 440.10(2)(c). See People v. Cooks, 67 N.Y.2d 100, 104 (1986); People v. Pachay, 185 A.D.2d

2

287 (2d Dep't 1992) (C.P.L. § 440.10 motion properly denied, where issue was apparent in record and could have been raised in direct appeal).

In any event, defendant's ineffective assistance of counsel claim is meritless. Under the New York State Constitution, a defendant's right to effective assistance of counsel is satisfied when, under the totality of the circumstances existing at the time of representation, counsel provided defendant with "meaningful representation." People v. Benevento, 91 N.Y.2d 708 (1998); People v. Satterfield, 66 N.Y.2d 796, 798-99 (1985); People v. Baldi, 54 N.Y.2d 137, 146-47 (1981). Similarly, under the federal constitution, a defendant is entitled to "reasonably effective assistance," which, in light of all the circumstances, does not fall "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 687, 690 (1984).

Additionally, under federal constitutional law, to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate prejudice, i.e., a reasonable probability that the result of the trial would have been different but for counsel's unprofessional errors. Id. at 694. Although, under the state constitution, a defendant need not show a reasonable probability that he would be acquitted but for counsel's errors, defendant nevertheless must show that counsel's errors deprived him of a fair trial. Benevento, 91 N.Y.2d at 711. Defendant here has

3

failed to show that his trial counsel's performance was deficient, or that any alleged deficiency deprived him of a fair trial.

As the Appellate Division has already concluded, defendant's attorney, Harlan Greenberg, Esq., provided defendant with meaningful representation. Contrary to defendant's assertion, counsel effectively advanced the defense of consent -- the only defense that was available to him in light of the victim's phone records containing defendant's telephone number and the DNA evidence recovered from the victim and the crime scene. Counsel previewed the defense in his opening statement (531), then argued extensively and persuasively during his summation that the victim was an unstable and manipulative person who had lied about the rape because she had an acrimonious relationship with her landlord and wanted to extract money from him in civil court (865-72).[1]

In support of this argument, counsel referenced portions of his cross-examination of the victim during which he skillfully elicited from her that: (1) she had previously sued her landlord (619); (2) she had been involved in two car accidents and had sued people in connection with the accidents (624-26); (3) she had admitted in a deposition taken in connection with one of the lawsuits that she had problems remembering things (620-22); (4) at the time of the rape, she was under psychiatric care and taking

---

[1]   Parenthetical numbers refer to pages of the trial transcript, which is available to the Court upon request.

4

three different prescription drugs (626-29); and (5) she already had seen a lawyer about suing her landlord for the rape (631-33).

In addition to attacking the victim's credibility, counsel recounted the testimony about the attack and the aftermath, and argued that defendant had not acted like a man who had raped a woman, but rather more closely resembled a man who had had consensual sex with a willing partner. Counsel pointed out that defendant did not seek to hide his identity, and his telephone call to the victim was not the act of a guilty man. Moreover, counsel argued that defendant's cooperation with the police was strong evidence of his innocence (872-75).

The fact that counsel ultimately was unsuccessful does not mean that counsel was ineffective. See People v. Baldi, 54 N.Y.2d at 144. Indeed, counsel had to contend with significant evidence of defendant's guilt which seriously undermined his defense. Not only was the victim convincing in her consistent testimony about the attack, but the medical evidence which suggested forcible intercourse and the recovery of the knife provided significant corroboration of the victim's account. Thus, defendant received meaningful representation because counsel did everything he could, in the face of this overwhelming evidence, to develop an alternative theory which would have enabled the jury to acquit defendant of the charged crimes. See People v. Hewlett, 71 N.Y.2d 841, 842 (1988) (defense counsel who, inter alia, delivered opening and closing statements, cross-examined People's witnesses,

5

and made appropriate objections provided meaningful representation).

In support of his claim, defendant cites to several alleged errors that his counsel made during the course of the trial. However, defendant has not established that even if erroneous, the errors deprived him of a fair trial. For example, defendant has not shown that had his counsel called a medical expert to more fully explain the effects of the medications that the victim had been taking, the expert's explanation would have advanced the defense of consent.

Accordingly, because defendant's claims are procedurally barred from review, and because, in any event, defendant's counsel provided him with meaningful representation, defendant's motion to vacate his judgment of conviction should be denied.

6

## CONCLUSION

FOR THE AFOREMENTIONED REASONS, DEFENDANT'S
MOTION TO VACATE HIS JUDGMENT OF CONVICTION
SHOULD BE DENIED.


Dated:      Brooklyn, New York
            August 3, 2011




                              Respectfully submitted,



                              CHARLES J. HYNES
                              District Attorney
                              Kings County



LEONARD JOBLOVE
MORGAN J. DENNEHY
Assistant District Attorneys
      of Counsel




7

# Supreme Court of the State of New York
## Appellate Division : Second Judicial Department

M133171
L/

12  FEB 15  P 3 :05

SANDRA L. SGROI, J.

2011-11789

DECISION & ORDER ON APPLICATION

The People, etc., plaintiff,
v Dennis Colon, defendant.

(Ind. No. 2518/03)

Application by the defendant, pursuant to CPL 450.15 and 460.15 for a certificate granting leave to appeal to this Court from an order of the Supreme Court, Kings County, dated August 23, 2011, which has been referred to me for determination.

Upon the papers filed in support of the application and the papers filed in opposition thereto, it is

ORDERED that the application is denied.

SANDRA L. SGROI
Associate Justice

February 14, 2012

PEOPLE v COLON, DENNIS

$02.500

DCnB

Clinton Correctional Facility
P.O. Box 2001
Dannemora, N.Y. 12929

Dennis Colon   06A4298

Clerk of U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201