FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL - 1 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
======================================X
DENNIS COLON,

                Petitioner,

   -against-

THOMAS LAVALLEY, Superintendent of
Clinton Correctional Facility,

                Respondent,
======================================X

10-CV-2173 (NGG) (LB)

AFFIRMATION IN
OPPOSITION OF
REPORT &
RECOMMENDATION

**DENNIS COLON,** an inmate in the custody of the Clinton Correctional Facility, affirms the following to be true under the penalties of perjury:

Objection 1: Petitioner fails to demonstrate that the knife in his bedroom was constitutionally material to his defense.

Not only is a weapon "constitutionally" material to the case, but it is material in every way. If the knife contained DNA other than petitioner, this would be significant. If this weapon contains fingerprints other than petitioner's this would impact whether in fact it was used during the commission of the crime that petitioner is convicted of. Without evidence pertaining to a weapon, the charge and conviction would be for a lesser offense, if any, and this would be reflected in a lesser sentence.

There was a law journal article in March of 2013 in which the New York Court of Appeals "told judges to give an adverse inference charge whenever the police or the prosecution lose or destroy evidence that is reasonably likely to be

of material importance to the defense in a criminal case. The case is People v. Handy, 83AD3d 1454 (2011), in which Handy's conviction was upheld, and the Court of Appeals reversed it because of the above reasons.

Objection 2: Ineffective assistance of counsel.

Counsel, during opening, promised jury he would pursue a theory of consent. He never did. He did not pursue the conflict of the lost knife, allowing photographs, allegedly of the knife used during the commission of a crime, to be admitted as evidence, without any substantive evidence that this knife had any relation to the petitioner, either through DNA or fingerprints. There is no link between the petitioner and the knife, and to allow a photograph of an alleged weapon used is not acceptable legal practice by any stretch of the imagination absent a MAPP hearing. This knife had allegedly never been identified by the complainant, and to allow a photograph of a knife that was never identified as the weapon used to coerce the victim into a sexual act is a clear example of ineffective assistance of counsel. This becomes more shocking when the actual knife is lost, never to be produced for actual identification. To allow a photograph of a missing knife that had never been positively identified, and never had accurate DNA or fingerprint studies on it, to be used to convict and accused of a crime involving force with that instrument is a gross miscarriage of justice.

**KRIOUTCHKOVA** allegedly had mental health issues and had been on medications, which may have altered her perception of the events. She had a

past history of having been abused, and this would impact her perception of what happened. Without pursuing the consent issue, and whether consent was understood by petitioner and whether force was misunderstood by the victim due to an impaired mental ability due to her mental health issues, the necessary mens rea does not exist for the crime which was charged and of which petitioner was convicted.

**WHEREFORE**, petitioner respectfully requests that this Court deny respondent's Report & Recommendation, together with such further and different relief as this Court may deem just and proper.

Dated:   New York, New York
         June 27, 2013

Respectfully,

*/s/ Dennis Colon*
**DENNIS COLON**

To:   **Hon. Nicholas G. Garaufis**
      United States Courthouse
      225 Cadman Plaza East – Room 1416 S
      Brooklyn, New York 11201

      Thomas LaValley, Superintendent
      Clinton Correctional Facility
      P.O. Box 2001
      Dannemora, New York 12929

## AFFIVIDAVIT OF MAILING SERVICE

**STATE OF NEW YORK** }
                     } ss.:
**COUNTY OF CLINTON** }

**DENNIS COLON,** being duly sworn, deposes and says:

Deponent an inmate in the custody of the Clinton Correctional Facility affirms the following to be true under the penalties of perjury: I am party to the within proceeding, I am over the age of 18 years and reside in Clinton County, New York.

On June 27, 2013, deponent served the within **AFFIRMATION IN OPPOSITION OF REPORT AND RECOMMENDATION** upon the following:

To:  **Hon. Nicholas G. Garaufis**
     United States Courthouse
     225 Cadman Plaza East – Room 1416 S
     Brooklyn, New York 11201

     **Thomas LaValley, Superintendent**
     Clinton Correctional Facility
     P.O. Box 2001
     Dannemora, New York 12929

the address designated by said party for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                          _Dennis Colon_
                                                          **DENNIS COLON**

Sworn to before me this on
27, day of June, 2013

_____
Notary Public
          Harry D. Durgan
     Notary Public, State of New York
          No. 01DU6008379
     Qualified in Clinton County
     Commission Expires 6/20/14

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★  JUL - 1 2013  ★
BROOKLYN OFFICE

Index No.: 10-CV-2173 (NGG) (LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
===============================================
DENNIS COLON,

                            Petitioner,
   -against-

THOMAS LAVALLEY, Superintendent of
Clinton Correctional Facility,

                            Respondent.

================================================

**AFFIRMATION IN OPPOSITION OF
REPORT & RECOMMENDATION**

================================================

*DENNIS COLON, Pro Se/Petitioner
Clinton Correctional Facility*

================================================