UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DENNIS COLON,

                Petitioner,

      -against-

THOMAS LAVALLEY,

               Respondent.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-2173 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Dennis Colon ("Colon" or "Petitioner"), who is currently incarcerated at the Clinton Correctional Facility in Dannemora, New York, brings this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See Pet. (Dkt. 1).) By Order dated May 27, 2011, the court referred the Petition to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (See Order (Dkt. 6).) Petitioner subsequently sought leave to amend the Petition in order to add additional grounds for his claim of ineffective assistance of counsel. (See Pet'r's Mot. to Amend (Dkt. 8).)

On January 14, 2013, Judge Bloom issued an R&R granting Petitioner's motion to amend, and recommending that the court deny the Amended Petition in its entirety. (See R&R (Dkt. 9).) Judge Bloom also recommended that the court decline to issue a certificate of appealability, and certify for purposes of an appeal in forma pauperis that any appeal from a judgment denying the Petition would not be taken in good faith. (Id. at 27.) Petitioner timely filed an Objection to the R&R. (See Aff. in Opp'n to R&R ("Pet'r's Obj.") (Dkt. 13).) Respondent did not file a response. For the reasons discussed below, the court ADOPTS IN FULL the R&R, and accordingly, Colon's Amended Petition is DENIED.

1

I.  **STANDARD OF REVIEW**

In reviewing a magistrate judge's R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. To obtain this de novo review, an objecting party "must point out the specific portions of the report and recommendation to which [that party] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002). Portions of an R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

Where a pro se party objects to an R&R, "the court reads his objections 'liberally and will interpret them to raise the strongest arguments that they suggest.'" Velasquez v. Metro Fuel Oil Corp., 12 F. Supp. 3d 387, 398 (E.D.N.Y. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 780 (2d Cir. 1994)). However, a court "need not argue a pro se litigant's case nor create a case for the pro se which does not exist." Molina v. State of N.Y., 956 F. Supp. 257, 259 (E.D.N.Y. 1995).

Under this standard, the court finds that Petitioner has put forward specific objections to the R&R, and therefore performs a de novo review of these objections. With respect to any portions of the R&R that are not objected to, the court reviews for clear error, and finds none.

2

## II. DISCUSSION

### A. Judge Bloom's R&R

In brief, Colon's Amended Petition stems from his June 8, 2006, state-court conviction of burglary in the first degree, rape in the first degree, sexual abuse in the first degree, and assault in the second degree. (See R&R at 5.) The court assumes familiarity with the detailed factual and procedural history contained in Judge Bloom's R&R. (See id. at 1-7.)

In the R&R, Judge Bloom reached the following conclusions. First, Judge Bloom found that Petitioner's claim that the trial court erroneously qualified a nurse midwife as an expert witness is without merit, and, in any event, Petitioner failed to show that the admission of the testimony violated his due process rights or right to a fair trial. (Id. at 10-12.) Second, with respect to the trial court's decision to admit photographs of a knife in lieu of the unpreserved knife itself, Judge Bloom determined that: (a) Petitioner's claim is procedurally barred; (b) Petitioner's claim of ineffective assistance of counsel related to the knife itself is procedurally barred, and therefore cannot serve as cause for the procedural default; and (c) in any event, Petitioner could not succeed on the merits, because he failed to demonstrate that the knife itself was constitutionally material to his defense. (Id. at 12-16.) Third, Judge Bloom granted Petitioner's motion to amend the Petition and add two additional grounds for his claim of ineffective assistance of counsel, but held that the new grounds were not exhausted and were procedurally barred. (Id. at 16-18) In any event, Judge Bloom reached the merits of all three grounds of ineffective assistance of counsel, concluding that Petitioner could not show that his counsel's performance was objectively unreasonable, and that but for counsel's alleged errors, the outcome of the trial would have been different. (Id. at 18-22.) Finally, Judge Bloom

3

determined that Petitioner failed to show a violation of his Sixth Amendment right to a speedy trial. (Id. at 23-25.)

B. **Petitioner's Specific Objections**

Petitioner raises two objections to the R&R. First, he argues that Judge Bloom erred in concluding that the knife seized by the State from Petitioner's home (but not produced as physical evidence at trial, since it was accidentally destroyed by the State) was material to his defense. (See Pet'r's Obj. at 1-2; R&R at 15-16.) Second, Petitioner again argues that his defense at trial suffered from the ineffective assistance of counsel. (See Pet'r's Obj. at 2-3; R&R at 18-22.)

1. Admission of Photographs of the Knife

Petitioner argues that the knife recovered by the police from his home may have contained DNA other than Petitioner's, which would have been material to his defense. (Pet'r's Obj. at 1.) Petitioner further argues that under New York state law, the trial court should have given an adverse inference charge to the jury concerning the unpreserved knife. (Id. at 1-2 (citing People v. Handy, 20 N.Y.3d 663 (2013)).) As Judge Bloom did in the R&R, the court liberally construes Petitioner's argument concerning the admission of this evidence to allege a violation of his due process right to present a fair defense. (R&R at 13.) The court also agrees that the claim is procedurally barred by the Appellate Division's decision in Petitioner's direct appeal, see People v. Colon, 876 N.Y.S.2d 525, 526 (App. Div. 2009), and that Petitioner's claim of ineffective assistance of counsel does not overcome the procedural bar. (Id. at 13-14.) See also infra Part II.B.2. Even if not barred, the court agrees with Judge Bloom as to the merits; in light of the corroborating evidence at trial (such as the victim's identification of the knife from photographs during testimony), the lack of any indication that the knife would, in fact, be

4

exculpatory in some way,[1] and Petitioner's failure to allege or show any bad faith on the part of the police or prosecution,[2] see Arizona v. Youngblood, 488 U.S. 51, 57 (1988) (no denial of due process unless defendant can show bad faith), Petitioner cannot demonstrate the deprivation of his constitutional due process rights. (See R&R at 15-16.)

Moreover, while the New York Court of Appeals's intervening decision in Handy now requires, under state evidence law, "a permissive adverse inference charge . . . where a defendant, using reasonable diligence, has requested evidence reasonably likely to be material, and where that evidence has been destroyed by agents of the State," 20 N.Y.3d at 669, the Handy decision did not apply at the time of Defendant's trial, and therefore does not support his contentions either that he was denied his federal due process right to present a defense, or that his counsel rendered ineffective assistance by failing to secure an adverse inference, see People v. Blake, 24 N.Y.3d 78, (2014) (rejecting ineffective assistance of counsel claim where counsel, in trial conducted before Handy, failed to request an adverse inference charge regarding lost video surveillance footage). See also, e.g., Tutt v. Att'y Gen. of N.Y., No. 04-CV-862 (VEB), 2008 WL 10642530, at *4-6 (W.D.N.Y. Jan. 29, 2008) (denying § 2254 petition where petitioner claimed that trial court should have given adverse inference instruction regarding missing evidence, and explaining that "even assuming arguendo that the adverse inference instruction should have been given, the omission of that instruction did not so infect the entire trial as to deny Petitioner due process"); Serrano v. Miller, No. 00-CV-632 (JBW), 2003 WL 21847174, at *4 (E.D.N.Y. Aug. 5, 2003) ("For a habeas petitioner to prevail on a claim that an evidentiary error amounted to a deprivation of due process, he must show that the error was so pervasive as

---

[1] Notably, the prosecution needed only to prove that Petitioner used a knife in connection with one of the four charged crimes (burglary). (See R&R at 16 n.15.)

[2] Not only has Petitioner failed to allege bad faith, but the trial record demonstrates that the knife was mistakenly vouchered as "investigation evidence" rather than "arrest evidence," and thereby accidentally destroyed pursuant to police department policy. (See R&R at 16.)

to have denied him a fundamentally fair trial." (citing United States v. Agurs, 427 U.S. 97, 108 (1976))).

Accordingly, the court ADOPTS the analysis set forth in the R&R regarding Petitioner's claim related to the trial court's admission of photographs of the knife in lieu of the knife itself.

2. Ineffective Assistance of Counsel

In his Objection, Petitioner describes three grounds for his claim that he received ineffective assistance of counsel. First, as he does in his original Petition, Colon argues that his trial counsel improperly failed to pursue a defense of consent. (Pet. at 13-13A; Pet'r's Obj. at 2.) Second, as he does in his Amended Petition, Petitioner argues that defense counsel (1) should have elicited testimony concerning the victim's mental health and use of medications (Mot. to Amend at 2-4; Pet'r's Obj. at 2-3), and (2) should have pressed harder on the issue of the lost knife, such as by pursuing a Mapp hearing (Mot. to Amend at 5-6; Pet'r's Obj. at 2). The court construes Petitioner's Objection to contend that Judge Bloom misapplied the law regarding each of these grounds for his claim of ineffective assistance of counsel.

The court adopts, on de novo review, Judge Bloom's conclusions that (1) the two new grounds added in the Amended Petition are procedurally barred and unexhausted,[3] and (2) in any event, all three grounds fail on the merits. Because Petitioner's Objection focuses on the merits of each ground (rather than on the procedural bar and exhaustion), the court does so here as well.

First, the trial record contradicts Petitioner's argument that his counsel did not pursue a consent defense during the trial. (See R&R at 19.) In fact, defense counsel repeatedly attempted to undermine the victim's credibility, previewed the consent defense during his opening statement, and argued it extensively during summation. (Id.) Moreover, Petitioner has failed to

---

[3] The court agrees that Petitioner's additional grounds of ineffective assistance of counsel are procedurally barred and unexhausted, because the state court denied them due to Petitioner's failure to raise them on direct appeal. (See R&R at 17-18.)

6

show how, in light of the evidence against him, there is a reasonable probability that but for counsel's alleged error, the outcome of the trial would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

Second, Petitioner argues that counsel should have done more to explore the victim's mental ability and mental health issues. (Pet'r's Obj. at 3.) But counsel did ask the victim questions about her mental health and medications. (See R&R at 20.) And counsel's decision not to call an additional, expert witness was reasonable in light of the trial strategy "to use [the victim's] testimony to portray her as unreliable and unstable, while also maintaining that he did not want to 'pick on somebody who has psychiatric problems.'" (Id. at 21 (quoting Trial Tr. (Aff. in Opp'n to Pet. for Writ of Habeas Corpus (Dkt. 4), Ex. D (Dkt. 4-7)) at 868:17-19).)

Finally, with respect to whether counsel should have pursued a suppression hearing pursuant to Mapp v. Ohio, 367 U.S. 643 (1961), the court agrees with Judge Bloom that Petitioner's allegations are unsupported by the record—which shows that the trial court did hold a suppression hearing, but did not suppress the photographs of the knife. (See R&R at 22.) The record also reflects that counsel cross-examined the victim about her identification of the knife and questioned whether she, in fact, could identify it from the photographs, raised concerns to the trial judge regarding the missing evidence, and emphasized during closing argument the prosecution's accidental destruction of the actual knife.

Accordingly, the court ADOPTS the analysis set forth in the R&R regarding Petitioner's claims of ineffective assistance of counsel.

## III. CONCLUSION

For the foregoing reasons, Colon's Petition is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this judgment would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
May 28, 2015

NICHOLAS G. GARAUFIS
United States District Judge